1   Zachary P. Hutton (SBN 234737)
    Lin Zhu (SBN 305622)
2   W. Tucker Page (SBN 306728)
    PAUL HASTINGS LLP
3   101 California Street, 48th Floor
    San Francisco, California 94111
4   Telephone: (415) 856-7000
    Facsimile: (415) 856-7100
5   zachhutton@paulhastings.com
    linzhu@paulhastings.com
6
    Attorneys for Defendant
7   GOOGLE INC.

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12  CHRISTIANA BUSH, on behalf of herself,      No. 5:17-cv-05605-BLF
    all others similarly situated,
13                                              **DEFENDANT GOOGLE INC.'S NOTICE OF**
                   Plaintiff,                   **MOTION AND MOTION TO DISMISS**
14                                              **PLAINTIFF'S COMPLAINT OR, IN THE**
          vs.                                   **ALTERNATIVE, STRIKE CLASS**
15                                              **ALLEGATIONS; MEMORANDUM OF POINTS**
    VACO TECHNOLOGY SERVICES, LLC, a            **AND AUTHORITIES IN SUPPORT**
16  Tennessee limited liability company; VACO
    SAN FRANCISCO, LLC, a Tennessee             Date:        February 22, 2018
17  limited liability company; VACO LAJOLLA,    Time:        9:00 a.m.
    LLC, a Tennessee limited liability company; Courtroom:   3
18  VACO ORANGE COUNTY, LLC, a                  Judge:       Hon. Beth Labson Freeman
    California limited liability company; VACO
19  LOS ANGELES, LLC, a Tennessee limited       Complaint filed:   August 24, 2017
    liability company; GOOGLE, INC., a          Trial date:        None set
20  Delaware corporation; and DOES 1 to 50,
    inclusive,
21
                   Defendants.
22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................2

I.   INTRODUCTION/SUMMARY OF ARGUMENT .........................................................2

II.  THE COURT SHOULD DISMISS PLAINTIFF'S CLASS AND INDIVIDUAL
     CLAIMS BECAUSE HER ALLEGATIONS ARE UNACCEPTABLY VAGUE AND
     CONCLUSORY .................................................................................................................3

     A.    Plaintiff's Conclusory Allegations Are Insufficient To Impose On Google The
           Considerable Burden And Expense Of Litigating A Class Action.....................................3

     B.    Plaintiff's Allegations Supporting Her Individual Claims Are Equally Insufficient,
           And, On That Basis, The Court Should Dismiss The Entire Complaint ...........................10

     C.    Allowing Plaintiff's Woefully Deficient Claims To Proceed Invites Discovery
           Abuse ...............................................................................................................................11

III. IN THE ALTERNATIVE, THE COURT SHOULD STRIKE PLAINTIFF'S CLASS
     ALLEGATIONS BECAUSE THE CLASS DEFINITION IS SO OVERBROAD THAT
     A CLASS ACTION CANNOT BE MAINTAINED ON THE FACTS ALLEGED ...................11

IV.  CONCLUSION.................................................................................................................12

-i-

NOTICE OF MOT. AND MOT. TO DISMISS OR
STRIKE CLASS ALLEGATIONS; MEM. ISO MOT.
U.S.D.C., N.D. Cal., No. 5:17-cv-05605-BLF

# TABLE OF AUTHORITIES

**Cases**

*Aleksick v. 7-Eleven, Inc.*,
205 Cal. App. 4th 1176 (2012) .................................................................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................................................................................................... *passim*

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
459 U.S. 519 (1983).......................................................................................................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................................................... *passim*

*Brown v. Wal-Mart Stores, Inc.*,
No. C 08-5221 SI, 2013 WL 1701581 (N.D. Cal. Apr. 18, 2013)........................................6

*Cody v. Palmyra Park Hosp., Inc.*,
1:08-CV-88, 2009 WL 10674409 (M.D. Ga. Mar. 31, 2009)...........................................10

*Cotter v. Lyft, Inc.*,
60 F. Supp. 3d 1059 (N.D. Cal. 2014) .........................................................................7

*Cunningham v. Elec. Data Sys. Corp.*,
579 F. Supp. 2d 538 (S.D.N.Y. 2008).........................................................................10

*DM Research, Inc. v. Coll. of. Am. Pathologists*,
170 F.3d 53 (1st Cir. 1999).........................................................................................3

*Duran v. U.S. Bank Nat'l Ass'n*,
59 Cal. 4th 1 (2014) ...................................................................................................6

*Edwards v. Oportun, Inc.*,
193 F. Supp. 3d 1096 (N.D. Cal. 2016) .....................................................................11

*Freeman v. Zillow, Inc.*,
No. SACV 14-01843-JLS (RNBx), 2015 WL 5179511 (C.D. Cal. Mar. 19, 2015)...........7

*Gallagher v. Lackawanna County*,
No. 3:CV-07-0912, 2008 WL 9375549 (M.D. Pa. May 30, 2008).......................................6

*Landers v. Quality Commc'ns, Inc.*,
771 F.3d 638 (9th Cir. 2015) ...............................................................................8, 10

*Miranda v. Coach, Inc.*,
No. 14-cv-02031-JD, 2015 WL 636373 (N.D. Cal. Feb. 13, 2015) ................................6

*Myung Ga, Inc. v. Myung Ga of MD, Inc.*,
No. DKC 10-3464, 2011 WL 3476828 (D. Md. Aug. 8, 2011)........................................11

-ii-

NOTICE OF MOT. AND MOT. TO DISMISS OR
STRIKE CLASS ALLEGATIONS; MEM. ISO MOT.
U.S.D.C., N.D. Cal., No. 5:17-cv-05605-BLF

*O'Connor v. Uber Techs., Inc.*,
  58 F. Supp. 3d 989 (N.D. Cal. 2014) ...............................................................7

*Peak v. Topeka Hous. Auth.*,
  78 F.R.D. 78 (D. Kan. 1978)...........................................................................3

*Perez v. Wells Fargo & Co.*,
  75 F. Supp. 3d 1184 (N.D. Cal. 2014) .............................................................8

*Ramirez v. Baxter Credit Union*,
  No. 16-cv-03765-SI, 2017 WL 1064991 (N.D. Cal. Mar. 21, 2017) ..................12

*Rasmussen v. Apple Inc.*,
  27 F. Supp. 3d 1027 (N.D. Cal. 2014) .............................................................12

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) .............................................................11

*Sidney-Vinstein v. A.H. Robins Co.*,
  697 F.2d 880 (9th Cir. 1983) ...........................................................................11

*Tan v. GrubHub, Inc.*,
  171 F. Supp. 3d 998 (N.D. Cal. 2016) .............................................................8

*In re Text Messaging Antitrust Litig.*,
  630 F.3d 622 (7th Cir. 2010) ...........................................................................11

**Statutes**

29 U.S.C. § 211(c) ...............................................................................................10

Cal. Bus. & Prof. Code § 17200 *et seq.* ...............................................................9

Cal. Lab. Code § 201 ...........................................................................................9

Fair Labor Standards Act (FLSA)...............................................................2, 6, 8, 10

Federal Rules of Civil Procedure
  8.......................................................................................................................1
  12(b)(6)............................................................................................................1
  12(f)..............................................................................................................1, 11

# NOTICE OF MOTION AND MOTION

To the Clerk of the Court, the parties to this action, and the parties' attorneys of record:

PLEASE TAKE NOTICE that on February 22, 2018, at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 3 of this Court, located at 280 South 1st Street, 5th Floor, San Jose, California 95113, before the Honorable Beth Labson Freeman, defendant Google Inc. ("Google") will and hereby does move to dismiss plaintiff's complaint, and each cause of action, pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) or, alternatively, to strike from the complaint all class allegations pursuant to Federal Rule of Civil Procedure 12(f).

Specifically, Google moves to dismiss the complaint, and each cause of action, on the ground that under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), plaintiff fails to plead sufficient factual matter to state a facially plausible claim. Google moves in the alternative to strike from the complaint all class allegations on the ground that plaintiff's class definition is so overbroad that she cannot possibly maintain a class action on the facts alleged.

The motion is based on this notice; the accompanying memorandum of points and authorities; the concurrently filed proposed order granting the motion; the Court's record of this action; all matters of which the Court may take notice; and any such oral or documentary evidence that the Court receives into evidence at the hearing on the motion.

///
///
///
///
///
///
///
///
///
///
///

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION/SUMMARY OF ARGUMENT

This case epitomizes the type of pleading abuse that the U.S. Supreme Court acted to stop in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff Christiana Bush purports to bring wage-and-hour claims against defendant Google Inc.[1] ("Google") under California and federal law on behalf of every worker of *any* type who has performed services for the Company in California since May 2011.  The proposed class includes all non-employee temporary workers, all regular employees, and unspecified "other third parties" who have been assigned to work at Google—regardless of the entity that employed them, their classification as exempt or non-exempt, the circumstances of their work at Google, the duties they performed, or the areas of the Company in which they worked.  In support of her sweeping claims, Plaintiff offers allegations that range from a bald assertion that every exempt Google employee is misclassified to the illuminating allegation that "[a]t all material times herein, Defendants have violated the FLSA by failing to (explain conduct)."  (Compl., ¶ 142.)

Plaintiff has demonstrated no knowledge of Google's practices across the state.  Nor has she identified any common thread that possibly could tie together every individual who has performed services of any type at Google, ranging from herself to the CEO.  Instead, she has merely alleged in cookie-cutter fashion that Google violated all manner of wage-and-hour laws as to all employees (and non-employees) state-wide.  The Complaint woefully fails to satisfy the pleading standards in *Twombly*/*Iqbal*, and allowing Plaintiff to proceed with her facially insufficient, unbounded claims invites discovery abuse from the outset.

Accordingly, Google respectfully asks the Court to dismiss the Complaint, and each cause of action, in its entirety for failure to state a claim.  In the alternative, Google asks the Court to strike plaintiff's class allegations on the ground that plaintiff's class definition is so overbroad that she cannot possibly maintain a class action on the facts alleged.

///

---

[1]    Effective October 1, 2017, Google Inc. became Google LLC.

-2-

NOTICE OF MOT. AND MOT. TO DISMISS OR
STRIKE CLASS ALLEGATIONS; MEM. ISO MOT.
U.S.D.C., N.D. Cal., No. 5:17-cv-05605-BLF

II. **THE COURT SHOULD DISMISS PLAINTIFF'S CLASS AND INDIVIDUAL CLAIMS BECAUSE HER ALLEGATIONS ARE UNACCEPTABLY VAGUE AND CONCLUSORY**

A. **Plaintiff's Conclusory Allegations Are Insufficient To Impose On Google The Considerable Burden And Expense Of Litigating A Class Action.**

The logic driving the Supreme Court's decisions in *Twombly*/*Iqbal* is simple: Before the defendant is forced to undertake the considerable burden and expense of defending the plaintiff's claims, particularly in a complex case or class action where the potential for abuse is greatest, the plaintiff must provide necessary factual predicates to his or her allegations. The Court explained:

> It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through "careful case management," given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side. See, *e.g.*, Easterbrook, *Discovery as Abuse*, 69 B.U.L.Rev. 635, 638 (1989) ("Judges can do little about impositional discovery when parties control the legal claims to be presented and conduct the discovery themselves"). And it is self-evident that the problem of discovery abuse cannot be solved by "careful scrutiny of evidence at the summary judgment stage," much less "lucid instructions to juries"; the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings. Probably, then, it is only by taking care to require allegations that reach the level suggesting [the factual predicate] that we can hope to avoid the potentially enormous expense of discovery . . . .

*Twombly*, 550 U.S. at 559 (citations omitted); *accord Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 528 n.17 (1983) ("Certainly in a case of this magnitude, a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."); *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) ("[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome."); *Peak v. Topeka Hous. Auth.*, 78 F.R.D. 78, 85 (D. Kan. 1978) ("Bald allegations of illegality, unsupported by any substantial facts, have long been recognized as inadequate to withstand a motion to dismiss.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570.). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court," using its "judicial experience and common sense," "to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 678-79. The complaint must contain more than "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action,'" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557). In short, the complaint must contain sufficient facts to "nudge[] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

To that end, *Iqbal* sets out a two-step approach: First, the court should "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 556 U.S. at 679. Second, the court should consider whether the factual allegations that remain "plausibly give rise to an entitlement to relief." *Id.* If they do not, the court should dismiss the complaint for failure to state a claim. *See id.*

Each of plaintiff's causes of action suffers from at least two fatal deficiencies. First, plaintiff brings each cause of action on behalf of such a vast, ill-defined putative class that her claims cannot possibly be plausible. The proposed classes in *Bush* consist of, *inter alia*:

– "All persons employed directly by Google and/or through any staffing agencies and/or any other third parties who worked in hourly or non-exempt positions in California . . . ." (Compl., ¶ 16.)

– "All persons employed directly by Google and/or through any staffing agencies and/or any other third parties who worked in Google Expedition Team positions in the United States . . . ." (*Id.*)

– "All persons employed by any Vaco Entities who worked in hourly or non-exempt positions in California and assigned to work for a third party . . . ." (*Id.*)

However, the Complaint also alleges that "Plaintiff and the putative class were . . . misclassified as exempt . . . ." (Compl., ¶ 28.) Therefore, plaintiff apparently seeks to represent every worker of any type who performed services for Google in California. The Complaint, however, contains no facts whatsoever that suggest that this disparate group—which would include thousands of workers with scores of different employers in hundreds of different functional areas of the Company, ranging from regular employees to temporary workers to unspecified other "third parties," both exempt and non-exempt—suffered any common harm.

Second, plaintiff fails to plead sufficient factual content to make any claims plausible, even for herself.  Accordingly, the Court should dismiss the complaint, and each cause of action, in its entirety.

### *First and Second Causes of Action: Failure to Provide Meal and Rest Periods*

Plaintiff alleges that "Defendants" failed to provide compliant meal and rest periods or pay meal and rest period premiums to her and the following people:

– every non-exempt worker of any type who performed services for Google in California during the limitations period and worked a shift in excess of five hours, regardless of their employer;

– every worker who performed services for the Google Expedition Team in California during the limitations period, regardless of their employer or classification as exempt or non-exempt;

– every hourly or non-exempt employee of Vaco who worked in California during the limitations period, regardless of whether they performed services for Google; and

– apparently, every *exempt* worker who would have been in any of these groups but for their classification as exempt, on the ground that they were misclassified (*see* Compl., ¶¶ 28-30).

In short, plaintiff alleges that Google violated California's meal and rest period law as to every single worker who performed services of any kind for Google in California during the limitations period, regardless of the worker's employer, classification, position, etc.—a group so large and varied that it apparently would include every independent contractor, temporary worker, or employee assigned to Google, all the way up to the Company's CEO.  This vast overbreadth alone demonstrates how factually implausible plaintiff's claims are.

The "factual" allegations in the first and second causes of action only bolster this conclusion.  The gravamen of these claims appears to be the allegation in paragraph 31—part of the "general allegations common to all causes of action" in paragraphs 24-41—that "Plaintiff and the putative class members" were denied compliant meal and rest periods due to:

(1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be

able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

(Compl., ¶ 31.)  Plaintiff alleges no facts that even remotely suggest Google employed every temporary worker and third party assigned to work at the Company in the past four years, or that every exempt employee in the Company (regardless of job title, function, or duties) was misclassified as exempt and therefore subject to meal and rest period requirements.[2]  Nor do they allege any facts that make it plausible that *every* department, team, shift, etc. to which non-exempt workers are assigned is so "chronically understaff[ed]" that *no* worker can take meal or rest periods.  Bald allegations of understaffing and overwork aside, plaintiff fails to plead even a single fact regarding her *own* shift and department.

Any argument that the Complaint otherwise contains sufficient factual allegations to sustain the first and second causes of action is baseless.  Plaintiff repeatedly invokes the phrase "policy and practice," but she provides no factual detail regarding what this alleged "policy and practice" is other than that the "policy and practice" is to violate the law.  (*See* Compl., ¶¶ 50-52, 63.)  This is no better than parroting the applicable law, which plainly is inadequate.  *See, e.g.*, *Miranda v. Coach, Inc.*, No. 14-cv-02031-JD, 2015 WL 636373, at *2 (N.D. Cal. Feb. 13, 2015) (Donato, J.) (dismissing overtime claim on ground that allegations that defendants forced plaintiffs to work overtime "on a regular and consistent basis" and had "a consistent policy" of failing to pay overtime "merely parrot the statute without stating facts sufficient to make out a plausible claim").  Moreover, plaintiff fails to allege with any specificity even a single instance in which *she* actually missed a meal period.  *See Brown v. Wal-Mart Stores, Inc.*, No. C 08-5221 SI, 2013 WL 1701581, at *4-5 (N.D. Cal. Apr. 18, 2013) (Illston, J.) (rejecting argument that plaintiffs "are not required to provide specific allegations of an individual

---

[2]     Both the existence of an employment relationship, and proper classification as exempt, turn on highly individualized, fact-specific inquiries. *See, e.g.*, *Duran v. U.S. Bank Nat'l Ass'n*, 59 Cal. 4th 1, 25 (2014) ("Employers often treat all workers within a job position as either exempt or nonexempt.  In actuality, however, Labor Code exemptions frequently depend on how individual employees perform their jobs."); *Gallagher v. Lackawanna County*, No. 3:CV-07-0912, 2008 WL 9375549, at *9 n.8 (M.D. Pa. May 30, 2008) (explaining that courts have denied conditional certification of FLSA collective actions "where the FLSA claims involve fact-specific inquiries into the duties of an employee to determine whether the employee was properly classified as exempt from the overtime requirement or as an independent contractor").

missing a meal break" and, in absence of such allegations, dismissing meal period claim); *Freeman v. Zillow, Inc.*, No. SACV 14-01843-JLS (RNBx), 2015 WL 5179511, at *2-5 (C.D. Cal. Mar. 19, 2015) (dismissing meal and rest period claims because plaintiff failed to "allege a given instance where Defendant failed to provide him a meal or rest break").

### *Third Cause of Action: Failure to Pay Hourly and Overtime Wages*

Plaintiff alleges that "Defendants" failed to pay minimum and overtime wages under various provisions of the California Labor Code. The factual basis for this claim is unclear, but it appears to be derivative of plaintiff's meal period allegations; that is, plaintiff appears to allege that she and every other worker was denied minimum and overtime wages for the time they worked during unpaid meal periods.[3] (*See* Compl., ¶¶ 84-85.) In any event, plaintiff pleads absolutely no facts that would provide any other factual predicate for her third cause of action. Thus, plaintiff's third cause of action fails for the same reasons that her first cause of action fails.

The third cause of action has yet another deficiency. Plaintiff sues on behalf of the Google Expedition Class, not the Google Expedition California Sub-Class. Thus, gone is the requirement that workers who performed services for the Google Expedition Team have performed those services *in California*; instead, plaintiff sues on behalf of every worker who performed services for the Google Expedition Team *in the United States*. (*See* Compl., ¶ 16.) Plaintiff fails to explain how workers who may never have worked in California could recover under the California Labor Code. *See, e.g.*, *Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1059, 1061-62 (N.D. Cal. 2014) (Chhabria, J.) (holding that California minimum wage law does not create cause of action for people who perform work entirely in another state, and striking class allegations on that basis); *accord O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1003-07 (N.D. Cal. 2014) (Chen, J.).

---

[3] Curiously, plaintiff alleges that, "at all relevant times, Defendants have maintained a policy and practice of paying [class] members premium wages based on rates of compensation that have not reflected non-discretionary bonuses and/or shift differential pay . . . *on the occasions when Defendants paid them premium wages in lieu of meal and/or rest periods*." (Compl., ¶ 93 (emphasis added).) In the first cause of action, in contrast, plaintiff alleges that "at all relevant times . . . and as matters of policy and practice, Defendants have *failed* to pay premium wages" when class members missed meal periods. (*Id.*, ¶ 51 (emphasis added).) Likewise, in the second cause of action, plaintiff alleges that "[a]t all relevant times, Defendants *failed* to pay Plaintiff and other [class] members additional premium wages when required rest periods were not provided." (*Id.*, ¶ 64 (emphasis added).) Plaintiff's allegations are directly contradictory.

-7-

NOTICE OF MOT. AND MOT. TO DISMISS OR
STRIKE CLASS ALLEGATIONS; MEM. ISO MOT.
U.S.D.C., N.D. Cal., No. 5:17-cv-05605-BLF

Finally, plaintiff's overtime claim fails to allege sufficient facts to create a plausible inference that if she (or anyone else) *was* denied meal periods, she (or anyone else) would be entitled to receive *overtime* wages, as opposed to regular wages, on that basis. In *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2015), the Ninth Circuit held that to survive a motion to dismiss, a plaintiff asserting an overtime claim must provide "sufficient detail about the length and frequency of [her] unpaid work to support a reasonable inference that [she] worked" an amount that would entitle her to overtime. *Id.* at 646 (quoting *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)). *Landers* was decided under the FLSA, but federal courts in California apply *Landers* to overtime claims under California law as well. *See, e.g.*, *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1006-08 (N.D. Cal. 2016) (Corley, Mag. J.). Here, plaintiff alleges only that "[she] and the putative class regularly worked more than eight hours each workday, and more than forty hours each workweek." (Compl., ¶ 28.) This merely parrots the requirement for overtime under California law and falls well short of what *Landers* requires. *See Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1190-91 (N.D. Cal. 2014) (Hamilton, J.) ("Under *Landers*, allegations such as those asserted in the FAC—that certain plaintiffs 'regularly' or 'regularly and consistently' worked more than 40 hours per week—fall short of the *Twombly*/*Iqbal* standard and are thus insufficient to state a claim for denial of overtime compensation.").

### *Fourth Cause of Action: Failure to Indemnify*

Plaintiff alleges that "Defendants" failed to provide reimbursement for gas and mileage expenses, "losses caused by Defendants' want of ordinary care," and necessary business expenses. (*See* Compl., ¶¶ 97-101.) Again, Plaintiff alleges no factual predicate to make it plausible that every worker of any type assigned to Google incurred unreimbursed business expenses. Moreover, the scant allegations that plaintiff does plead are contradictory.

At one point, plaintiff alleges that "Defendants reimbursed Plaintiff for mileage expenses at thirty-three (33) cents per mile," and that this "was insufficient to indemnify Plaintiff for all necessary expenses incurred in the discharge of his [sic] duties." (Compl., ¶ 98.) But elsewhere, plaintiff alleges that "Plaintiff and the putative class were required to drive as much as thirty miles each day and were *not* reimbursed for mileage or expenses incurred in doing so." (*Id.*, ¶ 35 (emphasis added).) Common

sense would suggest that the fact that plaintiff cannot get her story straight makes that story, whatever it may be, implausible. Second, plaintiff alleges that "Plaintiff and the putative class were required given [*sic*] as many as seventy-five cell phones that needed to be recharged daily so that they could be used the next day by employees out in the field," but plaintiff then alleges in the next sentence that "Plaintiff and the putative class were required to recharge Defendants' equipment at home and *were* reimbursed for these expenses." (Compl., ¶¶ 36 (emphasis added).) If plaintiff and putative class members *were* reimbursed for these expenses, they plainly have no reimbursement claim as to them. In any event, plaintiff fails to identify an actual *expense* that she or anyone else incurred related to recharging cell phones, let alone a common policy or practice that applies to every employee, temporary worker, and "third party" assigned to Google.

### Fifth Cause of Action: Failure to Provide Accurate Written Wage Statements

Plaintiff's fifth cause of action is entirely derivative of her first, second, and third causes of action. She claims that the wage statements that "Defendants" provided were inaccurate because they did not reflect (a) unpaid meal period and rest period premiums (first and second causes of action), or (b) wages for off-the-clock work (third cause of action, which itself appears to be derivative of the first cause of action). (*See* Compl., ¶¶ 37-41, 107.) Thus, plaintiff's fifth cause of action fails because her first, second, and third causes of action fail, for the reasons explained above.

### Sixth Cause of Action: Failure to Timely Pay All Final Wages

Plaintiff's sixth cause of action contains no factual allegations at all. Plaintiff alleges that "Defendants failed to pay Plaintiff all of his [*sic*] final wages in accordance with Labor Code section 201 by failing to timely pay him [*sic*] all of his [*sic*] final wages." (Compl., ¶ 116.) This is nothing more than a statement that "defendants violated the law by violating the law." This plainly is insufficient to state a claim under *Twombly*/*Iqbal*.

### Seventh Cause of Action: Unfair Competition

Plaintiff pleads that her claim under California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq.*, is entirely derivative of her first, second, third, and fourth causes of action. (*See* Compl., ¶¶ 126, 132.) A UCL claim cannot proceed if the underlying claims fail. *See Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185 (2012) ("When a statutory claim fails, a derivative UCL

-9-

NOTICE OF MOT. AND MOT. TO DISMISS OR
STRIKE CLASS ALLEGATIONS; MEM. ISO MOT.
U.S.D.C., N.D. Cal., No. 5:17-cv-05605-BLF

claim also fails."). Therefore, plaintiff's seventh cause of action fails for the same reasons as her first, second, third, and fourth causes of action.

### *Eighth Cause of Action: Failure to Pay for All Hours Worked (FLSA)*

Like Plaintiff's state law claims, her federal overtime claim presupposes (without any factual predicate) that Google employed every temporary worker or "third party" assigned to work for it, and misclassified every exempt employee in the Company. It apparently rests on three allegations, none of which are adequate to state a claim. First, plaintiff alleges that "Defendants have violated the FLSA by failing to (explain conduct)." (Compl., ¶ 142.) For obvious reasons, this does not support plaintiff's claims. Second, plaintiff alleges that "Defendants have violated the FLSA by failing to pay [the class] at one-and-one-half (1.5) times the regular rate of pay when meeting time causes an employee's total hours worked to exceed forty (40) hours in a week." (*Id.*, ¶ 143.) But nowhere does plaintiff explain what "meeting time" she is talking about, nor does she allege that this "meeting time" *actually* caused her or anyone else's total hours to exceed forty hours in a week, or why exempt employees would be entitled to additional compensation for that time. Third, plaintiff alleges that "Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by [the class]" pursuant to 29 U.S.C. § 211(c). (Compl., ¶ 144.) But an employee cannot collect "unpaid compensation" (*see id.*, ¶¶ 147-48) for mere failure to comply with the FLSA's recordkeeping provision. *See Cunningham v. Elec. Data Sys. Corp.*, 579 F. Supp. 2d 538, 543 (S.D.N.Y. 2008) ("[T]here is no private right of action to enforce [29 U.S.C. § 211(c)]."). And in any event, as discussed above, plaintiff fails to provide sufficient facts even to establish her entitlement to overtime under *Landers*, 771 F.3d 638. The eighth cause of action therefore fails to state a claim as well.

### B. Plaintiff's Allegations Supporting Her Individual Claims Are Equally Insufficient, And, On That Basis, The Court Should Dismiss The Entire Complaint.

Even though the considerations of discovery burden and expense are most forceful when the defendant is faced with a class action, courts have applied the same principles to dismiss individual claims that fail to allege sufficient factual detail to support relief. *See, e.g.*, *Cody v. Palmyra Park Hosp., Inc.*, 1:08-CV-88 (WLS), 2009 WL 10674409, at *2 (M.D. Ga. Mar. 31, 2009) (single-plaintiff employment case). Plaintiff's allegations in support of her individual claims fail for the same reason

that her class allegations fail: she provides no factual details about the basis of her claims. Accordingly, the Court should dismiss the entire complaint for failure to state a claim upon which relief can be granted.

### C. Allowing Plaintiff's Woefully Deficient Claims To Proceed Invites Discovery Abuse.

The *Twombly/Iqbal* pleading standard exists for good reason. As the court explained in *In re Text Messaging Antitrust Litigation*, 630 F.3d 622 (7th Cir. 2010) (Posner, J.):

> *Twombly* . . . is designed to spare defendants the expense of responding to bulky, burdensome discovery unless the complaint provides enough information to enable an inference that the suit has sufficient merit to warrant putting the defendant to the burden of responding to at least a limited discovery demand. When a district court . . . allows a complex case of extremely dubious merit to proceed, it bids fair to immerse the parties in the discovery swamp . . . and by doing so create irrevocable as well as unjustifiable harm to the defendant that only an immediate appeal can avert.

*Id.* at 625-26; *see also Myung Ga, Inc. v. Myung Ga of MD, Inc.*, No. DKC 10-3464, 2011 WL 3476828, at *3-4 (D. Md. Aug. 8, 2011) ("Every plaintiff, no doubt, would prefer to have access to discovery before facing the test of a motion to dismiss. But here again, Plaintiff ignores one of the central purposes of the plausibility standard: restraining unnecessary discovery.").

Allowing plaintiff to assert boilerplate claims on behalf of a virtually unlimited proposed class invites discovery abuse. Google should not be required to endure the thicket of discovery and other proceedings that would necessarily result from the imprecise claims and characterization of the "class" in this case.

### III. IN THE ALTERNATIVE, THE COURT SHOULD STRIKE PLAINTIFF'S CLASS ALLEGATIONS BECAUSE THE CLASS DEFINITION IS SO OVERBROAD THAT A CLASS ACTION CANNOT BE MAINTAINED ON THE FACTS ALLEGED

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

Class allegations "must at least be plausible"; to the extent that they are not, they properly are subject to a motion to strike. *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1100 (N.D. Cal. 2016) (Laporte, Mag. J.); *see also Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (Fogel J.)

("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery."); *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1045-46 (N.D. Cal. 2014) (Chen, J.) (granting motion to strike class definition in product defect action on ground that it included class members who did not experience product defect); *Ramirez v. Baxter Credit Union*, No. 16-cv-03765-SI, 2017 WL 1064991, at *7-8 (N.D. Cal. Mar. 21, 2017) (Illston, J.) (granting motion to strike class allegations where proposed class period extended beyond limitations period).

Here, even if the Court were to find that plaintiff has alleged sufficient factual material to state one or more *individual* claims, the Court still should dismiss plaintiff's class claims or strike plaintiff's class allegations in their entirety. Plaintiff cannot maintain a class action on behalf of such an enormous and diverse class on the scant facts that she pleads in the Complaint.

## IV. CONCLUSION

Plaintiff brings this putative class action on behalf of every single worker who has set foot on Google's campus or otherwise performed services for Google in California during the limitations period. It should come as no surprise that plaintiff fails to plead sufficient factual matter to state *any* claim that is facially plausible under *Twombly*/*Iqbal*. Accordingly, the Court should dismiss the complaint, and each cause of action, in its entirety. In the alternative, the Court should strike from the complaint all of plaintiff's class allegations because of the vast overbreadth of her class definition.

DATED: October 10, 2017                    PAUL HASTINGS LLP


                                           By: /s/ Zachary P. Hutton
                                               ZACHARY P. HUTTON

                                           Attorneys for Defendant
                                           GOOGLE INC.

-12-

NOTICE OF MOT. AND MOT. TO DISMISS OR
STRIKE CLASS ALLEGATIONS; MEM. ISO MOT.
U.S.D.C., N.D. Cal., No. 5:17-cv-05605-BLF