Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Thomas Segal (SBN 222791)
  thomas@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California  90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff,
CHRISTIANA BUSH

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIANA BUSH, on behalf of herself, all others similarly situated, and the general public,<br><br>       *Plaintiff,*<br><br>       vs.<br><br>VACO TECHNOLOGY SERVICES, LLC, a Tennessee limited liability company; VACO SAN FRANCISCO, LLC, a Tennessee limited liability company; VACO LAJOLLA, LLC, a Tennessee limited liability company; VACO ORANGE COUNTY, LLC, a California limited liability company; VACO LOS ANGELES, LLC, a Tennessee limited liability company; GOOGLE, INC., a Delaware corporation; and DOES 1 to 50, inclusive,<br><br>       *Defendants*. | Case No. 5:17-cv-05605-BLF<br><br>Assigned For All Purposes to the Honorable Beth Labson Freeman, Courtroom 3<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT**<br><br>1.  Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198);<br>2.  Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7, and 1198);<br>3.  Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198);<br>4.  Failure to Indemnify (Lab. Code § 2802);<br>5.  Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a));<br>6.  Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203);<br>7.  Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);<br>8.  Failure to Pay Employees for All Hours Worked (29 U.S.C. § 201, *et seq.*);<br>9.  Civil Penalties (Lab. Code §§ 2698, *et seq.*)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Christiana Bush (referred to as "Plaintiff"), on behalf of herself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class and representative action against defendant Vaco Technology Services, LLC; Vaco San Francisco, LLC; Vaco LaJolla, LLC; Vaco Orange County, LLC; Vaco Los Angeles, LLC (collectively referred to as the "Vaco Entities"); Google, Inc. and Does 1 to 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants failed to provide him and all other similarly situated individuals with meal periods, failed to provide them with rest periods, failed to pay premium wages for missed meal and/or rest periods, failed to pay them for all hours worked, failed to pay overtime wages at the correct rate, failed to pay double time wages at the correct rate, failed to reimburse them for all necessary business expenses, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment.  Based on these alleged violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of herself, all others similarly situated, and the general public.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act ("FLSA") pursuant to 28 U.S.C. section 1331.

3.      Venue is proper in this District under 28 U.S.C. section 1392(b)(2) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint occurred in this District.

4.      The Court has personal jurisdiction over this matter because Defendants' conduct substantial business activity in this District, and because many of the unlawful acts described in this complaint occurred in this District and gave rise to the claims alleged.

## PARTIES

5.      Plaintiff Christiana Bush ("Plaintiff") is, and at all relevant times mentioned

herein, an individual residing in Mountain View, California.

6.    Plaintiff is informed and believes, and thereupon alleges that Defendant Vaco Technology Services, LLC is, and at all relevant times mentioned herein, a Tennessee limited liability company doing business in the State of California.

7.    Plaintiff is informed and believes, and thereupon alleges that Defendant Vaco San Francisco, LLC is, and at all relevant times mentioned herein, a Tennessee limited liability company doing business in the State of California.

8.    Plaintiff is informed and believes, and thereupon alleges that Defendant Vaco LaJolla, LLC is, and at all relevant times mentioned herein, a Tennessee limited liability company doing business in the State of California.

9.    Plaintiff is informed and believes, and thereupon alleges that Defendant Vaco Orange County, LLC is, and at all relevant times mentioned herein, a California limited liability company doing business in the State of California.

10.    Plaintiff is informed and believes, and thereupon alleges that Defendant Vaco Los Angeles, LLC is, and at all relevant times mentioned herein, a Tennessee limited liability company doing business in the State of California.

11.    Plaintiff is informed and believes, and thereupon alleges that Defendant Google, Inc. is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

12.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as Does 1 to 50, inclusive, but is informed and believes that said defendants are legally responsible for the conduct alleged herein and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege both the true names and capacities of the Doe defendants when ascertained.

13.    Plaintiff is informed and believes that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to each of the other defendants.

## CLASS ALLEGATIONS

14.     This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

15.     **Action**:  The Action is defined as the suit filed on May 19, 2015 with the Stana Clara County Superior Court, Case No. 2015-1-CV-280846, on behalf of Plaintiff Daniel Trujillo, all others similarly situated against Defendants.

16.     **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of the Action until judgment is entered.

17.     The class and sub-class members are defined as follows:

**Google Staffing Class:**  All persons employed by Google through any staffing agencies and/or any other third parties who worked in hourly or non-exempt positions in California during the **Relevant Time Period**.

    **Google Staffing Meal Period Sub-Class:**  All **Google Staffing Class** members who worked a shift in excess of five hours during the **Relevant Time Period**.

    **Google Staffing Rest Period Sub-Class:**  All  **Google Staffing Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

    **Google Staffing Mileage Reimbursement Sub-Class:**  All **Google Staffing Class** members who drove a vehicle during the **Relevant Time Period**.

    **Google Staffing Wage Statement Penalties Sub-Class:**  All  **Google Staffing Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

    **Google Staffing Waiting Time Penalties Sub-Class:**  All  **Google Staffing Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**Google Expedition Class:**  All persons employed directly by Google and/or through any staffing agencies and/or any other third parties who worked in Google Expedition Team positions in the United States during the **Relevant Time Period**.

    **Google Expedition California Sub-Class:**  All persons employed directly by Google and/or through any staffing agencies and/or any other third

3

parties who worked in Google Expedition Team positions in California during the **Relevant Time Period**.

**UCL Class:** All **Google Staffing Class and Google Expedition Class** members employed by Defendants in California during the **Relevant Time Period**.

18.    **Reservation of Rights:** Pursuant to Federal Rules of Civil Procedure 23, Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes, and/or by limitation to particular issues.

19.    **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

20.    **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members.  These common questions include, but are not limited to:

A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

D.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law?

E.    Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

F.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

G.    Whether Defendants applied policies or practices that result in late and/or

incomplete final wage payments;

        H.    Whether Defendants are liable to class members for waiting time penalties under <u>Labor Code</u> section 203;

        I.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition.

21.    **Typicality:**  Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the <u>Labor Code</u> and the <u>Business and Professions Code</u> as alleged herein.

22.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly and adequately represent and protect the interests of the other class members.

23.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

24.    **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

25.    On or about May 2014, Plaintiff was initially hired by Defendants as an hourly, non-exempt employee with a job title of Order Audit Operation Specialist.  The duties for this position primarily involved data entry.

26.    On or about Auigust 2014, Plaintiff was promoted to Content Bug Technician, also a non-exempt, hourly positionThe duties for this position primarily involved software quality assurance.

27.    On or about September 2015, Plaintiff was transferred to the Google Expedition team and was given the title of Google Expedition Team Lead.  Defendants classified Plaintiff as an outside salesperson even though Plaintiff did not spend more than half of her working hours engaged in exempt sales activity (selling tangible or intangible items or obtaining orders or contracts for products, services or use of facilities) away from the employer's place of business. The duties for this position involved traveling to various public schools and providing education virtual reality tours through an application developed by Google.  Accordingly, <u>any sales activity already occurred</u> and Plaintiff and the putative class could not be properly classified under the outside salesperson exemption.

28.    During her first week as a Google Expedition Team Lead, Plaintiff was required to report to Google's headquarters so set up the necessary equipment.  This required Plaintiff and the putative class to travel to arrive there as early as 8:00 A.M. and to work as late as 9:00 P.M. from Monday through Friday.  Plaintiff and the putative class were required to open boxes of new cellphones and to set them up and then to repackage them for transport to the eventual user.

29.    Once all the equipment was set up and ready to be delivered to the end user, Plaintiff and the putative class drove their vehicles to various schools in Northern California and would have to be there at least an hour or two before each teacher's first class.  This often required Plaintiff and the putative class to start driving out to each location as early as 5:00 A.M. so that they could arrive there and train and give orientation to the teachers on how to use the cellphones.  Once the school day ended, Plaintiff and the putative class would then drive home, which could take up to two hours depending on traffic conditions.

30.     As a Google Expedition Team Lead, Plaintiff was not engaged in any kind of exempt sales activity (whether selling tangible or intangible items or obtaining orders or contracts for products, services or use of facilities), but instead was engaged in demonstrating and providing a virtual reality experience to students in schools.

31.     In her role as a Google Expedition Team Lead, Plaintiff regularly worked more than ten hours each workday, and more than sixty hours each workweek.  Plaintiff was paid a fixed salary and was not provided with any designated meal and/or rest periods as she regularly worked through her meal and/or rest periods, was not paid any overtime or double time wages when she worked more than ten hours each workday and more than sixty hours each workweek, and was not reimbursed for any expenses in the discharge of her duties when she drove her personal vehicle to various job sites and was required to charge approximately seventy-five cell phones at home so that they could be used by staff.

32.     Consequently, as a Google Expedition Team Lead, Plaintiff and the putative class were misclassified as an exempt employee and were entitled to all the protections of the Labor Code and the applicable Industrial Welfare Commission Wage Order.

**Misclassification as Exempt Employee**

33.     Plaintiff and the putative class were also misclassified as exempt employees when in fact they were non-exempt.  Plaintiff and the putative class regularly worked more than eight hours each workday, and more than forty hours each workweek.  Plaintiff and the putative class were paid a fixed salary regardless of the hours they worked and were not paid any overtime compensation.

34.     Plaintiff and the putative class did not perform duties, more than fifty percent (50%) of the time, that would qualify them as exempt employees under the Professional, Executive or Administrative exemptions.  Plaintiff and the putative also did not qualify as an exempt under the Outside Salesperson exemption as they did not spend more than half of their working hours away from the employer's place of business selling tangible or intangible items or obtaining orders or contracts for products, services or use of facilities.  Accordingly, Plaintiff and the putative class could not be properly classified as an exempt under any of the above-

referenced exemptions and so were entitled to all the protections afforded to them as non-exempt employees under California law.

35.     As a result of being misclassified as an exempt employee, the time spent by Plaintiff and the putative class were not accurately recorded by the timekeeping system utilized by Defendants and therefore resulted in the failure to pay Plaintiff and the putative class for all hours actually worked and overtime compensation.

**Missed Meal Periods**

36.     Plaintiff and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

37.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on time.

**Missed Rest Periods**

38.     Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each est period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

39.     As a result of Defendants' policy, Plaintiff and the putative class were regularly

not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

## Business Expenses

40.    Plaintiff and the putative class were required to utilize their own personal vehicles to travel to various work sites.  Plaintiff and the putative class were also required to transport equipment to each job site.  Plaintiff and the putative class were required to drive as much as thirty miles each day and were not reimbursed for mileage or expenses incurred in doing so. Defendants knew or should have known that Plaintiff and the putative class incurred business expenses but failed to reimburse them for all such expenses incurred as a direct consequence of fulfilling their duties.

41.    In addition, Plaintiff and the putative class were required to recharge equipment provided by Defendants.  Plaintiff and the putative class were required given as many as seventy-five cell phones that needed to be recharged daily so that they could be used the next day by employees out in the field.  Plaintiff and the putative class were required to recharge Defendants' equipment at home and were reimbursed for these expenses.  Defendants knew or should have known that Plaintiff and the putative class incurred business expenses but failed to reimburse them for all such expenses incurred as a direct consequence of fulfilling their duties.

## Inaccurate Wage Statements

42.    Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to  Labor Code section 226.

43.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that:

      A.    Any applicable meal and rest break premiums were not included;

      B.    Hourly and overtime wages for off-the-clock work were not included;

44.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that:

A.      Hourly and overtime wages for off-the-clock work were not included;

45.      Defendants failed to comply with <u>Labor Code</u> section 226(a)(5) as "net wages earned" were not accurately reflected in that:

A.      Any applicable meal and rest break premiums were not included;

B.      Hourly and overtime wages for off-the-clock work were not included;

46.      Defendants failed to comply with <u>Labor Code</u> section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that:

A.      Hourly and overtime wages for off-the-clock work were not included;

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512 and 1198)

### (Plaintiff, Google Staffing Meal Break Sub-Class, Google Expedition California Sub-Class)

47.      Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

48.      At all relevant times, Plaintiff and the **Google Staffing Meal Break Sub-Class and Google Expedition California Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the <u>Labor Code</u> and the Industrial Welfare Commission Wage Order 5-2001 ("Wage Order").

49.      <u>Labor Code</u> section 512 and section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

50.      <u>Labor Code</u> section 226.7 and section 11 of the the applicable Wage Order  both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the

employee is not provided with the required meal period.

51.     Compensation for missed meal periods constitutes wages within the meaning of the Labor Code section 200.

52.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

53.     Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 mninutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."  8 Cal. Code Regs. § 11040(11).

54.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement.  Plaintiff is informed and believes that, at all relevant times, **Google Staffing Meal Break Sub-Class and Google Expedition California Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

55.     Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Google Staffing Meal Break Sub-Class and Google Expedition California Sub-Class** with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 and the applicable Wage Order.

56.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to **Google Staffing Meal Break Sub-Class and Google Expedition California Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

57.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed **Google Staffing Meal Break Sub-Class and Google Expedition California Sub-Class** members for shifts of ten (10) or more

hours without providing them with second meal periods and without paying them premium wages, as required by Labor Code section 512 and the applicable Wage Order.

58.    Moreover, Defendants written policies do not provide that employees must take their first meal break before the end of the fifth hour of work, that they are entitled to a second meal break if they work a shift of over ten (10) hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

59.    At all relevant times, Defendants failed to pay Plaintiff and **Google Staffing Meal Break Sub-Class and Google Expedition California Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

60.    Pursuant to Labor Code sections 204, 218.6 and 226.7, Plaintiff, on behalf of herself and the **Google Staffing Meal Break Sub-Class and Google Expedition California Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

61.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the **Google Staffing Meal Break Sub-Class and Google Expedition California Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7 and 1198)

### (Plaintiff, Google Staffing Rest Break Sub-Class, Google Expedition California Sub-Class)

62.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.  Specifically, Plaintiff incorporates paragraphs 13 and 14 of the Complaint as if fully alleged herein.

63.    At all relevant times, Plaintiff and **Google Staffing Rest Break Sub-Class and Google Expedition California Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable

Wage Order.

64.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

65.    <u>Labor Code</u> section 226.7 and section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period(s).

66.    Compensation for missed rest periods constitutes wages within the meaning of the <u>Labor Code</u> section 200.

67.    <u>Labor Code</u> section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

68.    Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Google Staffing Rest Break Sub-Class and Google Expedition California Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

69.    At all relevant times, Defendants failed to pay Plaintiff and other **Google Staffing Rest Break Sub-Class and Google Expedition California Sub-Class** members additional premium wages when required rest periods were not provided.

70.    Specifically, Defendants written policies do not provide that employees may take a rest break for each four hours worked, or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable.

71.    Plaintiff and the **Google Staffing Rest Break Sub-Class and Google Expedition California Sub-Class** members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each est period as part of each work shift; (2) chronically understaffing each work

shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

72.    As a result of Defendants' policy, Plaintiff and the **Google Staffing Rest Break Sub-Class and Google Expedition California Sub-Class** were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and **Google Staffing Rest Break Sub-Class and Google Expedition California Sub-Class** to work through their rest periods in order to complete their assignments on time.

73.    Pursuant to <u>Labor Code</u> sections 204, 218.6 and 226.7, Plaintiff, on behalf of herself and **Google Staffing Rest Break Sub-Class and Google Expedition California Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

74.    Pursuant to <u>Labor Code</u> section 1194, <u>Code of Civil Procedure</u> section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Google Staffing Rest Break Sub-Class and Google Expedition California Sub-Class** members, seeks to recover reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(By Plaintiff, Google Staffing Class, Google Expedition Class)**

75.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

76.    At all relevant times, Plaintiff and **Google Staffing Class and Google Expedition Class** and members are or have been non-exempt employees of Defendants entitled to the full protections of the <u>Labor Code</u> and the applicable Wage Orders.

77.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the

employee is suffered or permitted to work, whether or not required to do so."

78.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

79.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

80.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

81.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

82.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

83.    Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

84.    Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

85.    Labor Code sectopm 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

86.    Labor Code section 510 and section 3 of the applicable Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours

worked on the seventh consecutive day of one workweek.

87.    Labor Code section 510 and section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

88.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Google Staffing Class and Google Expedition Class** members with respect to working conditions and compensation arrangements.

89.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting him to work during unpaid meal periods, and/or by failing to properly pay Plaintiff and **Google Staffing Class and Google Expedition Class** members all overtime hours worked.

90.    Plaintiff is informed and believes that, at all relevant times and as matters of policy and/or practice, Defendants have failed also to pay hourly wages to **Google Staffing Class and Google Expedition Class** members for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

91.    At all relevant times, Plaintiff and **Google Staffing Class and Google Expedition Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

92.    Labor Code § 512 and Section 11 of the Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of more than ten hours.

93.    Labor Code § 226.7 and Section 11 of the Wage Order prohibit an

employer from requiring its employees to work during required meal periods and also require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a meal period.

94.    Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

95.    Labor Code § 226.7 and Section 12 of the Wage Order prohibit an employer from requiring its employees to work during required rest periods and also require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest period.

96.    California law uses the terms "compensation" and "pay" interchangeably and requires that all applicable remuneration, including, but not limited to, commissions and non-discretionary bonuses, be included when calculating an employee's regular rate of pay.

97.    At all relevant times, Defendants paid Plaintiff premium wages based on a rate of compensation that did not reflect, among other things, non-discretionary bonuses and/or shift differential pay as required by Labor Code § 226.7(b) and Sections 11 and 12 of the Wage Order on the occasions when Defendants paid him premium wages in lieu of meal and/or rest periods.

98.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy and practice of paying **Google Staffing Class and Google Expedition Class** members premium wages based on rates of compensation that have not reflected non-discretionary bonuses and/or shift differential pay as required by Labor Code § 226.7(b) and Sections 11 and 12 of the Wage Order on the occasions when Defendants paid them premium wages in lieu of meal and/or rest periods.

99.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the

substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Google Staffing Class and Google Expedition Class** members, seeks to recover reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY**

**(Lab. Code § 2802(a))**

**(By Plaintiff, Google Staffing Mileage Reimbursement Sub-Class, Google Expedition California Sub-Class)**

100.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

101.    In pertinent part, California Labor Code § 2802(a) states, "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

102.    At relevant times during the applicable limitations period, Plaintiff and the members of the **Google Staffing Mileage Reimbursement Sub-Class and Google Expedition California Sub-Class** incurred necessary business related expenses and costs, including, but not limited to, gas and mileage.

103.    Defendants reimbursed Plaintiff for mileage expenses at thirty-three (33) cents per mile. Plaintiff is informed and believes and thereon alleges that the reimbursement paid by Defendants was insufficient to indemnify Plaintiff for all necessary expenses incurred in the discharge of his duties.

104.    Plaintiff is informed and believes and thereon alleges Defendants failed to reimburse members of the **Google Staffing Mileage Reimbursement Sub-Class and Google Expedition California Sub-Class** for mileage expenses.

105.    At relevant times during the applicable limitations period, Defendants required Plaintiff and the members of the **Google Staffing Mileage Reimbursement Sub-Class and Google Expedition California Sub-Class** to pay for losses caused by Defendants' want of ordinary care. Defendants failed to indemnify Plaintiff and the members of the **Google Staffing**

**Mileage Reimbursement Sub-Class and Google Expedition California Sub-Class** for such expenditures.

106.    As a result of their reimbursement policies and practices, Plaintiff is informed and believes and thereon alleges that Defendants failed to reimburse him and **Google Staffing Mileage Reimbursement Sub-Class and Google Expedition California Sub-Class** members for all necessary business expenses.

107.    By reason of the above, Plaintiff and the members of the **Google Staffing Mileage Reimbursement Sub-Class and Google Expedition California Sub-Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

108.    Plaintiff, on behalf of herself and the members of the **Google Staffing Mileage Reimbursement Sub-Class and Google Expedition California Sub-Class**, seeks interest thereon pursuant to California Labor Code § 218.6, costs pursuant to California Labor Code § 218.6, and reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff, Google Staffing Wage Statement Penalties Sub-Class, Google Expedition California Sub-Class)

109.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

110.    Labor Code § 226(a) states in pertinent part the following:

"(a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the  employer, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the

inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer."

111.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Google Staffing Wage Statement Penalties Sub-Class and Google Expedition California Sub-Class** members with written wage statements as described supra in this complaint.

112.    Plaintiff is informed and believes, and thereupon alleges, that at all relevant times, Defendants have failed to provide **Google Staffing Wage Statement Penalties Sub-Class and Google Expedition California Sub-Class** members with written wage statements that comply with the requirements of Labor Code section 226(a) because applicable meal and rest period premiums were not included and therefore gross wages earned were not accurately reflected.

113.    Plaintiff is informed and believes that Defendants' failures to provide him and **Google Staffing Wage Statement Penalties Sub-Class and Google Expedition California Sub-Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

114.    Plaintiff and **Google Staffing Wage Statement Penalties Sub-Class and Google Expedition California Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

115.    Pursuant to Labor Code § 226(e), Plaintiff, on behalf of herself and **Google**

Staffing Wage Statement Penalties Sub-Class and Google Expedition California Sub-Class members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of <u>Labor Code</u> § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of <u>Labor Code</u> § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff, Google Staffing Waiting Time Penalties Sub-Class, Google Expedition California Sub-Class)

116.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

117.    At all relevant times, Plaintiff and **Google Staffing Waiting Time Penalties Sub-Class and Google Expedition California Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

118.    At all relevant times, pursuant to <u>Labor Code</u> section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

119.    At all relevant times, pursuant to <u>Labor Code</u> section 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

120.    At all relevant times, pursuant to <u>Labor Code</u> section 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

121.    During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with <u>Labor Code</u> section 201 by failing to timely pay him all of his final wages.

122.    Plaintiff is informed and believes that, at all relevant times, Defendants

have failed to timely pay **Google Staffing Waiting Time Penalties Sub-Class and Google Expedition California Sub-Class** members all of their final wages in accordance with <u>Labor Code</u> sections 201 or 202.

123.     Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Google Staffing Waiting Time Penalties Sub-Class and Google Expedition California Sub-Class** members their final wages without regard to the requirements of <u>Labor Code</u> sections 201 and 202 by failing to timely pay them all final wages.

124.     Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to him and **Google Staffing Waiting Time Penalties Sub-Class and Google Expedition California Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with <u>Labor Code</u> sections 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

125.     Pursuant to <u>Labor Code</u> sections 203 and 218.6, Plaintiff, on behalf of herself and **Google Staffing Waiting Time Penalties Sub-Class and Google Expedition California Sub-Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

126.     Pursuant to <u>Code of Civil Procedure</u> section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Google Staffing Waiting Time Penalties Sub-Class and Google Expedition California Sub-Class** members, seeks awards of reasonable costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

**(By Plaintiff and UCL Class)**

127.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

128.     <u>Business and Professions Code</u> section 17200 defines "unfair competition" to

include any unlawful business practice.

129.    <u>Business and Professions Code</u> sections 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Federal Rules of Civil Procedure 23 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

130.    California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

131.    Plaintiff and the UCL Class realleges and incorporates by reference the FIRST, SECOND, THIRD, FOURTH and EIGHTH causes of action herein.

132.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

133.    Defendants have, or may have, acquired money by means of unfair competition.

134.    Plaintiff is informed and believes and theron alleges that, by committing the Labor Code violations described in this complaint, Defendants violated <u>Labor Code</u> sections 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the <u>Labor Code</u> violations mentioned herein.

135.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours and by failing to pay non-exempt employee for all hours worked and by failing to reimburse them for all expenses.

136.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the <u>Labor Code</u> and the applicable Wage Order.

137.    As stated above, Defendants have violated the Labor Code in multiple respects with regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them wages, failing to reimburse them for expenses, failing to pay them premium wages, and failing to

provide them with accurate wage statements, and failing to pay them all wages due upon separation of employment.

138.    Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium wages in for missed meal and/or rest periods.

139.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business and Professions Code sections 17200, *et seq*. Business and Professions Code section 17200, *et seq*., protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

140.    As a result of Defendants' violations of the Labor Code during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

141.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

142.    Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

143.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of herself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

144.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class** are

entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PAY EMPLOYEES FOR ALL HOURS WORKED

### IN VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

### (29 U.S.C. § 201, *et seq.*)

### (By Plaintiff, Google Expedition Class)

138.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

139.    At all material times herein, Plaintiffs and all similarly situated **Google Expedition Class** who submit Consents to Become Party Plaintiffs are or were employed by and engaged in providing services necessary to description of duties by Defendant, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

140.    The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

141.    At all material times, the (example: start-end travel time, inspection time, and meeting time described above) is necessarily and directly related to the principal activities of the employee's duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements. 29 C.F.R. § 785.38.

142.    At all material times herein, Defendants have violated the FLSA by failing to (explain conduct).

143.    At all material times herein, Defendants have violated the FLSA by failing to pay **Google Expedition Class** at one-and-one-half (1.5) times the regular rate of pay when meeting time causes an employee's total hours worked to exceed forty (40) hours in a week.

144.    Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by their **Google Expedition Class** (example: drivers). 29 U.S.C. § 2ll(c).

25

145.    Plaintiffs and all similarly situated employees are victims of a uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all (employee's) employed by Defendants.

146.    Plaintiffs and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

147.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Plaintiffs and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

148.    As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendants have unlawfully withheld compensation from Plaintiffs and all similarly situated individuals. Defendants are liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C.§ 216(b).

## NINTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698, *et seq.*)

149.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

150.    During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198, and 2802.

151.    Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, of behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to FRCP Rule 23.

152.    Plaintiff, as a former employee against whom Defendants committed one or more

of the alleged <u>Labor Code</u> violations during the applicable limitations period, is an aggrieved employee within the meaning of <u>Labor Code</u> § 2699(c).

153.    Plaintiff has complied with the procedures for bringing suit specified in <u>Labor Code</u> § 2699.3.

154.    Pursuant to <u>Labor Code</u> §§ 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198, and 2802:

A.    For violations of Labor Code §§ 201, 202, 203, 212, 226.7, 227.3, 1194, 1198, and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by <u>Labor Code</u> § 2699(f)(2));

B.    For violations of <u>Labor Code</u> § 203, a penalty in an amount not exceeding 30 days pay as waiting time (penalties set by <u>Labor Code</u> § 256).

C.    For violations of <u>Labor Code</u> § 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by <u>Labor Code</u> § 210);

D.    For violations of <u>Labor Code</u> § 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional

(penalties set by <u>Labor Code</u> § 225.5);

E.    For violations of <u>Labor Code</u> § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by <u>Labor Code</u> § 226.3);

F.    For violations of <u>Labor Code</u> §§ 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by <u>Labor Code</u> § 558); and

G.    For violations of <u>Labor Code</u> § 1197, $100 for each aggrieved employee for each initial violation of <u>Labor Code</u> § 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of § 1197, regardless of whether the initial violation was intentional (penalties set by <u>Labor Code</u> § 1197.1).

155.    Pursuant to <u>Labor Code</u> § 2699(g), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with his claims for civil penalties.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

A.  An order that the action be certified as a class action;

B.  An order that Plaintiff be appointed class representative;

C.  An order that counsel for Plaintiff be appointed class counsel;

D.  Unpaid Wages;

E.  Actual Damages;

F.  Liquidated Damages;

G.  Restitution;

H.  Declaratory relief;

I.   Pre-judgment interest;

J.   Statutory penalties;

K.   Civil penalties;

L.   Costs of suit;

M.  Reasonable attorneys' fees; and

N.  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself, all others similarly situated, and the general public, hereby demands a jury trial on all issues so triable.


DATED:  October 31, 2017                    SETAREH LAW GROUP



                                      BY  __/s/ Shaun Setareh
                                      SHAUN SETAREH
                                      Attorneys for Plaintiff,
                                      CHRISTIANA BUSH

*Bush v. Vaco Technology Services, LLC, et al.*                    First Amended Class Action Complaint