Zachary P. Hutton (SBN 234737)
W. Tucker Page (SBN 306728)
Paul A. Holton (SBN 313047)
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
zachhutton@paulhastings.com
tuckerpage@paulhastings.com
paulholton@paulhastings.com

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIANA BUSH, on behalf of herself, all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VACO TECHNOLOGY SERVICES, LLC, a Tennessee limited liability company; VACO SAN FRANCISCO, LLC, a Tennessee limited liability company; VACO LAJOLLA, LLC, a Tennessee limited liability company; VACO ORANGE COUNTY, LLC, a California limited liability company; VACO LOS ANGELES, LLC, a Tennessee limited liability company; GOOGLE, INC., a Delaware corporation; and DOES 1 to 50, inclusive,<br><br>Defendants. | No. 5:17-cv-05605-BLF<br><br>**DEFENDANT GOOGLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, STRIKE CLASS AND REPRESENTATIVE ALLEGATIONS**<br><br>Date:　　　　February 22, 2018<br>Time:　　　　9:00 a.m.<br>Courtroom:　3<br>Judge:　　　Hon. Beth Labson Freeman<br><br>Complaint filed:　August 24, 2017<br>Trial date:　　　None set |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. PLAINTIFF'S CLASS CLAIMS CAN AND SHOULD BE DISMISSED ................................ 1

    A. Plaintiff's Class Claims Are Not Immune From *Twombly/Iqbal* ...................................... 1

    B. Under *Twombly/Iqbal*, Plaintiff's Class Claims Are Woefully Insufficient...................... 4

        1. Plaintiff Has Not Pled Facts That Make It Plausible Google Employed Every Individual Assigned To It, Or That Every Exempt Individual Who Performed Services For Google Was Misclassified ............................................... 4

        2. Plaintiff's Factual Allegations Pertaining To Alleged Wage And Hour Violations Are Generic And Conclusory ................................................................ 5

III. PLAINTIFF'S TIME-BARRED PAGA CLAIM IS NOT SUBJECT TO EQUITABLE TOLLING ................................................................................................................................. 9

IV. CONCLUSION...................................................................................................................... 10

LEGAL_US_W # 92289466.7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arias v. Superior Court,*
46 Cal. 4th 969 (2009) ....................................................................................................9

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)...................................................................................................1, 3, 4

*Baumann v. Chase Inv. Servs. Corp.,*
747 F.3d 1117 (9th Cir. 2014) .....................................................................................10

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)................................................................................................1, 2, 3, 4

*Benton v. Telecom Network Specialists, Inc.,*
200 Cal. App. 4th 701 (2013) ........................................................................................5

*Brinker Rest. Corp. v. Superior Court,*
53 Cal. 4th 1004 (2012) .................................................................................................6

*Byrd v. Masonite Corp.,*
No. EDCV 16-35 JGB (KKx), 2016 WL 756523 (C.D. Cal. Feb. 25, 2016).........................2

*Collier v. City of Pasadena,*
142 Cal. App. 3d 917 (1983) .......................................................................................10

*E.E.O.C. v. KB Staffing, LLC,*
No. 8:16-cv-01088-JDW-MAP, 2017 WL 1030527 (M.D. Fla. Mar. 16, 2017) .................2

*E.E.O.C. v. United Parcel Serv., Inc.,*
No. 09-cv-5291, 2013 WL 140604 (N.D. Ill. Jan. 11, 2013)..............................................3

*Flores v. Starwood Hotels & Resorts Worldwide, Inc.,*
No. SACV 14-1093 AG (ANx), 2015 WL 12912337 (C.D. Cal. Mar. 16, 2015)................2

*Franco v. Arakelian Enters., Inc.,*
234 Cal. App. 4th 947 (2015) .......................................................................................9

*Jue v. Costco Wholesale Corp.,*
No. C 10-00033 WHA, 2010 WL 889284 (N.D. Cal. Mar. 11, 2010) ................................2

*Landers v. Quality Commc'ns, Inc.,*
771 F.3d 638 (9th Cir. 2015) ........................................................................................7

*McDonald v. Antelope Valley Cmty. Coll. Dist.,*
45 Cal. 4th 88 (2008) .....................................................................................................9

*Moss v. U.S. Secret Serv.,*
572 F.3d 962 (9th Cir. 2009) ........................................................................................1

# TABLE OF AUTHORITIES
### (cont'd)

Page(s)

*Myers v. MedQuist, Inc.*,
No. 05-4608, 2006 WL 3751210 (D.N.J. Dec. 20, 2006)........................................................3

*Nicholas v. CMRE Fin. Servs., Inc.*,
No. 08-4857 (JLL), 2009 WL 1652275 (D.N.J. June 11, 2009)...........................................3

*Sakkab v. Luxottica Retail N. Am., Inc.*,
803 F.3d 425 (9th Cir. 2015) ..............................................................................................9

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ............................................................................................1

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
505 F. Supp. 2d 609 (N.D. Cal. 2007) .................................................................................3

**Statutes**

Fair Labor Standards Act ("FLSA").........................................................................................7

Labor Code Private Attorneys General Act of 2004 ("PAGA")....................................... *passim*

LEGAL_US_W # 92289466.7

1  **I.   INTRODUCTION**

2      Plaintiff's Opposition does not begin to address the serious deficiencies presented by the generic,

3  overbroad class claims she asserts, or Google's arguments for why her claims cannot go forward.

4  Plaintiff's proposed class could scarcely be broader; it would include every individual, exempt or non-

5  exempt, assigned to Google by any staffing company or third party in the past four years.  The claims

6  would require proof that: (1) Google employed every one of these individuals; (2) every salaried

7  individual assigned to Google by a staffing company or third party was misclassified as exempt; and

8  (3) Google committed nearly every conceivable wage and hour violation against all of them.  Plaintiff

9  contends she is entitled to class discovery, regardless of whether her allegations are plausible or even

10  clearly stated, because the pleadings standard is "liberal."  That cannot be, and is not, the law.  Plaintiff

11  must plead facts sufficient to make her individual *and* class claims plausible.  In her First Amended

12  Complaint, she does neither.

13      Plaintiff also is mistaken that a claim brought under the California Labor Code Private Attorneys

14  General Act of 2004 ("PAGA") by a *different* plaintiff in a *different* action equitably tolls the one-year

15  statute of limitations for her otherwise time-barred PAGA claim.  It does not.

16      Accordingly, for the reasons explained here and in Google's Memorandum, Google respectfully

17  requests that the Court dismiss the First Amended Complaint, and each cause of action, in its entirety,

18  or, in the alternative, strike all class and representative allegations.

19  **II.   PLAINTIFF'S CLASS CLAIMS CAN AND SHOULD BE DISMISSED**

20      **A.     Plaintiff's Class Claims Are Not Immune From *Twombly/Iqbal*.**

21      To survive a motion to dismiss, the allegations in the complaint must be "plausible, not merely

22  possible." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009).  The primary concern driving

23  this rule is discovery abuse, as Google's Memorandum highlights and plaintiff's Opposition ignores.

24  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-60 (2007); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th

25  Cir. 2011) ("[T]he factual allegations that are taken as true must plausibly suggest an entitlement to

26  relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery

27  and continued litigation.").  Post-pleadings discovery controls are no answer.  *Ashcroft v. Iqbal*, 556

28

---

LEGAL_US_W # 92289466.7

1   U.S. 662, 684-85 (2009) ("[T]he question presented by a motion to dismiss a complaint for insufficient

2   pleadings does not turn on the controls placed upon the discovery process.").

3         Plaintiff asks the Court to ignore this, along with the glaring factual deficiencies in her class

4   claims, and let things work themselves out in class discovery.  (*See* Opp. at 8.)  This is exactly what the

5   Supreme Court cautioned against in *Twombly*: "It is no answer to say that a claim just shy of a plausible

6   entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful

7   case management' . . . ."  550 U.S. at 559.  To the contrary, it is in cases like this one—putative class

8   actions that promise costly, time-consuming class discovery that may require significant judicial

9   supervision—that the Supreme Court's concerns about discovery abuse have the most force.  Indeed, as

10  one judge in the Northern District of California has explained:  "[C]lass certification discovery is not a

11  substitute to the pleading requirements of Rule 8 and *Twombly*.  Class allegations must [be] supported

12  by sufficient factual allegations demonstrating that the class device is appropriate and discovery on class

13  certification is warranted."  *Jue v. Costco Wholesale Corp.*, No. C 10-00033 WHA, 2010 WL 889284, at

14  *6 (N.D. Cal. Mar. 11, 2010) (Alsup, J.).

15        For this reason, numerous district courts in the Ninth Circuit and elsewhere have dismissed class

16  claims at the pleadings stage.  In *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, No. SACV 14-

17  1093 AG (ANx), 2015 WL 12912337 (C.D. Cal. Mar. 16, 2015), for example, the court held that the

18  plaintiffs' class allegations were insufficient, rejected the plaintiffs' argument that they were entitled to

19  class discovery regardless, and granted the defendant's motion to dismiss the class claims.  *Id.* at *4.

20  The court explained that "if a class action complaint could survive a motion to dismiss based merely on

21  the need for class discovery, then many, if not all, class action complaints would have expansive class

22  allegations and definitions to permit a fishing expedition during discovery."  *Id.*

23        Other cases are in accord.  *See, e.g.*, *E.E.O.C. v. KB Staffing, LLC*, No. 8:16-cv-01088-JDW-

24  MAP, 2017 WL 1030527, at *2-3 (M.D. Fla. Mar. 16, 2017) (dismissing class claim on ground that

25  plaintiff "fails to allege 'enough facts to state a claim to relief that is plausible on its face' on behalf of

26  the purported class members"); *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKx), 2016 WL

27  756523, at *4 (C.D. Cal. Feb. 25, 2016) (dismissing class claims on ground that "[p]laintiff alleges no

28  facts to demonstrate or even suggest that any member of the putative class had similar work

REPLY ISO MOT. TO DISMISS FAC OR STRIKE
CLASS & REP. ALLEGATIONS
U.S.D.C., N.D. Cal., No. 5:17-cv-05605-BLF

LEGAL_US_W # 92289466.7

1  experiences" to his own); *E.E.O.C. v. United Parcel Serv., Inc.*, No. 09-cv-5291, 2013 WL 140604, at

2  *6 (N.D. Ill. Jan. 11, 2013) (holding that while "*Iqbal* and *Twombly* do not require plaintiffs . . . to plead

3  detailed factual allegations supporting the individual claims of every potential member of a class,"

4  plaintiffs still must "'plead[] factual content that allows the court to draw the reasonable inference'" that

5  the defendant violated the law "as to the unidentified individuals" (second alteration in original)

6  (quoting *Iqbal*, 556 U.S. at 678)); *Nicholas v. CMRE Fin. Servs., Inc.*, No. 08-4857 (JLL), 2009 WL

7  1652275, at *4 (D.N.J. June 11, 2009) ("After *Twombly*, courts in this circuit have found that class

8  allegations must also comply with Rule 8(a) in order to proceed to class discovery.").

9        Plaintiff nonetheless cites *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F. Supp.

10  2d 609, 615 (N.D. Cal. 2007), for the proposition that "the dismissal of class allegations at the pleading

11  stage should be done rarely and the better course is to deny such a motion because the shape and form of

12  a class action evolves only through the process of discovery." (Opp. at 8.)  The actual quotation reads:

13  "[W]hile there is little authority on this issue within the Ninth Circuit, decisions from courts in other

14  jurisdictions have made clear that 'dismissal of class allegations at the pleading stage should be done

15  rarely and that the better course is to deny such a motion because "the shape and form of a class action

16  evolves only through the process of discovery."'"  Plaintiff omitted the internal quotations in her

17  Opposition, perhaps because the quoted material comes from *Myers v. MedQuist, Inc.*, No. 05-4608,

18  2006 WL 3751210, at *4 (D.N.J. Dec. 20, 2006), a pre-*Twombly*/*Iqbal* case.[1]  That *Myers* is pre-

19  *Twombly*/*Iqbal* should come as no surprise, given that the notion that class claims should rarely be

20  policed is directly contrary to the Supreme Court's teaching in *Twombly*/*Iqbal* that the purpose of Rule 8

21  is to avoid unwarranted discovery by rooting out implausible claims *before* discovery.  In any event, *In*

22  *re Wal-Mart* precedes the numerous cases cited above in which district courts, including in the Ninth

23  Circuit, *have* dismissed class claims at the pleadings stage.

24        Finally, plaintiff completely misconstrues Google's argument regarding her attempt to represent

25  class members who worked in states other than California.  (*See* Opp. at 8-9.)  As Google explained in

26  its Memorandum, plaintiff fails to explain how putative class members who worked in states other than

27

28  [1]        Plaintiff's Opposition, at page 2, cites a number of other cases that predate *Twombly*/*Iqbal*.

REPLY ISO MOT. TO DISMISS FAC OR STRIKE
CLASS & REP. ALLEGATIONS
U.S.D.C., N.D. Cal., No. 5:17-cv-05605-BLF

LEGAL_US_W # 92289466.7

California could recover *under the California Labor Code*.  This is grounds to dismiss plaintiff's third cause of action.  It has nothing to do with whether the Court *generally* may dismiss her class claims at the pleadings stage.  It can—and should.

### B.   Under *Twombly/Iqbal*, Plaintiff's Class Claims Are Woefully Insufficient.

#### 1.   Plaintiff Has Not Pled Facts That Make It Plausible Google Employed Every Individual Assigned To It, Or That Every Exempt Individual Who Performed Services For Google Was Misclassified.

The implausibility of plaintiff's class claims cannot be overstated.  Plaintiff brings claims on behalf of *every* individual, exempt or non-exempt, who performed services for Google in California through any staffing agency or other "third party" during the limitations period.[2]  Many of these claims—such as the claim for overtime under California law, which plaintiff brings on behalf of the full Google Staffing Class—are available only to non-exempt employees, as plaintiff admits.  (*See, e.g.*, FAC, ¶ 86.)  Thus, plaintiff necessarily alleges that: (1) Google employed every individual assigned to work for it through a staffing company or "third party"; (2) every exempt, salaried individual assigned to Google was misclassified as exempt; and (3) Google committed class-wide wage and hour violations against every person who performed services of any type, regardless of the entity that employed them, the projects they completed, or the area of the business in which they worked.

Plaintiff argues in her Opposition that these vast claims are factually supported by the "pertinent allegations" in paragraphs 25-41 of the FAC.  (Opp. at 3-8.)  But in paragraphs 25-41, all plaintiff has done is allege facts pertaining to herself and then add "and the putative class" after "Plaintiff."  The result is nonsensical.  For example, plaintiff alleges that "Plaintiff and the putative class drove their vehicles to various schools in Northern California and would have to be there at least an hour or two before each teacher's first class."  (FAC, ¶ 29.)  Plaintiff cannot possibly, in good faith, allege that *every* member of "the putative class," under the broad class definition that plaintiff offers in the First Amended Complaint, did this.  Plaintiff's allegations regarding "the putative class" plainly are implausible.  At minimum, they fail to provide any factual support for plaintiff's broader, predicate

---

[2]   In other words, everyone from janitorial workers to research scientists is included in the class as pleaded.

LEGAL_US_W # 92289466.7

allegations that Google employed every individual assigned to work for it through a staffing company or "third party," and that every exempt, salaried individual assigned to Google was misclassified.[3]

Plaintiff's only counter-argument attacks a straw man. Google does not contend, and never has, that there is anything "inherently impermissible" about a class of staffing company employees. (Opp. at 9.) Rather, Google contends that plaintiff has utterly failed to provide sufficient factual support to maintain her vague claims on behalf of the unbounded class proposed in *this* action. For that reason, neither plaintiff's discussion of *Benton v. Telecom Network Specialists, Inc.*, 220 Cal. App. 4th 701 (2013), nor the purported fact that "Plaintiff's counsel has certified settlement classes of all employees of a staffing company" (Opp. at 10) are relevant.

Accordingly, plaintiff's class claims should be dismissed. Few (if any) cases present class claims more suited to dismissal at the pleadings stage than those here.

### 2. Plaintiff's Factual Allegations Pertaining To Alleged Wage And Hour Violations Are Generic And Conclusory.

On top of the implausible, vague allegations that Google employed every worker assigned to it by any staffing company or third party, and that every exempt worker assigned to Google during a four-year period was misclassified, the individual causes of action in plaintiff's First Amended Complaint suffer from numerous deficiencies that plaintiff's Opposition fails to address.

### *First and Second Causes of Action: Meal and Rest Periods*

Plaintiff's meal and rest period claims are based on little more than vague assertions, untethered to specific factual matter about the experience of plaintiff or anyone else, of understaffing and too much work. And once again, they purport to apply to workers across every spectrum of Google's business, regardless of roles or duties, such that a temporary warehouse worker suffered the same violation as an architectural consultant.

Plaintiff agrees that the relevant allegations are those in paragraphs 36 and 38, that "Plaintiff and the putative class members" were denied compliant meal and rest periods due to:

---

[3] As Google explained in its Memorandum, whether an individual is an employee and whether an individual is misclassified both are individualized, fact-specific questions that make the class definition overbroad on its face.

1

2

3

4

> (1) Defendants' policy of not scheduling each meal period [and rest period] as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

5

6

7

8

9

(FAC, ¶¶ 36, 38; *see* Opp. at 10.)  Under *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012), plaintiff must show that she was denied the opportunity to take meal and rest periods.  (*See* Mem. at 7.)  But plaintiff's allegations in paragraphs 36 and 38 are far too generalized to make it plausible that this occurred, as to herself or anyone else in the vast putative class.  Plaintiff's generic allegations could be cut and pasted into a complaint against any company.

10

11

12

13

14

15

16

17

18

19

20

21

22

Plaintiff's second argument, that "if Google classified Plaintiff as exempt, then it is logically more than plausible that Google did not provide Plaintiff with rights such as . . . meal breaks that exempt employees are not entitled to" (Opp. at 11), suffers from the same erroneous interpretation of *Brinker*.  It may be plausible, of course, that if plaintiff was classified as exempt, Google would not police her meal periods as it might a non-exempt employee.  But that misses the point.  Under *Brinker*, an employer has no duty to *require* a non-exempt employee to take a meal or rest period—only to provide that employee with the *opportunity* to take a meal or rest period.  *See* 53 Cal. 4th at 1040-41 (holding that employer satisfies obligation to provide meal period "if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so," and that "the employer is not obligated to police meal breaks and ensure no work thereafter is performed").  Plaintiff still must allege factual matter making it plausible that she and putative class members were denied the *opportunity* to take meal and rest periods.  She has not. [4]

23

24

25

26

27

28

---

[4]     In any event, plaintiff's misclassification argument applies only to class members who allegedly were classified as exempt, so it could not save plaintiff's claims as to the countless other class members who allegedly were classified as *non*-exempt.

LEGAL_US_W # 92289466.7

*Third and Eighth Causes of Action: Minimum and Overtime Wages*

Plaintiff's third and eighth causes of action, for failure to pay minimum and overtime wages in violation of the California Labor Code and the FLSA, do not plead a sufficient factual predicate for multiple reasons.

*First*, to the extent plaintiff alleges that she and the applicable putative class were not paid adequate wages for "work during unpaid meal periods" (*see, e.g.*, FAC, ¶¶ 89-90), those claims fail for the same reasons that plaintiff's meal period claim fails.  Plaintiff does not dispute this.

*Second*, as plaintiff recognizes in her Opposition, to survive a motion to dismiss even her individual overtime claim, under *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2015), the plaintiff must "allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours"—or, under California overtime law, at least one workday in which they worked in excess of eight hours—and were not paid overtime.  *Id.* at 646.  Plaintiff argues that the First Amended Complaint satisfies this requirement because it alleges, in paragraph 28, that plaintiff worked 13-hour days and a 65-hour week in her first week as a Google Expedition Team Lead.  (Opp. at 11.) For starters, paragraph 28 does not say this.  Paragraph 28 alleges that plaintiff was required to arrive at Google "*as early as* 8:00 A.M. and to work *as late as* 9:00 P.M. from Monday through Friday."  (FAC, ¶ 28 (emphases added).)  This is not equivalent to an allegation that plaintiff worked at Google from 8:00 a.m. to 9:00 p.m. every day Monday through Friday, as necessary for plaintiff to have worked 13-hour workdays and a 65-hour workweek.  More importantly, plaintiff pleads no facts at all as to the thousands of other workers who fall into her overbroad class definition.

*Third*, even though plaintiff defines in the First Amended Complaint a Google Expedition California Sub-Class consisting of all persons who worked in Google Expedition Team positions *in California*, she brings the third cause of action on behalf of the broader Google Expedition Class consisting of all persons who worked in Google Expedition Team positions *anywhere in the United States*.  But she fails to explain in either her First Amended Complaint or her Opposition how Google Expedition Class members who never worked in California could recover under the California Labor Code.  Thus, plaintiff's third cause of action fails for this independent reason as well.

1

*Fourth Cause of Action: Expense Reimbursement*

2        Although plaintiff's expense reimbursement claim is difficult to parse, plaintiff appears to make

3  two allegations—one about recharging cell phones and another regarding mileage reimbursement.  Both

4  fail to state a claim for plaintiff or anyone else.

5        Even plaintiff's individual claim for recharging cell phones fails because (1) plaintiff fails to

6  identify an actual expense stemming from recharging those cell phones, and (2) the First Amended

7  Complaint alleges that plaintiff *was* reimbursed for this unstated expense.  (*See* FAC, ¶ 41.)  Plaintiff

8  now, in her Opposition, argues that "[o]bviously, recharging 75 cellphones would lead to a substantial

9  electric bill."  (Opp. at 12.)  But this allegation (which plainly is specific to plaintiff, not the putative

10 class) appears nowhere in the First Amended Complaint.  Plaintiff cannot rescue her First Amended

11 Complaint making factual allegations in her Opposition.  Moreover, plaintiff elsewhere alleges that she

12 *was* reimbursed for these expenses.  (FAC, ¶ 41.)

13       Plaintiff's claim regarding mileage reimbursement fails for the reasons provided in Google's

14 Memorandum, which plaintiff ignores in her Opposition.

15       But perhaps the most significant problem with plaintiff's expense reimbursement claim, which

16 she likewise ignores, is the class definition.  Plaintiff admits that she "does not plead facts suggesting

17 that all Google employees hired through staffing companies incurred unreimbursed business expenses"

18 (the Google Staffing Class) but argues that this is irrelevant because she brings the claim on behalf of

19 the narrower Google Staffing Mileage Reimbursement Sub-Class.  This provides little clarity, however,

20 because the Google Staffing Mileage Reimbursement Sub-Class consists of every person in the Google

21 Staffing Class "who drove a vehicle."  What this means is completely unclear.  And regardless of how

22 "drove a vehicle" is to be interpreted, it is equally unclear why every individual who performed services

23 for Google in California through any staffing agency or other "third party" during the limitations period

24 and "drove a vehicle" would have an expense reimbursement claim that pertains to recharging cell

25 phones.  Thus, here again, plaintiff fails to provide any factual support for her vast class claims.

26

27

28

REPLY ISO MOT. TO DISMISS FAC OR STRIKE
CLASS & REP. ALLEGATIONS
U.S.D.C., N.D. Cal., No. 5:17-cv-05605-BLF

LEGAL_US_W # 92289466.7

1                      **Fifth, Sixth, Seventh, and Ninth Causes of Action: Derivative Claims**

2         Plaintiff admits that her fifth, sixth, and seventh causes of action are derivative (*see* Opp. at 14)

3 and does not contest that her ninth cause of action (PAGA) also is derivative.  Accordingly, those causes

4 of action fail for the same reasons as her other causes of action.

5 **III.   PLAINTIFF'S TIME-BARRED PAGA CLAIM IS NOT SUBJECT TO EQUITABLE**
6        **TOLLING**

7         Plaintiff admits that her PAGA claim is timely *only* if the Court concludes that the one-year

8 statute of limitations should be equitably tolled based on the filing of a PAGA claim by a *different*

9 plaintiff, Megan Carroll, in another case (*Trujillo*), that was dismissed as to Google by the court.  For

10 multiple reasons—included those raised in Google's Memorandum, which plaintiff entirely ignores—

11 equitable tolling does not apply here.

12         "Broadly speaking, the doctrine [of equitable tolling] applies '[w]hen an injured person has

13 several legal remedies and, reasonably and in good faith, pursues one.'"  *McDonald v. Antelope Valley*

14 *Cmty. Coll. Dist.*, 45 Cal. 4th 88, 100 (2008) (second alteration in original) (quoting *Elkins v. Derby*, 12

15 Cal. 3d 410, 414 (1974)).  Plaintiff did not pursue any legal remedy before submitting her PAGA notice

16 on July 19, 2017, nearly a year after the expiration of the one-year statute of limitations for her PAGA

17 claim.  Any argument that plaintiff pursued a legal remedy through Ms. Carroll's PAGA claim in

18 *Trujillo* misapprehends the nature of PAGA claims.  The plaintiff in a PAGA action represents *the State*,

19 not other employees.  *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009) ("An employee plaintiff

20 suing, as here, under [PAGA], does so as the proxy or agent of the state's labor law enforcement

21 agencies."); *Franco v. Arakelian Enters., Inc.*, 234 Cal. App. 4th 947, 962 (2015) ("[T]he rights asserted

22 in an action under the PAGA are those of the state rather than of the plaintiff-employee.").  For this

23 reason, as the Ninth Circuit has explained, even if an employee-plaintiff obtains civil penalties in a

24 PAGA action, "the employee-plaintiff does not vindicate absent employees' claims, for the PAGA does

25 not give absent employees any substantive right to bring their 'own' PAGA claims."  *Sakkab v.*

26 *Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 435 (9th Cir. 2015).

27         Additionally, as explained in Google's Memorandum, a PAGA action does not imply to any

28 aggrieved employee that his or her interests are being protected by prosecution of the action.  Unlike a

-9-

REPLY ISO MOT. TO DISMISS FAC OR STRIKE
CLASS & REP. ALLEGATIONS
U.S.D.C., N.D. Cal., No. 5:17-cv-05605-BLF

1    class action, "PAGA has no notice requirements for unnamed aggrieved employees, nor may such

2    employees opt out of a PAGA action." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122 (9th

3    Cir. 2014).

4    Unlike *Collier v. City of Pasadena*, 142 Cal. App. 3d 917 (1983), this is not a case where the

5    plaintiff justifiably delayed in asserting claims because s/he believed those rights would be adjudicated

6    in an already-pending action. Plaintiff fails to cite a single case in which the court equitably tolled the

7    claims of a second unrelated plaintiff based on the filing of a PAGA lawsuit by a different plaintiff.

8    Plaintiff's curious contention that equitable tolling is necessary to prevent Google from making

9    an end-run around PAGA's requirements regarding settlement is unfounded. Plaintiff apparently argues

10   that (1) Ms. Carroll brought a PAGA claim; (2) the parties settled Ms. Carroll's individual claims;

11   (3) the parties did not seek court approval of the "settlement of the representative PAGA claims"; (4) as

12   a result, any "settlement of the representative PAGA claims" was invalid; and (5) the Court therefore

13   should equitably toll the statute of limitations for plaintiff's PAGA claim in this action. (*See* Opp. at

14   13.) As an initial matter, the court *did* approve the settlement of Ms. Carroll's individual claims, along

15   with the dismissal of PAGA and other claims against Google, in an order dated October 17, 2017. The

16   parties did not seek court approval of any "settlement of the representative PAGA claims" because there

17   was no "settlement of the representative PAGA claims"; the parties settled only Ms. Carroll's *individual*

18   claims, as plaintiff admits. (*See id.*) Moreover, the settlement is irrelevant to whether equitable tolling

19   applies to plaintiff's PAGA claim. Plaintiff offers no explanation of how or why it permits her to file

20   time-barred claims here.

21   **IV.    CONCLUSION**

22   To obtain discovery—and, in particular, class discovery—plaintiff must allege in her complaint

23   sufficient factual matter to state a plausible claim for relief. Plaintiff has failed, for the second time, to

24   do so. Accordingly, the Court should dismiss the First Amended Complaint, and each cause of action,

25   in its entirety, or, in the alternative, strike all class and representative allegations.

26

27

28

1    DATED:  December 5, 2017                  PAUL HASTINGS LLP

2

3                                              By:  /s/  Zachary P. Hutton
                                                    ZACHARY P. HUTTON
4
                                               Attorneys for Defendant
5                                              GOOGLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 92289466.7