**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTIANA BUSH, <br><br> Plaintiff, <br><br> v. <br><br> VACO TECHNOLOGY SERVICES, LLC, et al., <br><br> Defendants. | Case No. 17-cv-05605-BLF <br><br> **ORDER STAYING DISCOVERY** |

As stated on the record at the hearing on Google's motion to dismiss the First Amended Complaint held on February 22, 2018, discovery in this case is STAYED until Defendants are ordered to answer the complaint, or such earlier time as ordered by the Court. At the hearing on Google's motion to dismiss, the Court indicated that it will grant the motion to dismiss and require significant amendments from Plaintiff in order for this putative class action to proceed, including narrowing the class allegations substantially. A written order on the Court's determination of the motion to dismiss is forthcoming, and will provide Plaintiff with a specified date for those amendments. As currently pled, the scope of Plaintiff's overbroad allegations begs discovery abuse.

A district court has "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Good cause for staying discovery may exist when the district court is "'convinced that the plaintiff will be unable to state a claim for relief.'"

*Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants.").

Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Gibbs v. Carson*, No. C-13-0860, 2014 WL172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Pac. Lumber Co.*, 220 F.R.D. at 351 (citation omitted). Second, the court must determine whether the pending motion can be decided absent discovery. *Id.* at 352 (citation omitted). "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602.

The Court has considered the merits of Google's motion to dismiss in considering whether a limited stay of discovery is warranted in this case. *Tradebay*, 278 F.R.D. at 602. As stated on the record at the February 22, 2018 hearing, Google's motion is dispositive and Plaintiff is required to amend the pleadings in order to proceed.[1] Second, discovery is unnecessary for resolution of the motion to dismiss, or any subsequent motion to dismiss. Accordingly, under Ninth Circuit law and the two-pronged approach applied by courts in this district, the Court finds that good cause exists to stay discovery until Plaintiff's and the class allegations are adequately pled. *See* Fed. R. Civ. P. 26(c)(1)(A). This discovery stay furthers the goal of efficiency for the court and the litigants, and is necessary to protect Google from oppressive discovery based on overbroad allegations that will not proceed.

---

[1] Again, a deadline for those amendments will be set forth in the Court's Order on Google's motion to dismiss the FAC.

2

For the reasons set forth above and those stated on the record, discovery in this case is STAYED until Defendants are ordered to answer the complaint. The parties shall file a stipulated pre-trial schedule including discovery cut-off dates within fourteen (14) days of the lifting of the discovery stay.

**IT IS SO ORDERED.**

Dated: February 26, 2018

_____
BETH LABSON FREEMAN
United States District Judge