**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

|  |  |
|---|---|
| CHRISTIANA BUSH,<br><br>               Plaintiff,<br><br>      v.<br><br>VACO TECHNOLOGY SERVICES, LLC, et al.,<br><br>               Defendants. | Case No. 17-cv-05605-BLF<br><br>**ORDER (1) GRANTING WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART DEFENDANT GOOGLE'S MOTION TO DISMISS THE FAC; (2) DENYING WITHOUT PREJUDICE VACO DEFENDANTS' MOTION TO STAY PENDING ADJUDICATION OF *TRUJILLO* ACTION**<br><br>[Re: ECF 21, 23] |

It is no secret that technology companies employing anyone from chefs to engineers to salespersons in order to keep up with the fast pace of Silicon Valley outsource some of their staffing decisions. In this case, Plaintiff Christiana Bush ("Bush") alleges that Defendants Google LLC ("Google") and staffing company Vaco Technology Services, LLC, Vaco San Francisco, LLC, Vaco LaJolla, LLC, Vaco Orange County, LLC, and Vaco Los Angeles, LLC (collectively, the "Vaco Defendants" or "Vaco") (together with Google, "Defendants") misclassified her as an exempt employee when she worked as a Google Expedition Team Lead, when in fact she was non-exempt. *See* First Amended Complaint ("FAC"), ECF 20. Bush seeks to represent several proposed classes and subclasses encompassing all persons employed by Google through any staffing agency, including Vaco, or any other third parties in California since May 2011. *See generally* FAC.

Google moves to dismiss the FAC, arguing that Bush's factually deficient individual allegations and overbroad claims on behalf of a highly disparate class amount to pleading abuse and fail to satisfy the requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2000). *See* ECF 21 ("MTD"). Google also specifically moves to dismiss Bush's ninth cause of action for civil penalties pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698 *et seq*., as time-barred. MTD at 12. Meanwhile, the Vaco Defendants move to stay this action pending adjudication of a previously filed class action pending in California Superior Court, County of Santa Clara, *Daniel Trujillo, et al., v. Vaco Technology Services, LLC, et al.*, Case No. 1-15-CV-280846 ("*Trujillo* Action"). *See* Motion to Stay, ECF 23.

The Court held a hearing on Google's motion to dismiss the FAC and the Vaco Defendants' motion to stay on February 22, 2018. For the reasons that follow, as well as those stated on the record at the hearing, Google's motion to dismiss the FAC is GRANTED WITH LEAVE TO AMEND with the exception of Bush's PAGA claim, which is time-barred and thus DISMISSED WITHOUT LEAVE TO AMEND. The Vaco Defendants' motion to stay this entire action, or the claims of the Vaco employees, pending adjudication of *Trujillo* is DENIED WITHOUT PREJUDICE.

## I.      BACKGROUND[1]

### A.      Bush's Role at Google

Bush alleges that on or about May 2014, Defendants hired her as a non-exempt employee for a position primarily involving data entry with a job title of Order Audit Operation Specialist. FAC ¶ 25.[2] In August 2014, Bush was promoted to another non-exempt, hourly position at Google with the title Content Bug Technician, a position primarily involving software quality assurance. *Id.* ¶ 26. Bush was transferred to the Google Expedition Team in or around September

---

[1] Plaintiff's well-pled factual allegations are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).
[2] As discussed below, nowhere in the FAC does Plaintiff differentiate between the conduct of Google and that of the Vaco Defendants. Any amended pleading must address this deficiency in order to provide all Defendants with adequate notice of the claims against them.

2015, and was given the title of Google Expedition Team Lead. *Id.* ¶ 27. At that point, Bush alleges that Defendants classified her as an outside salesperson even though she did not spend more than half of her working hours engaged in exempt sales activity away from the employer's place of business. *Id.*

During her first week as a Google Expedition Team Lead, Bush alleges that she was required to report to Google's headquarters to set up the necessary equipment, which required her to travel to arrive as early as 8:00 A.M., and to work as late as 9:00 P.M. from Monday through Friday. *Id.* ¶ 28. Once the equipment—in this case, new cellphones—was set up and repackaged, Bush and the putative class drove their vehicles to various schools in Northern California to deliver cellphones to the end user. *Id.* ¶ 29. Bush's responsibilities of bringing cellphones to schools and training teachers on how to use them required her to spend several hours at the beginning and end of the day driving to and from the schools and giving orientations. *Id.* Bush alleges that she demonstrated and provided a virtual reality experience to students in schools but was not engaged in any kind of exempt sales activity. *Id.* ¶ 30.

In her role as Expedition Team Lead at Google, Bush alleges that she regularly worked more than ten hours each workday and over sixty hours each workweek. *Id.* ¶ 31. Because she was classified as exempt, she was paid a fixed salary regardless of the hours she worked, was not provided with designated meal or rest periods, was not paid overtime or double time wages, and was not reimbursed for expenses such as driving her personal vehicle to various job sites and charging approximately seventy-five cellphones at home for use by staff. *Id.* In sum, Bush alleges that she and others similarly situated were harmed as a result of Defendants' "policy or practice" of violating various Labor Code provisions and the FLSA, including misclassification, which deprived plaintiffs of the protections they were entitled to under these labor laws.

**B.     The *Trujillo* Action[3]**

On May 19, 2015, counsel for Bush filed a nearly identical lawsuit against Google and

---

[3] The procedural history of the *Trujillo* action is only relevant to the Vaco Defendants' motion to stay and has no bearing on the sufficiency of Bush's allegations or Google's motion to dismiss the FAC in the *Bush* Action.

certain Vaco entities in the *Trujillo* Action in Santa Clara Superior Court. *See* Declaration of

Daniel B. Chammas ("Chammas Decl."), ECF 23-1. The named plaintiff in that putative wage-

and-hour class action, Daniel Trujillo, sought unpaid wages and compensation for allegedly

missed meal and rest breaks. *Id.* ¶ 2. The putative class was limited to Vaco California non-

exempt employees, and sought to hold Google liable only to the extent that Vaco assigned

employees to Google. *Id.* Trujillo filed a First Amended Complaint on June 18, 2015, adding a

claim under PAGA. *Id.* ¶ 3.

Trujillo himself was incarcerated for an unrelated criminal matter, and his counsel (the

same attorneys representing Bush in the instant action) sought replacement representatives for the

*Trujillo* Action. *Id.* ¶ 4. Thereafter, counsel filed a Second Amended Complaint to replace

Trujillo with new representative plaintiffs Megan Carroll ("Carroll") and Sierra Robinson

("Robinson"). *Id.* Carroll and Robinson filed a Third Amended Complaint on September 19,

2016. *Id.* ¶ 5. After Google and the Vaco Defendants demurred and moved to strike the class

allegations, Carroll and Robinson filed the operative Fourth Amended Complaint in the *Trujillo*

Action on November 7, 2016. *Id.* ¶ 6; *see also* Chammas Decl. Exh. A.

The parties engaged in private mediation in the *Trujillo* Action, which resulted in

settlement of Carroll's claims on an individual basis and a release of her PAGA and class claims

against all Defendants. Chammas Decl. ¶ 8. Because the only remaining representative in the

*Trujillo* Action, Robinson, never worked for Google, the settlement agreement dismissed Google

as a defendant. *Id.* Robinson did not settle her claims against the Vaco Defendants, and continues

to pursue her claims in the *Trujillo* Action. *Id.* ¶ 9. However, putative class counsel represented at

the hearing that they have experienced a breakdown in communications with Robinson and the

future of the *Trujillo* action is uncertain.

### C.    The *Bush* Action

On August 24, 2017, represented by the same counsel as plaintiffs in the *Trujillo* Action,

Bush initiated this lawsuit on behalf of herself and others similarly situated against Google and the

Vaco Defendants in the Superior Court of California, County of Santa Clara. *See* Declaration of

Alexandria M. Witte ("Witte Decl.") Exh. A ("Compl."), ECF 1-1. The Vaco Defendants filed an

1    Answer to the original Complaint on September 26, 2017. *See* Witte Decl. Exh. J. On September

2    27, 2017, the Vaco Defendants, joined by Google, removed the *Bush* action to this Court pursuant

3    to federal question jurisdiction because Bush's eighth cause of action asserts a violation of the Fair

4    Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for Defendants' alleged failure to pay

5    wages for all hours worked. *See* ECF 1. Thus, unlike the *Trujillo* Action which remains in state

6    court and seeks relief exclusively under state law, the *Bush* Action arises under federal law.

7        The Vaco Defendants then filed a motion to stay the *Bush* action pending adjudication of

8    the *Trujillo* action, and Google filed a motion to dismiss the original complaint. *See* ECF 8, 16.

9    On October 31, 2017, Bush filed a First Amended Complaint as of right against Defendants,

10   which became the operative complaint and rendered the pending motions moot. *See generally*

11   FAC. Bush brings nine causes of action against Defendants, six of which are for violations of the

12   California Labor Code including (1) failure to provide meal periods; (2) failure to provide rest

13   periods; (3) failure to pay hourly and overtime wages; (4) failure to indemnify; (5) failure to

14   provide accurate written wage statements; and (6) failure to timely pay all final wages. Bush also

15   alleges (7) unfair competition in violation of California Business & Professions Code §§ 17200 *et*

16   *seq.*; (8) failure to pay employees for all hours worked in violation of the FLSA; and (9) civil

17   penalties under PAGA. *See* FAC ¶¶ 47-155. Google filed a motion to dismiss all causes of action

18   in the FAC, or in the alternative, to strike class allegations, and the Vaco Defendants filed a

19   renewed motion to stay based on the FAC. *See* ECF 21, 23. The Court held a hearing on both

20   motions as well as an initial Case Management Conference on February 22, 2018.

21       At the hearing, the Court indicated that it would grant Google's motion to dismiss and

22   require Plaintiff to amend significantly in order to proceed with this putative class action,

23   including narrowing the class allegations substantially. The Court agreed with Google that as

24   currently pled, the allegations in the FAC beg discovery abuse. Accordingly, the Court STAYED

25   discovery in its entirety until Defendants are ordered to answer the complaint, or such earlier time

26   as ordered by the Court. *See* ECF 38. The Court also DENIED WITHOUT PREJDUICE the

27   Vaco Defendants' motion to stay this case pending the outcome of the *Trujillo* Action. The

28   Court's reasoning on Google's motion to dismiss and the Vaco Defendants' motion to stay is set

forth below.

## II. REQUEST FOR JUDICIAL NOTICE

Ordinarily, a district court's inquiry on a Rule 12(b)(6) motion to dismiss is limited to the pleadings. "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Indisputable facts are those that are "generally known" or that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Id.*

Google requests this Court to take judicial notice of two records: (1) Bush's Amended and Supplemental PAGA Notice, dated July 19, 2017, sent by Bush to the California Labor and Workforce Development Agency ("LWDA") and Google pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698 et seq. *See* Google's Request for Judicial Notice ("RJN"), Exh. A ("PAGA Notice"), ECF 22; and (2) a joint stipulation and signed order filed in the *Trujillo* Action entered October 17, 2017, dismissing Plaintiff Carroll's claims and Defendant Google from the action pursuant to settlement. *See* RJN Exh. B.

Bush did not file an opposition to Google's request for judicial notice, and the arguments in her opposition to Google's motion to dismiss her PAGA claim also rely on these documents. The Court finds that both Exhibits A and B are proper subjects of judicial notice. The PAGA Notice is incorporated by reference into the FAC. *See* FAC ¶ 153 ("Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3."). The "incorporation by reference" doctrine permits the Court to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal citations omitted). Courts routinely take judicial notice of PAGA notices at the motion to dismiss stage. *See, e.g.*, *Gunn v. Family Dollar Stores, Inc.*, No. 3:14-CV-1916-GPC-BGS, 2016 WL 7030363, at *2 (S.D. Cal. Dec. 2, 2016) (granting defendant's request for judicial notice

"[b]ecause Plaintiff's PAGA claim depends upon the sufficiency of the letter's content and because Plaintiff does not dispute the authenticity of the document.")

With respect to the October 17, 2017 Order in the *Trujillo* Action dismissing Carroll's claims, including her PAGA claim, the Court "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). The *Trujillo* Order attached as Exhibit B is a document filed in Santa Clara Superior Court, and is properly subject to judicial notice. For these reasons, the Court GRANTS Google's request for judicial notice of Exhibits A and B.

### III.     MOTION TO DISMISS

#### A.      Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). However, under the "incorporation by reference" doctrine, the Court also may consider documents which are

referenced extensively in the complaint and which are accepted by all parties as authentic. *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *abrogated on other grounds by S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008).

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

### B.  Failure to State a Claim

Google argues that all of the claims in Bush's FAC are fatally deficient under *Twombly* and *Iqbal*. MTD at 3.[4] The Court will require significant amendment before Bush is permitted to move forward with her own claims against Google, as well as her claims on behalf of a class of Google employees. The Court addresses each of the nine causes of action in the FAC as follows.

#### 1.  Failure to Provide Meal and Rest Periods (Claims 1 and 2)

With respect to her own experience as a Google Expedition Team Lead, Bush fails to allege facts to support the wide swath of Labor Code violations that she asserts against Defendants. In the first two causes of action, the FAC contains only conclusory allegations that Bush was entitled to—and that Defendants failed to provide—required meal and rest periods. *See* FAC ¶¶ 36-39. Not only does Bush fail to differentiate between Google and the Vaco Defendants anywhere in her pleading, she also does not allege any facts to support her claims that Google violated the California Labor Code with respect to her or any other individual regardless of that

---

[4] Google's motion also focuses heavily on the discovery abuse that would result from forcing Google to expend resources to litigate against overbroad and implausible allegations. The Court addressed such concerns by imposing a stay of all discovery, which remains in effect until Defendants are ordered to answer the complaint, or until the Court lifts the stay. ECF 38.

1  individual's employer, classification as exempt or non-exempt, duties, position, or type of

2  engagement. *See* MTD at 5-6.

3       California Labor Code § 226.7(b) provides that "[a]n employer shall not require an

4  employee to work during a meal or rest or recovery period mandated pursuant to an applicable

5  statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the

6  Occupational Safety and Health Standards Board, or the Division of Occupational Safety and

7  Health." Cal. Lab. Code § 226.7(b). Further, § 226.7(c) provides that "[i]f an employer fails to

8  provide an employee a meal or rest or recovery period in accordance with a state law ... the

9  employer shall pay the employee one additional hour of pay at the employee's regular rate of

10 compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab.

11 Code § 226.7(c). Under California Labor Code § 512(a), "[a]n employer may not employ an

12 employee for a work period of more than five hours per day without providing the employee with

13 a meal period of not less than 30 minutes…" Cal. Lab. Code § 512(a).

14      The only factual allegation in the FAC about Bush's own meal and rest periods is that

15 when she was a Google Expedition Team Lead, Bush was "not provided with any designated meal

16 and/or rest periods as she regularly worked through her meal and/or rest periods." FAC ¶ 31. This

17 allegation is partly a conclusion (that Defendants failed to provide designated meal and/or rest

18 periods) and otherwise insufficiently pled because under the applicable law it is irrelevant whether

19 Bush worked through meal or rest periods if they were made available to her. Rather, "[a]n

20 employer's duty with respect to meal breaks under both section 512, subdivision (a) and Wage

21 Order No. 5 is an obligation to provide a meal period to its employees. The employer satisfies this

22 obligation if it relieves its employees of all duty, relinquishes control over their activities and

23 permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not

24 impede or discourage them from doing so." *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th

25 1004, 1040 (2012). Moreover, "the employer is not obligated to police meal breaks and ensure no

26 work thereafter is performed." *Id.* The Court cannot infer that Bush has stated a claim against

27 Google merely because she alleges that she regularly worked through her meal and/or rest periods.

28 More facts are needed to raise Bush's claims above a speculative level. *See Twombly*, 550 U.S. at

570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.")

It is also key to Bush's claims that she plausibly alleges which company (or companies) *employed* her. Yet Bush's factual allegations are fatally vague on this point. She asserts only that she was "initially hired by Defendants" as a non-exempt employee but eventually "promoted" and "transferred" to other positions at Google. *See* FAC ¶¶ 25-27. She provides no factual support that would enable the Court to presume that she had an employment relationship with Google rather than Vaco. This is in part because Bush never differentiates between any of the Defendants. In fact, after she defines the Vaco Defendants in the beginning of the FAC, the remainder of the pleading fails to distinguish between the conduct by the Vaco Defendants (including between one another) and Google's conduct. The Court cannot draw an inference that "Defendants" employed Bush or misclassified her, and therefore cannot infer that Google employed any of the putative class members. *See Lopez v. Wendy's Int'l, Inc.,* No. CV 11–00275 MMM JCX, 2011 WL 6967932, at *2 (C.D. Cal. Sept. 19, 2011) (A plaintiff asserting claims on behalf of a class "does not lower the pleading requirements for the named plaintiff's claims, or in any way blunt the impact of the Supreme Court's holdings in *Twombly* and *Iqbal*.")

The class allegations in the FAC are even more troubling than Bush's individual claims. Bush seeks to represent two proposed classes, a "Google Staffing Class" and a "Google Expedition Class," each of which is composed of several sub-classes. *See* FAC ¶ 17. The Google Staffing Class consists of "[a]ll persons employed by Google through any staffing agencies and/or any other third parties who worked in hourly or non-exempt positions in California during the Relevant Time Period." *Id.* The Google Expedition Class allegedly includes "[a]ll persons employed directly by Google and/or through any staffing agencies and/or any other third parties who worked in Google Expedition Team positions in the United States during the Relevant Time Period." *Id.*[5]

---

[5] Bush also proposes a UCL Class that consists of "[a]ll Google Staffing Class and Google Expedition Class members employed by Defendants in California during the Relevant Time Period." FAC ¶ 17.

1    As explained at the hearing, Bush's use of the undefined term "third parties" in her

2    proposed class definition is overbroad and ambiguous.  In response to the Court's comments at the

3    hearing, counsel for Bush indicated a willingness to remove the "third party" allegations from the

4    pleadings entirely.  Accordingly, the Court expects Plaintiff to remove any allegations on behalf of

5    persons performing services for Google through unidentified "third parties" in the Second

6    Amended Complaint.  The Court also notes that the pronoun used to describe Plaintiff Christiana

7    Bush varies between "his" and "hers" throughout the FAC, which indicates to the Court that these

8    allegations have been copied and pasted from other pleadings.  This oversight by counsel for Bush

9    serves only to distract the Court in its attempt to piece together the factual basis for their client's

10   claims.

11   Other than Bush's broad allegation that she and all putative class members were

12   misclassified as exempt employees, FAC ¶ 33, the FAC is completely devoid of any allegations

13   tying Bush's experience to the thousands of individuals who performed work for Google that are

14   encompassed in the Google Staffing Class and Google Expedition Class.  Although Bush alleges

15   that she was a Google Expedition Team Lead, the putative class extends beyond other individuals

16   in her position, or even those on the Expedition Team nationwide.  The FAC also seeks to include

17   every individual performing services for Google in California through *any* staffing agency or

18   undefined "third party," which could encompass anyone from a temporary worker making

19   minimum wage to consultants and legal counsel earning thousands of dollars per hour.  *See* MTD

20   at 6.  The FAC does not plausibly allege claims on behalf of this overbroad class, or that Bush

21   could somehow represent all of them.  The Court will consider striking class allegations prior to

22   opening discovery to the extent that they remain overly broad after amendment.

23   Bush's class allegations include such general assertions as: "Plaintiff and the putative class

24   members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour

25   work period due to (1) Defendants' policy of not scheduling each meal period as part of each work

26   shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so

27   much work on each employee such that it made it unlikely that an employee would be able to take

28   their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest

11

period policy that encouraged employees to take their meal and rest periods." FAC ¶ 36; *see also id*. ¶ 38. But Defendants' "policy" of failing to provide meal and rest breaks and "chronically understaffing" work shifts, as well as the other undefined "policies and practices," are not factually supported in the FAC.

As pled, Bush's individual and class claims remain speculative. *See Twombly*, 550 U.S. at 545 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.") (internal quotations and citation omitted). Under *Twombly* and *Iqbal*, Bush must do more than conclude that Defendants have a policy and practice to violate California labor laws. For the foregoing reasons, Google's motion to dismiss the first and second causes of action is GRANTED WITH LEAVE TO AMEND.

### 2. Failure to Pay Hourly and Overtime Wages (Claim 3)

Bush's third cause of action alleges failure to pay hourly and overtime wages in violation of California Labor Code §§ 223, 510, 1194, 1197 and 1198. *See* FAC. ¶¶ 75-99. Bush brings this claim against Defendants on behalf of herself, the Google Staffing Class, and the Google Expedition Class. Therefore, unlike the other Labor Code causes of action in the FAC, the third cause of action is brought on behalf of a putative class of persons who worked on the Google Expedition Team anywhere in the United States and not just those in the California sub-class. *Id.* ¶ 17.

Bush's attempt to represent non-California individuals fails because she has not alleged how any putative class members working outside of California can recover under the California Labor Code. In *Cotter v. Lyft, Inc.*, the plaintiffs proposed to represent class members who were residents of other states, who drove for Lyft exclusively in those states, and who "apparently never set foot in California in furtherance of their work with the company." 60 F. Supp. 3d 1059, 1063 (N.D. Cal. 2014). The court explained that "the California wage and hour laws do not create a cause of action for people who fit this description, even if they work for a California-based company that makes all employment-related decisions in California." *Id.*; *see also O'Connor v.*

*Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1006 (N.D. Cal. 2014) (holding "that the Labor Code violations upon which Plaintiffs rely do not apply extraterritorially and, therefore, cannot apply to those Plaintiffs or unnamed class members who worked in states other than California.").

Google's motion to dismiss Bush's Labor Code claims brought on behalf of plaintiffs outside of California is GRANTED WITH LEAVE TO AMEND. If Bush repleads claims on behalf of such persons, she must allege facts to show why a non-California plaintiff can benefit under California law even if they never worked in California.

Bush's third cause of action fares no better with respect to California workers. The FAC recites a host of statutory provisions, but includes only vague and conclusory allegations such as that "Defendants failed to pay hourly wages to Plaintiff for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting him to work during unpaid meal periods, and/or by failing to properly pay Plaintiff and Google Staffing Class and Google Expedition Class members all overtime hours worked." FAC ¶ 89. Google argues that the third cause of action as factually deficient. *See* MTD at 7-9. The Court agrees that Bush must do more than recite the statutory requirements of the California Labor Code in order to subject Google to burdensome discovery and litigation costs.

California Labor Code § 223 provides that "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract." Cal. Lab. Code § 223 (West). California Labor Code § 510(a) provides that "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code § 510(a) (West).

Under California Labor Code § 1194, "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Lab.

13

Code § 1194 (West). Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage. Cal. Lab. Code § 1197 (West). Further, California Labor Code § 1198 provides that "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Cal. Lab. Code § 1198 (West).

Although Bush recounts each of these statutes in the FAC, she does not plausibly allege that Google has violated any of these provisions with respect to her or any of the absent class members. This is because Bush pleads no facts raising the inference that she or any of the class members worked more than 40 hours in a given week without being compensated for that time. The Court credits Bush's allegation that "[i]n her role as a Google Expedition Team Lead, Plaintiff regularly worked more than ten hours each workday, and more than sixty hours each workweek," and that she was paid a "fixed salary." FAC ¶ 31. However, in *Landers v. Quality Commc'ns, Inc.*, the Ninth Circuit held that in order to state a plausible claim for failure to pay overtime wages: "at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." 771 F.3d 638, 646 (9th Cir. 2014), *as amended* (Jan. 26, 2015).[6]

Bush argues that paragraph 28 of the FAC meets the standard set forth in *Landers*. Opp'n to MTD at 11-12. In that paragraph, Bush alleges that "[d]uring her first week as a Google Expedition Team Lead, Plaintiff was required to report to Google's headquarters so [sic] set up the necessary equipment. This required Plaintiff and the putative class to travel to arrive there as early

---

[6] Although *Landers* dealt only with FLSA claims and did not address the California Labor Code, the Court finds the reasoning persuasive in *Freeman v. Zillow, Inc.* applying *Landers* to California Labor Code claims for failure to pay overtime. No. SA-CV-1401843, 2015 WL 5179511, at *4 (C.D. Cal. Mar. 19, 2015) ("Nevertheless, the new standard for FLSA claims articulated in *Landers* was based on the Court's reading of *Twombly* and *Iqbal* and how federal pleading standards have changed after those Supreme Court decisions… As a result, the reasoning in *Landers* also applies to Plaintiff's overtime claim asserted under the California Labor Code."); *see also Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1006 (N.D. Cal. 2016) ("Plaintiffs give the Court no reason to depart from the well-reasoned logic of these other courts in extending *Landers* to various Labor Code claims.")

14

as 8:00 A.M. and to work as late as 9:00 P.M. from Monday through Friday." FAC ¶ 28.

However, this is another way of saying that Bush and the putative class "regularly" worked excess

hours, and does not amount to an allegation that Bush *actually* worked from 8:00 A.M. to 9:00

P.M. every weekday.  In any event, the FAC pleads absolutely no facts supporting an inference

that the thousands of putative class members who were not in Bush's position on the Google

Expedition Team also worked such hours.

Although Bush need not identify a calendar week or particular instance where she was

denied overtime wages, she must *plead facts* raising a plausible inference that such an instance

actually occurred.  Bush has not done so here.  Her bare assertion that she "regularly" worked

more than the statutory requirement is conclusory and insufficient under the standard set forth in

*Landers. See Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1191 (N.D. Cal. 2014) ("Under

*Landers*, allegations such as those asserted in the FAC—that certain plaintiffs 'regularly' or

'regularly and consistently' worked more than 40 hours per week—fall short of the *Twombly/Iqbal*

standard and are thus insufficient to state a claim for denial of overtime compensation.")  Bush's

claims also lack facts regarding "what period of time or type of conduct" she is counting as hours

worked.  *Tan*, 171 F.Supp.3d at 1008.  Accordingly, Bush's allegations "raise the possibility of

undercompensation" but "a possibility is not the same as plausibility." *Id.* (internal quotations

omitted); *see also Freeman v. Zillow, Inc.*, No. SA-CV-1401843, 2015 WL 5179511, at *4 (C.D.

Cal. Mar. 19, 2015).

Google also points out that Bush's claims are contradictory.  Bush alleges in her third

cause of action that "[a]t all relevant times, Defendants paid Plaintiff premium wages based on a

rate of compensation that did not reflect, among other things, non-discretionary bonuses and/or

shift differential pay as required by Labor Code § 226.7(b) and Sections 11 and 12 of the Wage

Order on the occasions when Defendants paid him premium wages in lieu of meal and/or rest

periods." FAC ¶ 97.  In contrast, Bush's first and second causes of action allege that Defendants

"failed to pay premium wages" when class members missed meal periods and rest periods. *Id.*

¶¶ 56, 69.  Therefore, in addition to a lack of factual support, Bush's third cause of action is not

plausible in light of the contradictory allegations elsewhere in the FAC.

For the foregoing reasons, as well as those reasons identified with respect to Bush's first two causes of action and her class allegations, Google's motion to dismiss the third cause of action is GRANTED WITH LEAVE TO AMEND.

### 3.    Failure to Indemnify (Claim 4)

In her fourth cause of action, Bush alleges that Defendants failed to indemnify her for her necessary expenditures—such as gas and mileage—in violation of California Labor Code § 2802(a). *See* FAC ¶¶ 100-108. That provision of the Labor Code provides that "[a]n employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties…" Cal. Lab. Code § 2802(a) (West). As discussed above, all of Bush's Labor Code claims are deficient because Bush fails plausibly to allege an employment relationship with Google. The fourth cause of action also lacks a factual basis for her individual and class claims, and is contradicted by other allegations in the FAC.

Bush alleges that Defendants reimbursed her "for mileage expenses at thirty-three (33) cents per mile," which she is informed and believes "was insufficient to indemnify Plaintiff for all necessary expenses incurred in the discharge of his duties." FAC ¶ 103. Bush does not allege why this amount was insufficient, and this allegation is also at odds with Bush's assertion that she was "not reimbursed for any expenses in the discharge of her duties when she drove her personal vehicle to various job sites and was required to charge approximately seventy-five cell phones at home so that they could be used by staff." *Id.* ¶ 31.[7] Bush alleges elsewhere in the FAC that she and the putative class "were required to drive as much as thirty miles each day and were not reimbursed for mileage or expenses incurred in doing so." *Id.* ¶ 40.

---

[7] Regarding the cellphones that Bush alleges she was required to charge at home, Bush contradicts her allegation that she was not reimbursed for those expenses with a later allegation that "Plaintiff and the putative class were required to recharge Defendants' equipment at home and were reimbursed for these expenses." FAC ¶ 41. Even if the contradiction is a typographical error as Bush suggests, she must clarify the factual basis for her failure to indemnify claim. However, upon amendment, the Court could draw the inference that charging cellphones leads to a higher electrical bill for the employee. Thus, the Court rejects Google's argument that Bush has not alleged any expense associated with charging cellphones.

16

In light of these competing allegations, the Court cannot draw an inference from the FAC that Google failed to reimburse Bush or the class members for the mileage they incurred in the discharge of their duties. The fourth cause of action also fails to plead any facts regarding Google's "reimbursement policies and practices" with respect to reimbursing class members who incurred expenses due to gas and mileage or charging cell phones at home. Indeed, the more plausible inference is that most members of the extremely disparate putative class did not perform the same job functions as Bush and therefore did not incur such expenses.

For these reasons, Google's motion to dismiss the fourth cause of action for failure to indemnify in violation of Labor Code § 2802(a) is GRANTED WITH LEAVE TO AMEND.

### 4. Failure to Provide Accurate Written Wage Statements (Claim 5)

Google moves to dismiss Bush's fifth cause of action for failure to provide accurate written wage statements in violation of Labor Code § 226 on the grounds that the claim is derivative of her first three causes of action which are deficient. *See* MTD at 10. The Court agrees that the fifth cause of action is derivative of Bush's claims that Defendants failed to provide her with required meal and rest period premiums and wages for alleged off-the-clock work. *See* FAC ¶¶ 109-115. Bush also concedes that this cause of action is derivative of her "predicate claims." *See* Opp'n to MTD at 14. Absent facts supporting her first three causes of action, Bush has not plausibly alleged that her wage statements or those of the putative class members were inaccurate. Accordingly, Google's motion to dismiss the fifth cause of action is GRANTED WITH LEAVE TO AMEND for the reasons outlined above.

### 5. Failure to Timely Pay all Final Wages (Claim 6)

Google argues that the factual basis for Bush's sixth cause of action is unclear. MTD at 10. Again, Bush recites Labor Code provisions but does not allege any facts to support her claim. *See* FAC ¶¶ 116-126 (citing Labor Code §§ 201-203). Bush then alleges that Defendants violated the Labor Code by "failing to timely pay him [sic] all of his final wages." FAC ¶ 121. Likewise, Bush alleges that Defendants failed to timely pay putative class members all of their final wages. *Id.* ¶ 122. The Court GRANTS Google's motion to dismiss the sixth cause of action WITH LEAVE TO AMEND because Bush alleges no facts that would "allow[] the court to draw the

17

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).[8]

### 6. Unfair Competition (Claim 7)

In addition to the six Labor Code claims discussed above, Bush alleges that Defendants violated California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq*. FAC ¶¶ 127-144. In order to state a claim for relief under the UCL, Bush must allege facts to raise a plausible inference that Defendants engaged in an "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs." *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1168 (9th Cir. 2012).

Bush appears to proceed under the "unlawful" prong of the UCL. As with her fifth and sixth causes of action, Bush concedes that her UCL claim is derivative of her other causes of action. Opp'n to MTD at 14; *see also* FAC ¶¶ 131, 137. Yet Bush has failed to allege facts to state a plausible claim for a violation of any predicate statute—either the California Labor Code discussed above, or the FLSA discussed below. Bush's failure to allege a plausible unlawful act upon which to base a derivative UCL claim means that she has not stated a claim under the "unlawful" prong of the UCL. *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) (holding that "[a] defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law"); *see also Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185 (2012) ("When a statutory claim fails, a derivative UCL claim also fails.").

Bush provides no other basis for her UCL claim other than Defendants' alleged violations of the predicate statutes. Because her statutory claims in the FAC are inadequately pled, Google's

---

[8] It is not at all clear from the pleadings that Bush bases her sixth cause of action on any of her first five claims for Labor Code violations. However, she argues in her opposition that her Labor Code § 203 claim for "waiting time penalties" is based on other underlying but unspecified predicate claims. Accordingly, Bush's claim for violations of Labor Code §§ 201-203 fails for the same reasons as those identified above, and any amended allegations must provide a factual basis for her "waiting time penalties" claim against Defendants.

18

motion to dismiss the seventh cause of action for a violation of the UCL is GRANTED WITH LEAVE TO AMEND.

### 7. FLSA Violation (Claim 8)

The Court next turns to the eighth cause of action, which is the reason the *Bush* action is in federal court. Bush alleges that Defendants failed to pay their employees for all hours worked in violation of the FLSA, 29 U.S.C. § 201, *et seq. See* FAC ¶¶ 138-148 at 25-26.[9] The FLSA claim is the federal counterpart to Bush's state law claim for failure to pay minimum and overtime wages. As pled, the FLSA claim does not get out of the gate because Bush has failed to allege any facts to support an employment relationship between Google and Bush. It is even less plausible to infer an employment relationship between Google and the putative class, because the Court is entirely unable to infer from the FAC whether Google employed every single individual at all levels of the company who performed services for it through any "third parties."

The FLSA claim is factually deficient in other respects as well. The Court need look no further than Bush's incomplete allegation that "[a]t all material times herein, Defendants have violated the FLSA by failing to (explain conduct)." FAC ¶ 142. The Court cannot infer any misconduct until Bush explains the conduct that she purports is a violation of the FLSA. These unfinished notes appear again just two paragraphs later with another parenthetical: "Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by their Google Expedition Class (example: drivers)." FAC ¶ 144. Moreover, Bush does not explain what she means by "meeting time" in her allegation that Defendants have violated the FLSA by failing to pay the class for such hours. *See id.* ¶ 143. At these paragraphs and others, the FAC reads like an unedited draft that requires proofreading in addition to factual pleading.

For the foregoing reasons, as well as those discussed above regarding dismissal of Bush's state law minimum wage and overtime claims under *Landers*, Google's motion to dismiss Bush's conclusory and implausible FLSA claim is GRANTED WITH LEAVE TO AMEND.

---

[9] The numbering of the paragraphs in the FAC restarts at paragraph 138 after the seventh cause of action and thus the Court additionally identifies these paragraphs by their page number.

### 8. Civil Penalties Under PAGA (Claim 9)

Although the Court affords Bush leave to amend on all of her claims discussed above, Google argues that Bush's ninth cause of action for civil penalties under PAGA is time barred. This raises the question of whether Bush should be granted leave to amend her PAGA claim or whether such amendment would be futile. *See, Enriquez v. Aurora Loan Servs., LLC*, 509 F. App'x 607, 608 (9th Cir. 2013); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.") The Court finds that in addition to the PAGA claim's factual deficiencies—which would warrant amendment if it were the sole basis for dismissal—Bush's PAGA claim is time barred. Accordingly, and for the reasons that follow, Google's motion to dismiss the ninth cause of action is GRANTED WITHOUT LEAVE TO AMEND.

Under PAGA, Lab. Code §§ 2698, *et seq.*, an aggrieved employee, "defined as 'any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed,' may bring a civil action to collect civil penalties for [California] Labor Code violations previously only available in enforcement actions initiated by the State's labor law enforcement agencies." *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 374 (2005). An employee suing under PAGA "does so as [a] proxy or agent of the state's labor law enforcement agencies." *Arias v. Superior Court*, 209 P.3d 923, 933 (Cal. 2009). Consequently, PAGA allows an employee to recover "civil penalties on behalf of the state against his or her employer for [California] Labor Code violations." *Iskanian v. CLS Transp. Los Angeles, LLC*, 327 P.3d 129, 133 (Cal. 2014).

Bush's PAGA claim does not add any factual allegations and is derivative of her Labor Code claims. FAC ¶¶ 149-155. Google's motion to dismiss the PAGA claim is therefore GRANTED for the reasons discussed above regarding the underlying Labor Code violations. *See Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011) ("Because the underlying causes of action fail, the derivative UCL and PAGA claims also fail.") The Court next turns to Google's

argument that Bush's PAGA claim independently fails because it is time barred since Bush filed the claim well over one year after her separation from Google. *See* MTD at 12-15.

A claim for civil penalties under PAGA is governed by a one-year statute of limitations. *See* Cal. Code Civ. P. § 340(a); *see also Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007). However, to pursue a PAGA claim, a plaintiff first must exhaust his or her administrative remedies by providing notice of the PAGA claim to the California Labor and Workforce Development Agency ("LWDA"). *See* Cal. Lab. Code § 2699.3(a)(1). If the LWDA declines to investigate, or does not respond within 65 days, the plaintiff may sue under PAGA. § 2699.3(a)(2).

PAGA exempts this administrative exhaustion period from the limitations period. *Slay v. CVS Caremark Corp.*, No. 1:14-CV-01416-TLN, 2015 WL 2081642, at *5 (E.D. Cal. May 4, 2015); *see* Cal. Lab. Code § 2699.3(d) ("The periods specified in this section are not counted as part of the time limited for the commencement of the civil action to recover penalties under this part."). Thus, PAGA's statute of limitations may be tolled for up to 65 days "to account for the period between when LWDA receives a PAGA complaint letter and when it provides notice to the aggrieved employee whether it grants permission for the aggrieved employee to initiate a civil action." *Crosby v. Wells Fargo Bank, N.A.,* No. CV 1405594–R, 2014 WL 4378774, at *3 (C.D. Cal. Sept. 3, 2014);[10] *see also* Cal. Lab. Code § 2699.3(a)(2) and (d); *Martinez v. Antique & Salvage Liquidators, Inc.,* No. C09–00997–HRL, 2011 WL 500029, at *8 (N.D. Cal. Feb. 8, 2011) *modified in part,* No. C0900997, 2011 WL 766683 (N.D. Cal. Feb. 25, 2011). If the employee receives notice from LWDA in a period shorter than 65 days, the statute of limitations is tolled for the shorter period. *See* Cal. Lab. Code § 2699.3(a)(2) and (d); *Slay*, 2015 WL 2081642, at *5; *Crosby,* 2014 WL 4378774, at *3.

---

[10] As of June 26, 2016, the California Legislature amended PAGA to extend the time required for a plaintiff to wait for administrative exhaustion before filing a claim from 33 days to 65 days. *See* Cal. Stats. 2016, ch. 31, § 190 (S.B. 836) (effective June 26, 2016). Thus, cases prior to June 2016 cited herein refer to the 33 day time period.

"Courts have interpreted the interplay of the statute of limitations with the administrative exhaustion requirements of PAGA to require that a plaintiff file notice with the LWDA within the applicable statute of limitations, namely one year." *Slay*, 2015 WL 2081642, at *5 (citations omitted); *Gonzalez v. Millard Mail Servs.*, No. CV 09–2076–AJB (WVGx), 2012 WL 3629056, at *3 (S.D. Cal. Aug. 21, 2012) ("An employee must exhaust administrative remedies before the LWDA within one year of terminating employment with the Defendants in order to satisfy the statute of limitations"); *see also Slay*, 2015 WL 2081642, at *5 ("The Court finds that Plaintiff had one year from the date of his termination on February 21, 2013 to file his PAGA claims. Plaintiff could toll this statute of limitations for [65] days because he filed his notice within the one-year statute of limitations period.") (citations omitted).

As applied to this case, in order for Bush's PAGA claim to be timely, she must have notified the LWDA of her claim within one year of her separation from Google, and filed her complaint within one year and 65 days of that separation. Bush sent her PAGA Notice to the LWDA on July 19, 2017. *See* PAGA Notice, RJN Exh. A. In her PAGA Notice, Bush alleges that she was employed by Google and the Vaco Entities in an hourly position from August 2014 through November 2015. *Id*. at 2. Accordingly, Google argues that Bush's PAGA claim accrued in November 2015 and her July 19, 2017 PAGA Notice is untimely. *See* MTD at 13. Moreover, Bush filed her complaint on August 24, 2017, more than one year and 65 days after her departure from Google in November 2015.

Bush does not dispute the applicable statute of limitations, the fact that her PAGA Notice was filed more than one year after her separation from Google, or that her complaint was filed more than one year and 65 days after she left Google. Rather, she creatively argues that the Court should apply the doctrine of equitable tolling in order to permit her to step into the shoes of a previous plaintiff in the *Trujillo* Action to pursue a PAGA claim in the *Bush* Action. *See* Opp'n to MTD at 12-14. In essence, Bush argues that because Plaintiff Carroll filed a timely PAGA claim in the *Trujillo* Action, and Google "picked off Carroll's claims by paying her $50,000," this Court should toll the statute of limitations for Bush's PAGA claim. *Id*. at 13. Bush does not cite to a decision by any court, in this Circuit or otherwise, that has ever adopted her proposal. The Court

1  does not find Bush's equitable tolling argument persuasive.

2  The purpose of a statute of limitations is "to prevent assertion of stale claims against a

3  defendant." *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002). Where the danger of prejudice to

4  the defendant is absent, and the interests of justice so require, equitable tolling of the limitations

5  period may be appropriate. *See Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir. 1999). Under

6  California law, "[b]roadly speaking, the doctrine applies when an injured person has several legal

7  remedies and, reasonably and in good faith, pursues one." *McDonald v. Antelope Valley Cmty.*

8  *Coll. Dist.*, 45 Cal. 4th 88, 100 (2008). Thus, a Court may apply equitable tolling "where one

9  action stands to lessen the harm that is the subject of a potential second action; where

10  administrative remedies must be exhausted before a second action can proceed; or where a first

11  action, embarked upon in good faith, is found to be defective for some reason." *Id.* (quoting

12  *Collier v. City of Pasadena*, 142 Cal.App.3d 917, 923 (1983)). A plaintiff must meet three

13  conditions to equitably toll a statute of limitations: (1) the defendant must have had timely notice

14  of the claim; (2) the defendant must not be prejudiced by being required to defend the otherwise

15  barred claim; and (3) the plaintiff's conduct must have been reasonable and in good faith. *Fink v.*

16  *Shedler*, 192 F.3d 911, 916 (9th Cir. 1999), *as amended on denial of reh'g and reh'g en*

17  *banc* (Dec. 13, 1999); *see also Collier*, 142 Cal.App.3d at 924.

18  Bush never pursued her own legal remedy prior to her July 19, 2017 PAGA Notice

19  submitted to the LWDA. Rather, without citing to any legal authority, Bush argues that she

20  should be able to pick up where Carroll left off in the *Trujillo* Action. Opp'n to MTD at 13.

21  However, as explained above, a PAGA claim is not a substantive right but rather it permits an

22  aggrieved employee to pursue civil penalties against an employer on behalf of the state. *Arias v.*

23  *Superior Court*, 46 Cal. 4th 969, 986 (2009); *Franco v. Arakelian Enters., Inc.*, 234 Cal. App. 4th

24  947, 962 (2015) ("[T]he rights asserted in an action under the PAGA are those of the state rather

25  than of the plaintiff-employee.") Accordingly, the California Supreme Court has held that PAGA

26  does not create assignable interests that can be transferred. *Amalgamated Transit Union, Local*

27  *1756, AFL-CIO v. Superior Court*, 46 Cal. 4th 993, 1003 (2009) ("Therefore, under the Labor

28  Code Private Attorneys General Act of 2004 an aggrieved employee cannot assign a claim for

statutory penalties because the employee does not own an assignable interest.")

The recent decision in *Estate of Harrington v. Marten Transp., Ltd.* is instructive. No. CV 15-1419-MWF (ASX), 2017 WL 5513635, at *1 (C.D. Cal. Nov. 6, 2017). In that case, the named plaintiff Donald Harrington brought a timely claim for civil penalties under PAGA against his employer. Harrington died in the middle of the litigation, and new plaintiffs—including Harrington's estate—attempted to step into his shoes and maintain his PAGA claim, even though their PAGA Notices were untimely. *Id.* The new plaintiffs put forth several arguments urging the court to permit them to maintain Harrington's PAGA claim, all of which were rejected. *Id*. at *5-8. The court made clear that the new plaintiffs could not pursue civil penalties on the state's behalf "because they themselves have not been deputized to do so." *Id.* at *5. To the extent the plaintiffs argued that the Estate should be permitted to pursue Harrington's claim, the court held that "a PAGA claim is simply not the kind of claim that survives a plaintiff's death," in light of the fact that PAGA does not create a right that can be assigned. *Id.*

The new plaintiffs in *Harrington* also argued, as Bush argues here, that Harrington's PAGA claim tolled the limitations period for the new plaintiffs to comply with PAGA's notice requirements. *Id.* at *6. The Court agrees with the reasoning in *Harrington* that the tolling principles that apply to class actions are not applicable to PAGA actions. *Id.*; *see also Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1124 (9th Cir. 2014) ("In the end, Rule 23 and PAGA are more dissimilar than alike. A PAGA action is at heart a civil enforcement action filed on behalf of and for the benefit of the state, not a claim for class relief.") That is because a PAGA plaintiff represents the state, not other employees. "Thus, although PAGA actions are *representative* actions, they are not *class actions*." *Harrington*, 2017 WL 5513635, at *6 (emphasis in original). And again, because PAGA does not create a property or substantive right, plaintiffs other than the representative do not have a right in the PAGA claim that tolling would protect. *Id.* (citing *Sakkab v. Luxottica Retail North America, Inc.*, 803 F.3d 425, 436 (9th Cir. 2015)) ("Because a PAGA action is a statutory action for penalties brought as a proxy for the state, rather than a procedure for resolving the claims of other employees, there is no need to protect absent employees' due process rights in PAGA arbitrations.").

In sum, Bush's unsupported argument that the statute of limitations should be tolled by the timely filing of Carroll's claims in the *Trujillo* action cannot be squared with the clear legal principles underlying PAGA. The Court recognizes that Bush is frustrated by Google's resolution of Carroll's individual claims in the *Trujillo* Action, but that tactic does not obviate the requirement that a representative plaintiff must timely comply with PAGA's administrative requirements.[11]

For the foregoing reasons, Google's motion to dismiss Bush's ninth cause of action for civil penalties under PAGA is GRANTED WITHOUT LEAVE TO AMEND. Because Bush's claims are time barred by the applicable statute of limitations, further amendment would be futile. *See Crosby v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1343, 1346 (C.D. Cal. 2014).

**C.      Motion to Strike**

Having dismissed all claims against Google in the FAC pursuant to Rule 12(b)(6), the Court need not address Google's alternative motion to strike Bush's class allegations pursuant to Rule 12(f). *See* MTD at 15. As discussed above, Bush has not alleged sufficient facts to state any claims against Google on an individual or class basis. In light of the Court's comments at the hearing and its reasoning in this Order, the Court anticipates that Bush will significantly narrow her class allegations in the Second Amended Complaint. In the event that Bush continues to pursue claims on behalf of a similarly disparate class without any factual support, the Court will consider striking her class allegations to the extent they remain so overly broad as to invite discovery abuse.

**IV.      MOTION TO STAY**

**A.      Legal Standard**

"Granting a motion to stay is within the sound discretion of the Court." *Fuller v. Amerigas Propane, Inc.*, No. C 09-2493TEH, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009). The

---

[11] In particular, Bush's argument that Google's settlement with Carroll in the *Trujillo* action did not comply with the statutory requirements for settling a PAGA claim is irrelevant to whether equitable tolling applies to Bush's PAGA claim. Bush's assertion that Google's "gamesmanship" in settling with a representative plaintiff "is exactly what equitable tolling is designed to prevent," demonstrates a misunderstanding of the doctrine of equitable tolling. Opp'n to MTD at 2.

power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (internal quotation marks omitted))).

"In considering whether a stay is appropriate, the Court weighs three factors: [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Gustavson v. Mars, Inc.*, Case No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (internal quotation marks and citation omitted) (brackets in original). These factors are drawn from the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936).

### B.	Discussion

The Vaco Defendants move to stay the entire *Bush* Action, or at least the claims brought by Vaco employees, pending the outcome of the *Trujillo* Action.[12]  *See* Motion to Stay, ECF 23. The Vaco Defendants argue that because the FAC seeks to represent a class that includes employees who worked for Vaco and were assigned to Google, all of the employees in the *Bush* Action are already part of the class in the *Trujillo* Action. *Id.* at 2.  Therefore, the resolution of *Trujillo* will necessarily resolve the state law claims of all Vaco class members in the *Bush* Action.

Bush opposes the motion to stay, inexplicably grouping Vaco with Google and arguing that the stay should be denied because "Defendants" created this situation when Google settled its claims with Carroll in the *Trujillo* Action and forced plaintiffs to pursue this separate action.  *See* Opp'n to Mot. to Stay, ECF 25.  Bush also points out that her case includes claims that were not brought in *Trujillo*, such as failure to indemnify and a claim under the FLSA.  *Id.* at 4.  The Vaco Defendants concede that the *Bush* Action is broader than *Trujillo*, because it seeks to represent individuals who performed work for Google through *any* staffing agency or "third party." Mot. to

---

[12] Google does not join in the Vaco Defendants' motion to stay and expressed concerns at the hearing regarding an indefinite stay of Bush's class claims against it.

Stay at 2. Bush also names three additional Vaco entities as defendants, but Vaco argues that these defendants are outside of the proposed class in the FAC because employees of these entities were assigned only to non-Google companies. *See* Declaration of Tracey Power ("Power Decl."), ECF 23-2 ¶ 2.

It is unclear from the briefing whether the Vaco Defendants seek a stay of the *Bush* Action in its entirety, a stay of only the claims brought by Vaco employees, or a stay of "claims against Vaco and all claims brought in the name of Vaco employees, with the exception of the named plaintiff." Mot. to Stay at 3.[13] The Court sought clarification on the scope of the stay at the February 22, 2018 hearing. The Vaco Defendants explained that although they were amenable to a stay of the entire case, the Court could also sever and remand the overlapping part of the *Bush* class to state court, with the exception of the FLSA claim which could be stayed pending adjudication of *Trujillo* in state court.

Vaco's proposal is inconsistent with principles of judicial economy. As discussed at the hearing, staying the claims brought by Vaco employees pending adjudication of *Trujillo* will create two cases out of one. Moreover, counsel for Bush represents that plaintiffs wish to pursue this federal action in light of a breakdown of communication with the only remaining named plaintiff in *Trujillo*. Given the Court's ruling above that all of Bush's individual and class claims are insufficiently pled, it is not at all clear which class members or claims will remain after amendment. At this juncture, the Court cannot predict whether Bush's Second Amended Complaint will be brought on behalf of a class that is co-extensive with *Trujillo*, or whether it will differ substantially.

For these reasons, as well as those stated on the record at the hearing, the Vaco Defendants' motion to stay is DENIED WITHOUT PREJUDICE. If necessary after amendment and upon renewed motion, the Court will revisit whether staying or severing the claims brought by Vaco employees is appropriate under the applicable law.

---

[13] The Vaco Defendants alternate between requesting a stay of the entire action and requesting only a partial stay that is limited in scope. *See, e.g.*, Reply, ECF 30 at 1 (explaining that Vaco is "requesting a stay of only the claims of its California employees who worked at Google").

## V.    ORDER

For the foregoing reasons, as well as those stated on the record at the February 22, 2018 hearing, IT IS HEREBY ORDERED that:

(1) Google's motion to dismiss Bush's first, second, third, fourth, fifth, sixth, seventh, and eighth causes of action in the FAC is GRANTED WITH LEAVE TO AMEND;

(2) Google's motion to dismiss Bush's ninth cause of action for civil penalties under PAGA is GRANTED WITHOUT LEAVE TO AMEND;

(3) Unless otherwise stipulated, Bush shall file a Second Amended Complaint **on or before May 23, 2018.** Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in dismissal of Bush's claims with prejudice.[14]

(4) The Vaco Defendants' motion to stay is DENIED WITHOUT PREJUDICE;

(5) Discovery in this case remains STAYED until Defendants are ordered to answer the complaint, or such earlier time as ordered by the Court. As previously ordered, the parties shall file a stipulated pre-trial schedule including discovery cut-off dates within fourteen (14) days of the lifting of the discovery stay.

Dated: May 2, 2018

BETH LABSON FREEMAN
United States District Judge

---

[14] The Court notes that the Vaco Defendants filed their motion to stay rather than an answer or a motion to dismiss the FAC. Accordingly, within 21 days, Bush may either file a Second Amended Complaint against all Defendants or file a statement of her intent to proceed with respect to the Vaco Defendants only.