Zachary P. Hutton (SBN 234737)
W. Tucker Page (SBN 306728)
Paul A. Holton (SBN 313047)
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
zachhutton@paulhastings.com
tuckerpage@paulhastings.com
paulholton@paulhastings.com

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIANA BUSH, on behalf of herself, all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VACO TECHNOLOGY SERVICES, LLC, a Tennessee limited liability company; VACO SAN FRANCISCO, LLC, a Tennessee limited liability company; VACO LAJOLLA, LLC, a Tennessee limited liability company; VACO ORANGE COUNTY, LLC, a California limited liability company; VACO LOS ANGELES, LLC, a Tennessee limited liability company; GOOGLE, INC., a Delaware corporation; and DOES 1 to 50, inclusive,<br><br>Defendants. | No. 5:17-cv-05605-BLF<br><br>**DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE CLASS CLAIMS FROM PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:        November 29, 2018<br>Time:        9:00 a.m.<br>Courtroom:  3<br>Judge:      Hon. Beth Labson Freeman<br><br>Complaint filed:   August 24, 2017<br>Trial date:         None set |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ...................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................................2

I.     INTRODUCTION/SUMMARY OF ARGUMENT...................................................2

II.    PROCEDURAL HISTORY.........................................................................................2

III.   THE COURT SHOULD DISMISS BUSH'S OVERBROAD CLASS CLAIMS .......................4

     A.     Courts Regularly Dismiss Class Claims Under *Twombly*/*Iqbal*, Especially Where Necessary to Prevent Discovery Abuse. .............................................................4

     B.     Bush's Class Claims Remain Implausible and Should Be Dismissed (Again). .................6

     C.     The Court Should Deny Leave to Amend Because Bush Repeatedly Has Failed to Cure the Deficiencies in Her Class Claims by Amendment. ...............................................14

IV.    IN THE ALTERNATIVE, THE COURT SHOULD STRIKE BUSH'S CLASS CLAIMS ........15

     A.     The Court Should Strike Bush's Class Claims for the Same Reasons that the Court Should Dismiss Those Claims. ...................................................................16

     B.     The Court Should Strike All References in the SAC to Tolling.........................................16

V.     CONCLUSION..........................................................................................................17

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*AHMC Healthcare, Inc. v. Superior Court,*
    No. B285655, 2018 WL 3101350 (Cal. Ct. App. June 25, 2018) .....................................10

5

*Aleksick v. 7-Eleven, Inc.,*
    205 Cal. App. 4th 1176 (2012) ......................................................................................13

6

7

*American Pipe & Construction Co. v. Utah,*
    414 U.S. 538 (1974)...............................................................................................16, 17

8

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)......................................................................................... *passim*

9

10

*Barry v. Wells Fargo Home Mortg.,*
    No. 15-cv-04606-BLF, 2017 WL 1133516 (N.D. Cal. Mar. 27, 2017)...........................15

11

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)......................................................................................... *passim*

12

13

*Byrd v. Masonite Corp.,*
    No. EDCV 16-35 JGB (KKx), 2016 WL 756523 (C.D. Cal. Feb. 25, 2016)......................6

14

*China Agritech, Inc. v. Resh,*
    138 S. Ct. 1800 (2018)...........................................................................................16, 17

15

16

*Clemens v. DaimlerChrysler Corp.,*
    534 F.3d 1017 (2008)...................................................................................................17

17

*Cunningham v. Elec. Data Sys. Corp.,*
    579 F. Supp. 2d 538 (S.D.N.Y. 2008)...........................................................................14

18

19

*Curry v. Equilon Enters., LLC,*
    23 Cal. App. 5th 289 (2018) ..........................................................................................7

20

*Dynamex Operations W., Inc. v. Superior Court,*
    4 Cal. 5th 903 (2018) ....................................................................................................7

21

22

*Edwards v. Oportun, Inc.,*
    193 F. Supp. 3d 1096 (N.D. Cal. 2016) ........................................................................15

23

*E.E.O.C. v. KB Staffing, LLC,*
    No. 8:16-cv-01088-JDW-MAP, 2017 WL 1030527 (M.D. Fla. Mar. 16, 2017) ................6

24

25

*E.E.O.C. v. United Parcel Serv., Inc.,*
    No. 09-cv-5291, 2013 WL 140604 (N.D. Ill. Jan. 11, 2013)............................................6

26

*Eminence Capital, LLC v. Aspeon, Inc.,*
    316 F.3d 1048 (9th Cir. 2003) ......................................................................................14

27

28

**TABLE OF AUTHORITIES**
(cont'd)

Page(s)

*Falk v. Children's Hosp. L.A.*,
  237 Cal. App. 4th 1454 (2015) ...................................................................................17

*Flores v. Starwood Hotels & Resorts Worldwide, Inc.*,
  No. SACV 14-1093 AG (ANx), 2015 WL 12912337 (C.D. Cal. Mar. 16, 2015)................5

*Foman v. Davis*,
  371 U.S. 178 (1962)......................................................................................................14

*Guerrero v. Halliburton Energy Servs., Inc.*,
  No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296 (E.D. Cal. Nov. 2, 2016)......................10

*Harding v. Time Warner, Inc.*,
  No. 09cv1212-WQH-WMc, 2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) ......................10

*Jolly v. Eli Lilly & Co.*,
  44 Cal. 3d 1103 (1988) .................................................................................................17

*Jue v. Costco Wholesale Corp.*,
  No. C 10-00033 WHA, 2010 WL 889284 (N.D. Cal. Mar. 11, 2010) ..................................5

*Landers v. Quality Commc'ns, Inc.*,
  771 F.3d 638 (9th Cir. 2015) ........................................................................................11

*Martinez v. Combs*,
  49 Cal. 4th 35 (2010) ..................................................................................................6, 7

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) ..........................................................................................4

*Munoz v. Watsonville Cmty. Hosp.*,
  No. 15-cv-00932-BLF, 2017 WL 363330 (N.D. Cal. Jan. 25, 2017) ...............................15

*Nemcik v. Stevens*,
  No. 16-cv-00322-BLF, 2017 WL 2834120 (N.D. Cal. June 30, 2017) ............................15

*Nicholas v. CMRE Fin. Servs., Inc.*,
  No. 08-4857 (JLL), 2009 WL 1652275 (D.N.J. June 11, 2009).........................................6

*Perez v. Wells Fargo & Co.*,
  75 F. Supp. 3d 1184 (N.D. Cal. 2014) ...........................................................................11

*Ramirez v. Baxter Credit Union*,
  No. 16-cv-03765-SI, 2017 WL 1064991 (N.D. Cal. Mar. 21, 2017) ...............................15

*Rasmussen v. Apple Inc.*,
  27 F. Supp. 3d 1027 (N.D. Cal. 2014) ...........................................................................15

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ...........................................................................15

# TABLE OF AUTHORITIES
## (cont'd)

Page(s)

*Serrano v. Aerotek, Inc.*,
  21 Cal. App. 5th 773 (2018) ..........................................................................................7, 10

*Sidney-Vinstein v. A.H. Robins Co.*,
  697 F.2d 880 (9th Cir. 1983) ...............................................................................................15

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ...............................................................................................5

*Suarez v. Bank of Am. Corp.*,
  No. 18-cv-01202-MEJ, 2018 WL 2431473 (N.D. Cal. May 30, 2018).................................9

*In re Text Messaging Antitrust Litig.*,
  630 F.3d 622 (7th Cir. 2010) .................................................................................................5

**Statutes**

Fed. R. Civ. P.
  8.............................................................................................................................................1
  12(b)(6) ............................................................................................................................1, 16
  12(f).............................................................................................................................1, 15, 16

LEGAL_US_W # 94708361.6

1

### NOTICE OF MOTION AND MOTION

2     To the Clerk of the Court, the parties to this action, and the parties' attorneys of record:

3     PLEASE TAKE NOTICE that on November 29, 2018, at 9:00 a.m., or as soon thereafter as

4  counsel may be heard, in Courtroom 3 of this Court, located at 280 South 1st Street, 5th Floor, San Jose,

5  California 95113, before the Honorable Beth Labson Freeman, defendant Google Inc. ("Google") will

6  and hereby does move to dismiss plaintiff's class claims from the Second Amended Complaint pursuant

7  to Federal Rules of Civil Procedure 8 and 12(b)(6) or, in the alternative, to strike plaintiff's class claims

8  from the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).

9     Specifically, Google moves to dismiss all class claims from the Second Amended Complaint on

10 the ground that under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556

11 U.S. 662 (2009), plaintiff fails to plead sufficient factual matter to state any facially plausible class

12 claims.  Google moves in the alternative to strike from the Second Amended Complaint all class claims

13 on the ground that plaintiff's class definition is so overbroad that she cannot possibly maintain a class

14 action on the facts alleged.  Google also moves in the alternative, should the Court not dismiss or strike

15 all class claims, to strike from the Second Amended Complaint all references to tolling on the ground

16 that tolling is not available.

17    The motion is based on this notice; the accompanying memorandum of points and authorities;

18 the Court's record of this action; all matters of which the Court may take notice; and any such oral or

19 documentary evidence that the Court receives into evidence at the hearing on the motion.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION/SUMMARY OF ARGUMENT**

When the Court granted defendant Google Inc.'s motion to dismiss plaintiff Christiana Bush's First Amended Complaint, it warned Bush that she must "amend significantly in order to proceed with this putative class action, including narrowing the class allegations substantially." (ECF 44 at 5.)  The Court also warned that "failure to cure the deficiencies identified in this Order will result in dismissal of Bush's claims with prejudice." (*Id.* at 28.)  Those warnings have gone unheeded.

Bush brings her Second Amended Complaint on behalf of all persons staffed at Google in hourly or non-exempt positions in California by *any* staffing company; all persons, non-exempt *or* exempt, who worked on the Google Expedition Team anywhere in the United States; and all persons employed by Vaco Technology Services, LLC or various Vaco entities in *any* capacity, regardless of whether they ever were assigned to work at Google.  Bush still supports her broad claims on behalf of this highly disparate class by making allegations unique to her assignment as a Google Expedition Team Lead and adding "and the putative class" after "Plaintiff."  Bush still does not plausibly allege that Google employed everyone in this "putative class."  Bush still refuses to differentiate between "Defendants," leaving Google to guess exactly what it is being accused of.  And Bush still alleges that the "relevant time period" for this action begins in 2011, four years before the filing of a *different* class action, even though the Supreme Court has made clear that tolling is not available.

Just as before, Bush's threadbare, conclusory allegations do not satisfy basic pleading standards and instead only invite discovery abuse.  Google therefore respectfully requests that the Court dismiss or strike Bush's class claims without leave to amend.

**II.    PROCEDURAL HISTORY**

Bush filed her original Complaint in this action on August 24, 2017.  (*See* ECF 1-1 at 5.)  She brought eight causes of action—(1) failure to provide meal periods, (2) failure to provide rest periods, (3) failure to pay hourly and overtime wages, (4) failure to indemnify, (5) failure to provide accurate written wage statements, (6) failure to timely pay all final wages, (7) unfair competition, and (8) failure to pay for all hours worked in violation of the FLSA—on behalf of three classes:

–    Google Staffing Class: "All persons employed directly by Google and/or through any

1    staffing agencies and/or any other third parties who worked in hourly or non-exempt

2    positions in California during the Relevant Time Period."

3    −    Google Expedition Class:  "All persons employed directly by Google and/or through any

4         staffing agencies and/or any other third parties who worked in Google Expedition Team

5         positions in the United States during the Relevant Time Period."

6    −    Vaco Staffing Class:  "All persons employed by any Vaco Entities who worked in hourly

7         or non-exempt positions in California and assigned to work for a third party during the

8         Relevant Time Period."

9    (Compl. ¶ 16.)

10        On October 10, 2017, Google moved to dismiss the Complaint or, in the alternative, strike class

11   allegations.  (ECF 16.)  In response, Bush filed a First Amended Complaint ("FAC") on October 31,

12   2017.  (ECF 20.)  The FAC brought the same eight causes of actions as well as a ninth cause of action

13   for civil penalties under the Labor Code Private Attorneys General Act of 2004 ("PAGA").  Bush

14   revised the Google Staffing Class definition to read, "All persons employed by Google through any

15   staffing agencies and/or any other third parties who worked in hourly or non-exempt positions in

16   California during the Relevant Time Period"; left the Google Expedition Class definition unchanged;

17   and deleted the Vaco Staffing Class.  (*Id.* ¶ 17.)  Bush also added factual allegations pertaining to her

18   own assignment as a Google Expedition Team Lead.  (*Compare* FAC ¶¶ 25-31, *with* Compl. ¶¶ 24-27.)

19        On November 14, 2017, Google filed a motion to dismiss the FAC or, in the alternative, strike

20   class and representative allegations.  (ECF 21.)  On May 2, 2018, the Court granted Google's motion to

21   dismiss, with leave to amend as to the first eight causes of action and without leave to amend as to the

22   PAGA claim.  The Court agreed with Google that "the allegations in the FAC beg discovery abuse";

23   indicated that it would require Bush "to amend significantly in order to proceed with this putative class

24   action, including narrowing the class allegations substantially"; and indicated that it would "consider

25   striking class allegations prior to opening discovery to the extent that they remain overly broad after

26   amendment."  (ECF 44 at 5, 11.)

27        On May 23, 2018, Bush filed her Second Amended Complaint ("SAC"), the complaint now at

28   issue.  (ECF 47.)  The SAC brings the same eight causes of action as the original Complaint.  The SAC

differs from the FAC only in the following principal respects:

–     The SAC removes "and/or any other third parties" from the Google Staffing Class and Google Expedition Class definitions but *adds* a Vaco Class, defined as "All persons directly employed by Vaco Entities who worked in hourly or non-exempt positions in California during the Relevant Time Period," which is substantially similar to the Vaco Staffing Class in the original Complaint. (*Compare* SAC ¶ 17, *with* Compl. ¶ 16.) The Google Staffing Class still encompasses every individual staffed at Google in hourly or non-exempt positions in California by any staffing company, regardless of the entity that employed them, the circumstances of their assignment, the tasks they performed, or the areas of Google in which they worked.

–     The SAC adds allegations that Google was *Bush's* joint employer. (SAC ¶¶ 25-31.) However, Bush alleges no facts about other individuals in her proposed class consisting of all individuals assigned by *any* staffing company on *any* assignment.

–     The SAC removes the allegation that *all* putative class members were misclassified as exempt, but continues to allege that all Google Expedition Class members (not limited to persons with assignments similar to Bush's) were misclassified. (*Id.* ¶¶ 37-39.)

–     The SAC adds allegations regarding why *Bush* was denied compliant meal and rest periods as a Google Expedition Team Lead. (*Id.* ¶¶ 40-47, 50-51, 54-56.) Again, Bush alleges no facts pertaining to others in her highly disparate putative classes.

## III.     THE COURT SHOULD DISMISS BUSH'S OVERBROAD CLASS CLAIMS

### A.     Courts Regularly Dismiss Class Claims Under *Twombly*/*Iqbal*, Especially Where Necessary to Prevent Discovery Abuse.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations in the complaint must be "plausible, not merely possible." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009).

1    This rule is designed to prevent discovery abuse. *See Twombly*, 550 U.S. at 559 ("It is no answer

2    to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in

3    the discovery process through 'careful case management,' given the common lament that the success of

4    judicial supervision in checking discovery abuse has been on the modest side." (citation omitted)); *Starr*

5    *v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[T]he factual allegations that are taken as true must

6    plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be

7    subjected to the expense of discovery and continued litigation."); *In re Text Messaging Antitrust Litig.*,

8    630 F.3d 622, 625 (7th Cir. 2010) ("*Twombly* . . . is designed to spare defendants the expense of

9    responding to bulky, burdensome discovery unless the complaint provides enough information to enable

10   an inference that the suit has sufficient merit to warrant putting the defendant to the burden of

11   responding to at least a limited discovery demand.").  Post-pleadings discovery controls are no answer.

12   *Iqbal*, 556 U.S. at 684-85 ("[T]he question presented by a motion to dismiss a complaint for insufficient

13   pleadings does not turn on the controls placed upon the discovery process.").

14   It is in cases like this one—putative class actions that promise costly, time-consuming class

15   discovery that may require significant judicial supervision—that the Supreme Court's concerns about

16   discovery abuse have the most force.  Indeed, as one judge in the Northern District of California has

17   explained:  "[C]lass certification discovery is not a substitute to the pleading requirements of Rule 8 and

18   *Twombly*.  Class allegations must [be] supported by sufficient factual allegations demonstrating that the

19   class device is appropriate and discovery on class certification is warranted."  *Jue v. Costco Wholesale*

20   *Corp.*, No. C 10-00033 WHA, 2010 WL 889284, at *6 (N.D. Cal. Mar. 11, 2010) (Alsup, J.).

21   For this reason, numerous district courts in the Ninth Circuit and elsewhere have dismissed class

22   claims at the pleadings stage.  In *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, No. SACV 14-

23   1093 AG (ANx), 2015 WL 12912337 (C.D. Cal. Mar. 16, 2015), for example, the court held that the

24   plaintiffs' class allegations were insufficient, rejected the plaintiffs' argument that they were entitled to

25   class discovery regardless, and granted the defendant's motion to dismiss the class claims. *Id.* at *4.

26   The court explained that "if a class action complaint could survive a motion to dismiss based merely on

27   the need for class discovery, then many, if not all, class action complaints would have expansive class

28   allegations and definitions to permit a fishing expedition during discovery." *Id.*

-5-

1    Other cases are in accord.  *See, e.g.*, *E.E.O.C. v. KB Staffing, LLC*, No. 8:16-cv-01088-JDW-

2    MAP, 2017 WL 1030527, at *2-3 (M.D. Fla. Mar. 16, 2017) (dismissing class claim on ground that

3    plaintiff "fails to allege 'enough facts to state a claim to relief that is plausible on its face' on behalf of

4    the purported class members"); *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKx), 2016 WL

5    756523, at *4 (C.D. Cal. Feb. 25, 2016) (dismissing class claims on ground that "[p]laintiff alleges no

6    facts to demonstrate or even suggest that any member of the putative class had similar work

7    experiences" to his own); *E.E.O.C. v. United Parcel Serv., Inc.*, No. 09-cv-5291, 2013 WL 140604, at

8    *6 (N.D. Ill. Jan. 11, 2013) (holding that while "*Iqbal* and *Twombly* do not require plaintiffs . . . to plead

9    detailed factual allegations supporting the individual claims of every potential member of a class,"

10   plaintiffs still must "'plead[] factual content that allows the court to draw the reasonable inference'" that

11   the defendant violated the law "as to the unidentified individuals" (second alteration in original)

12   (quoting *Iqbal*, 556 U.S. at 678)); *Nicholas v. CMRE Fin. Servs., Inc.*, No. 08-4857 (JLL), 2009 WL

13   1652275, at *4 (D.N.J. June 11, 2009) ("After *Twombly*, courts in this circuit have found that class

14   allegations must also comply with Rule 8(a) in order to proceed to class discovery.").

### B.    Bush's Class Claims Remain Implausible and Should Be Dismissed (Again).

16   Bush's class claims fail to rise from "merely possible" to "plausible" for multiple reasons—at

17   least three of which the Court expressly identified in its Order dismissing the FAC.

18   *First*, Bush must establish that Google employed her and the putative class.  (*See* ECF 44 at 10

19   ("It is also key to Bush's claims that she plausibly alleges which company (or companies) *employed*

20   her.").)  Bush now alleges that "Google is a joint employer as Plaintiff and the putative class performed

21   work for Google; and Google exercised control over Plaintiff and the putative class' working conditions

22   even though Vaco Technology Services was the employer of record and paid Plaintiff's wages."  (SAC

23   ¶ 28.)  But this legal conclusion is based on scant factual allegations, applicable at most to a small

24   fraction of "the putative class."  Bush alleges that although the "initial interview" in "the hiring process

25   of workers from staffing agencies such as Plaintiff and the putative class" "is conducted by the Vaco

26   Entities, the subsequent interview is conducted by a Google employee and the ultimate decision whether

27   to hire that worker is made by Google."  (*Id.* ¶ 25.)  None of these allegations is sufficient to establish

28   the existence of a joint employment relationship.  *See Martinez v. Combs*, 49 Cal. 4th 35, 48, 64 (2010)

1   (holding, in joint employment case, that "employ" means "(a) to exercise control over the wages, hours

2   or working conditions, *or* (b) to suffer or permit to work, *or* (c) to engage, thereby creating a common

3   law employment relationship"); *Curry v. Equilon Enters., LLC*, 23 Cal. App. 5th 289, 312-14 (2018)

4   (holding that *Martinez*, not *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903 (2018),

5   supplies test for joint employment).  Furthermore, *none* of Bush's three classes are limited to workers

6   staffed at Google by Vaco.  (*See* SAC ¶ 17.)  Bush also alleges that "Plaintiff was required to undergo a

7   one day orientation conducted by Google as well as attend a one week training program also devised and

8   conducted by Google" (*id.* ¶ 27), and that in her first two roles at Google, Order Operation Audit

9   Specialist and Content Bug Technician, "Plaintiff was under the direction and control of Google and its

10  managers, used Google computers and equipment in the performance of her work duties, and interacted

11  with Google managers on a daily basis" (*id.* ¶¶ 26, 29).  This does not help, because the allegation that

12  "Plaintiff was under the direction and control of Google" is a legal conclusion, and the other allegations

13  apply only to Bush's own experience at Google.  Bush still has alleged no facts that make plausible her

14  claim that Google jointly employed the entire highly disparate "putative class."

15       *Second*, even if Bush's joint employment allegations *were* sufficient, the SAC still throughout

16  refers to "Defendants," without any differentiation as to which company (Google or Vaco) did what.

17  The Court already warned Bush not to do this:  "[N]owhere in the FAC does Plaintiff differentiate

18  between the conduct of Google and that of the Vaco Defendants.  Any amended pleading must address

19  this deficiency in order to provide all Defendants with adequate notice of the claims against them."

20  (ECF 44 at 2 n.2.)  This matters not only because it deprives "Defendants" of adequate notice, but also

21  because under California law, joint employers are not vicariously liable for each other's violations of the

22  Labor Code.  *Serrano v. Aerotek, Inc.*, 21 Cal. App. 5th 773, 782-85 (2018) (rejecting contention that

23  employer is liable for co-employer's failure to provide meal periods; "whether an employer is liable for

24  a co-employer's violations depends on the scope of the employer's own duty under the relevant statutes,

25  not 'principles of agency or joint and several liability'" (quoting *Noe v. Superior Court*, 237 Cal. App.

26  4th 316, 333-34 (2015))).  For example, Bush now alleges that "Plaintiff did not receive her final wages

27  until approximately one to two weeks after her separation."  (SAC ¶ 36.)  But Vaco, not Google, "paid

28  Plaintiff's wages."  (*Id.* ¶ 28.)  Bush alleges no facts showing that, even if Google *were* Bush's joint

1    employer, Google should be held liable for Vaco's alleged failure to pay Bush timely.  The most

2    egregious example is the re-added Vaco Class, which is not limited to workers staffed at Google.  (*Id.*

3    ¶ 17.)  Bush does not explain how Google could be liable for unlawful conduct allegedly experienced

4    by workers staffed by Vaco *at other companies*.

5         *Third*, putting aside Bush's failure to differentiate amongst the "Defendants," Bush still has not

6    alleged sufficient facts to make her claims plausible as to the vast "putative class" on whose behalf she

7    brings them.  The Court previously cautioned:  "Other than Bush's broad allegation that she and all

8    putative class members were misclassified as exempt employees, the FAC is completely devoid of any

9    allegations tying Bush's experience to the thousands of individuals who performed work for Google that

10   are encompassed in the Google Staffing Class and Google Expedition Class."  (ECF 44 at 5.)  The same

11   can be said of the SAC.

12        To begin, although Bush no longer brings her claims on behalf of persons performing services

13   for Google through unidentified "third parties" (*see* ECF 44 at 11), she still brings her claims on behalf

14   of all persons performing services for Google in hourly or nonexempt positions through "*any* staffing

15   agencies" (SAC ¶ 17 (emphasis added)).  But Bush alleges no facts pertaining to—and does not even

16   identify by name—any staffing company other than Vaco.  Each staffing company that places workers at

17   Google in California (there are over 50) has its own timekeeping and payroll systems, employment

18   policies, training, and practices.  Bush does not allege any common practice between them all.  Does

19   *every* staffing company that Google works with have a timekeeping system that rounds meal periods

20   (*id.* ¶ 50), not reimburse for mileage (*id.* ¶ 58), not timely pay final wages (*id.* ¶ 36), and so on?  Bush

21   does not say.  She simply seeks an open-ended fishing expedition into the pay practices of dozens of

22   companies not involved in this lawsuit, which is exactly what *Twombly*/*Iqbal* is designed to prevent.

23        Similarly, Bush has added factual allegations pertaining to her *own* assignment at Google, but

24   she still alleges no facts pertaining to workers on assignments unlike her own.  For example, Bush now

25   alleges that she "and the putative class" "were required to travel to various schools in order to provide

26   education virtual reality tours" using cell phones and "were unable to take their meal periods because

27   they would be required to recharge the phones for the next batch of classes."  (SAC ¶¶ 41, 46.)  But the

28   "putative class" for Bush's meal period claim (first cause of action) consists of all members of the

NOM AND MOT. TO DISMISS OR STRIKE CLASS
CLAIMS FROM SAC; MEM. ISO MOT.
U.S.D.C., N.D. Cal., No. 5:17-cv-05605-BLF

Google Staffing Class and Vaco Class who worked a shift in excess of five hours and all members of the Google Expedition Class who worked in California (*see id.* ¶ 17)—not just workers who, like Bush, traveled to schools to give "education virtual reality tours." "[T]he more plausible inference is that most members of the extremely disparate putative class did not perform the same job functions as Bush" and therefore did not have the same experiences. (ECF 44 at 17.) *See Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018 WL 2431473, at *5 (N.D. Cal. May 30, 2018) (James, Mag. J.) (dismissing claims and noting that "[t]here are also no allegations that putative class members performed duties similar to Plaintiff's"). Bush still has not pled sufficient factual allegations to make her class claims plausible.

Finally, the Google Expedition Class—the *narrowest* of Bush's classes—includes not just workers whose assignments were similar to Bush's, or even workers staffed on the Google Expedition Team through Vaco, or even workers staffed on the Google Expedition Team through *any* staffing company, but *all* persons who worked on the Google Expedition Team, regardless of position, classification as exempt or non-exempt, who employed them, and so on. Bush attempts to sidestep the obvious problem of bringing meal period, rest period, and overtime claims on behalf of exempt employees by alleging, without any supporting facts, that *all* exempt employees who work on the Google Expedition Team (including all employees hired directly by Google or assigned by any staffing company) are misclassified. (SAC ¶¶ 37-38.) Without any supporting facts, this plainly is implausible. Therefore, even though Bush alleges facts pertaining to her own assignment on the Google Expedition Team, even the Google Expedition Class definition is fatally overbroad.

These deficiencies are reason enough to dismiss Bush's class claims. Analyzing each individual cause of action, as Google did in its previous motion to dismiss and does again below, leads to the same conclusion.

### First and Second Causes of Action: Failure to Provide Meal and Rest Periods

In its Order dismissing the FAC, the Court stated: "In the first two causes of action, the FAC contains only conclusory allegations that Bush was entitled to—and that Defendants failed to provide—required meal and rest periods." (ECF 44 at 8.) The same is true of the SAC.

Bush adds no factual allegations to the first or second causes of action themselves. The only new allegations pertaining to meal and rest periods are in paragraphs 40-47, 50-51, and 54-56. As explained

NOM AND MOT. TO DISMISS OR STRIKE CLASS CLAIMS FROM SAC; MEM. ISO MOT. U.S.D.C., N.D. Cal., No. 5:17-cv-05605-BLF

above, however, paragraphs 40-47 do not plausibly pertain to the entire "putative class" (or any defined sub-class) on whose behalf Bush brings the first and second causes of action.  To the contrary, the more plausible inference is that these allegations pertain only to Bush, who provided "education virtual reality tours" at schools as a Google Expedition Team Lead.[1]  (*See* SAC ¶ 41.)  Paragraphs 54-56 incorporate paragraphs 40-46 but contain no factual allegations of their own.  (*See id.* ¶ 54.)

   Bush's new allegations that "Defendants round meal periods to the nearest quarter hour" and that "Defendants had a policy of automatically deducting thirty minutes from Plaintiff's paycheck for meal periods, regardless of whether Plaintiff took a meal period or not" (SAC ¶¶ 50-51) do not save her class claims.  As elsewhere in the SAC, Bush nowhere explains which "Defendant" allegedly rounded her meal periods or automatically deducted thirty minutes from her paycheck for meal periods.  Because Vaco paid Bush's wages and employed her (*id.* ¶ 28), the most plausible inference is that the relevant "Defendant" here is not Google.  And as elsewhere in the SAC, Bush nowhere explains why Google would be liable for the alleged conduct of another "Defendant."  *See Serrano*, 21 Cal. App. 5th at 782-85 (no vicarious liability for joint employers).  In any event, neither rounding nor auto-deducting establishes that putative class members did not actually take 30-minute meal periods, so Bush's meal and rest period allegations still rest on her other, insufficient allegations.  *See AHMC Healthcare, Inc. v. Superior Court*, No. B285655, 2018 WL 3101350, at *2, *8 (Cal. Ct. App. June 25, 2018) (holding that "policy that rounds employees' time clock swipes up or down to the nearest quarter hour" was lawful; rounding is unlawful only if it "systematically undercompensate[s] employees over time"); *Harding v. Time Warner, Inc.*, No. 09cv1212-WQH-WMc, 2009 WL 2575898, at *3-4 (S.D. Cal. Aug. 18, 2009) (dismissing meal period and other claims based on "bare factual allegation of a practice of 'rounding' of reported time worked to the nearest 15 minutes" for failure to state claim); *Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296, at *4 (E.D. Cal. Nov. 2, 2016) (dismissing meal period claim for failure to state claim where plaintiff alleged that "due to Defendant's

---

[1]   Bush's allegations in paragraphs 40-47 do not plausibly pertain to the entire Google Expedition California Sub-Class (all Google Expedition Class members who worked in California), because that sub-class extends far beyond persons with assignments like Bush's.  The Google Expedition California Sub-Class would encompass, for example, Google executives and managers who work on the Google Expedition Team but do not themselves provide "education virtual reality tours" at schools.

1   auto-deduct policy, he is owed wages for time spent working during meal periods every day he worked

2   for Defendant over the past four years from the date of filing the Complaint," but failed to "provid[e]

3   details as to one specific workweek when this occurred").

4          In sum, Bush's new allegations in the SAC do not remedy the deficiencies that previously led the

5   Court to dismiss her first and second causes of action.

6                    *Third Cause of Action: Failure to Pay Hourly and Overtime Wages*

7          Bush's third cause of action likewise fails for the same reasons as in the FAC.

8          First, Bush still has not pled facts raising a plausible inference that "a calendar week or particular

9   instance where she was denied overtime wages" "actually occurred."  (ECF 44 at 15.)  In fact, none of

10  the changes Bush has made in the SAC affect her third cause of action.  The third cause of action itself

11  contains no substantive changes from the FAC, and nowhere else in the SAC has Bush alleged any facts

12  about the hours that she or anyone else worked.  Accordingly, Bush's third cause of action still fails

13  under *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), *as amended* (Jan. 26,

14  2015).  *See Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1191 (N.D. Cal. 2014) ("Under *Landers*,

15  allegations such as those asserted in the FAC—that certain plaintiffs 'regularly' or 'regularly and

16  consistently' worked more than 40 hours per week—fall short of the *Twombly*/*Iqbal* standard and are

17  thus insufficient to state a claim for denial of overtime compensation.").

18         Second, Bush's claims remain contradictory.  (*See* ECF 44 at 15.)  Bush still alleges in her third

19  cause of action that "[a]t all relevant times, Defendants paid Plaintiff premium wages based on a rate of

20  compensation that did not reflect, among other things, non-discretionary bonuses and/or shift differential

21  pay as required by Labor Code § 226.7(b) and Sections 11 and 12 of the Wage Order on the occasions

22  when Defendants paid her premium wages in lieu of meal and/or rest periods" (SAC ¶ 115), but in her

23  first and second causes of action that "Defendants" "failed to pay premium wages" when class members

24  missed meal periods and rest periods (*id*. ¶¶ 74, 87).  Therefore, Bush's third cause of action remains

25  implausible in light of the contradictory allegations elsewhere in the SAC.

26                           *Fourth Cause of Action: Failure to Indemnify*

27         The Court previously held that Bush's fourth cause of action "lack[ed] a factual basis for her . . .

28  class claims."  (ECF 44 at 16.)  The Court explained that Bush "fail[ed] to plead any facts regarding

Google's 'reimbursement policies and practices' with respect to reimbursing class members who incurred expenses due to gas and mileage or charging cell phones at home," and that "the more plausible inference is that most members of the extremely disparate putative class did not perform the same job functions as Bush and therefore did not incur such expenses." (*Id*. at 17.) This deficiency remains.

Other than removing the allegation that "Defendants reimbursed Plaintiff for mileage expenses at thirty-three (33) cents per mile" (FAC ¶ 103), which contradicted her allegation elsewhere that she was not reimbursed at all, Bush has made no substantive changes to the allegations in the fourth cause of action. As before, plaintiff alleges no factual predicate to make it plausible that every individual who performed services for Google through a staffing agency incurred unreimbursed business expenses. Likewise, plaintiff does not explain why every individual who performed services for Google in California through any staffing agency during the limitations period and "drove a vehicle for work purposes" (Bush's new definition of the Google Staffing Mileage Reimbursement Sub-Class) would have an expense reimbursement claim that pertains to recharging cell phones. The Court's previous conclusion—that "the more plausible inference is that most members of the extremely disparate putative class did not perform the same job functions as Bush and therefore did not incur such expenses"— applies here with the same force. Accordingly, the class claims in the fourth cause of action in the SAC should be dismissed for the same reason as in the FAC.

### Fifth Cause of Action: Failure to Provide Accurate Written Wage Statements

The Court previously held that the fifth cause of action "is derivative of Bush's claims that Defendants failed to provide her with required meal and rest period premiums and wages for alleged off-the-clock work." (ECF 44 at 17.) Nothing in the SAC changes this conclusion; the only changes that Bush has made to the fifth cause of action are (1) adding the Vaco Wage Statement Penalties Sub-Class to the list of classes on whose behalf the claim is brought, and (2) replacing "his" with "her" in the block quotation of Labor Code section 226(a) so that it now twice reads "her and her" rather than "his and her" (SAC ¶ 127). Thus, the class claims in the fifth cause of action fail for the same reason, and should be dismissed to the same extent, as those in the first, second, and third causes of action.

### Sixth Cause of Action: Failure to Timely Pay All Final Wages

The Court previously dismissed the sixth cause of action (failure to timely pay final wages on

1    termination) because Bush alleged no facts whatsoever to support her claim.  (ECF 44 at 17.)  Bush has

2    added one factual allegation: "On or about November 2015, Plaintiff resigned from her employment

3    with Defendants.  However, Plaintiff did not receive her final wages until approximately one to two

4    weeks after her separation."  (SAC ¶ 36.)  But Bush brings her sixth cause of action on behalf of a far

5    broader group of persons than just herself.  And yet Bush does not allege that any other member of the

6    "putative class" suffered the same alleged failure to timely pay final wages, or that the alleged delay in

7    payment was the result of a policy or practice that might have applied to others.  Accordingly, the sixth

8    cause of action still fails to state any class claims.

9    ***Seventh Cause of Action: Unfair Competition***

10        As in the FAC, plaintiff expressly pleads that her seventh cause of action is derivative of her

11    first, second, third, fourth, and eighth causes of action.  (*See* SAC ¶¶ 148 at 27, 154 at 27-28.)[2]

12    Therefore, Bush fails to state class claims in her seventh cause of action to the same extent as in those

13    causes of action.  *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185 (2012) ("When a statutory

14    claim fails, a derivative UCL claim also fails.").

15    ***Eighth Cause of Action: Failure to Pay for All Hours Worked (FLSA)***

16        Bush makes three changes to the eighth cause of action, but none saves her class claims.

17        *First*, Bush formerly alleged:  "At all material times, the (example: start-end travel time,

18    inspection time, and meeting time described above) is necessarily and directly related to the principal

19    activities of the employee's duties, and thus constitutes compensable time under the FLSA and is subject

20    to the FLSA's overtime requirements."  (FAC ¶ 141 at 25.)  Bush now alleges:  "At all material times,

21    the pay Plaintiff and all similarly situated Google Expedition Class members for all time spent

22    performing their assigned duties such as preparing the cellphones and making sure they are fully

23    charged, providing training to teachers on how to use the equipment, demonstrating use of the virtual

24    reality equipment, all of \which [*sic*] are necessarily and directly related to the principal activities of the

25    employee's duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's

26

27    [2]     Despite being alerted to this in both Google's motion to dismiss the FAC and the Court's Order
dismissing the FAC, the SAC repeats paragraphs 138-148.  For ease of reference, Google additionally

28    provides the page number when referencing these paragraphs.

NOM AND MOT. TO DISMISS OR STRIKE CLASS
CLAIMS FROM SAC; MEM. ISO MOT.
U.S.D.C., N.D. Cal., No. 5:17-cv-05605-BLF

1    overtime requirements."  (SAC ¶ 141 at 29.)  Bush has replaced her incomplete allegation with a

2    nonsensical one.

3         *Second*, Bush formerly alleged:  "At all material times herein, Defendants have violated the

4    FLSA by failing to (explain conduct)."  (FAC ¶ 142 at 25.)  Bush now alleges:  "At all material times

5    herein, Defendants have violated the FLSA by failing to pay Plaintiff and all similarly situated [*sic*] for

6    all hours spent working at the direction and control of Defendants."  (SAC ¶ 142 at 29.)  Bush has

7    replaced her incomplete allegation with a legal conclusion, devoid of factual allegations.

8         *Third*, Bush formerly alleged:  "Defendants have also violated the FLSA by failing to keep

9    required, accurate records of all hours worked by their Google Expedition Class (example: drivers)."

10   (FAC ¶ 144 at 25.)  Bush now alleges:  "Defendants have also violated the FLSA by failing to keep

11   required, accurate records of all hours worked by their Google Expedition Class members."  (SAC ¶ 144

12   at 30.)  But, as Google explained in its motion to dismiss the FAC, there is no private right of action to

13   enforce the FLSA's recordkeeping requirement.  *See Cunningham v. Elec. Data Sys. Corp.*, 579 F. Supp.

14   2d 538, 543 (S.D.N.Y. 2008).

15        Thus, Bush's class claims in the eighth cause of action fail for the same reasons as in the FAC.

16        **C.    The Court Should Deny Leave to Amend Because Bush Repeatedly Has Failed to
              Cure the Deficiencies in Her Class Claims by Amendment.**

17

18        In deciding whether to grant leave to amend, the Court must consider the factors set forth by the

19   Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in

20   *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).  A district court ordinarily must

21   grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith

22   or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the

23   opposing party, and (5) futility of amendment.  *Eminence Capital*, 316 F.3d at 1052.  "[I]t is the

24   consideration of prejudice to the opposing party that carries the greatest weight."  *Id.*  However, a strong

25   showing with respect to one of the other factors may warrant denial of leave to amend.  *Id.*

26        Here, the Court should deny leave to amend under the third and fifth *Foman* factors—repeated

27   failure to cure deficiencies by amendment and futility of amendment.  Bush now has had two

28   opportunities for substantive amendment.  In response to Google's first motion to dismiss (ECF 16),

-14-

1   which explained why Bush's class claims were deficient, Bush amended her complaint as of right (ECF

2   20).  Following the Court's Order dismissing the FAC (ECF 44), which likewise explained why Bush's

3   class claims were deficient, Bush again amended her complaint (ECF 47).  While the class claims in the

4   SAC are slightly narrower than those in the FAC in certain respects (*e.g.*, removing the "third party"

5   allegations), the SAC still suffers from many of the same deficiencies as the original Complaint and the

6   FAC (*e.g.*, lack of factual support for claims on behalf of persons staffed through "any staffing

7   agencies"), and it *adds* an equally problematic class (the overbroad Vaco Class) that appeared in

8   substantially similar form in the original Complaint.

9           In multiple cases, this Court has denied leave to amend where the plaintiff had multiple

10   opportunities for substantive amendment.  *See, e.g.*, *Nemcik v. Stevens*, No. 16-cv-00322-BLF, 2017 WL

11   2834120, at *9 (N.D. Cal. June 30, 2017); *Barry v. Wells Fargo Home Mortg.*, No. 15-cv-04606-BLF,

12   2017 WL 1133516, at *5-6 (N.D. Cal. Mar. 27, 2017); *Munoz v. Watsonville Cmty. Hosp.*, No. 15-cv-

13   00932-BLF, 2017 WL 363330, at *6-7 (N.D. Cal. Jan. 25, 2017).  The Court should do the same here.

14   After two substantive amendments, it is clear that Bush has no intention of significantly narrowing her

15   class claims and no ability to allege sufficient facts to support them under *Twombly*/*Iqbal*.

16   **IV.     IN THE ALTERNATIVE, THE COURT SHOULD STRIKE BUSH'S CLASS CLAIMS**

17           Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an

18   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P.

19   12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that

20   must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  *Sidney-*

21   *Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

22           Class allegations "must at least be plausible"; otherwise, they properly are subject to a motion to

23   strike.  *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1100 (N.D. Cal. 2016) (Laporte, Mag. J.); *see*

24   *also Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (Fogel, J.) ("Where the complaint

25   demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to

26   strike class allegations prior to discovery."); *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1045-46

27   (N.D. Cal. 2014) (Chen, J.) (granting motion to strike class definition in product defect action on ground

28   that it included class members who did not experience product defect); *Ramirez v. Baxter Credit Union*,

1  No. 16-cv-03765-SI, 2017 WL 1064991, at *7-8 (N.D. Cal. Mar. 21, 2017) (Illston, J.) (granting motion

2  to strike class allegations where proposed class period extended beyond limitations period).

3       Here, the Court should strike Bush's class claims for the same reasons and to the same extent as

4  the Court should dismiss those claims.  (*See supra* Part III.)  Moreover, should the Court not dismiss or

5  strike *all* of Bush's class claims, it should strike all references to tolling, which does not apply here.

### A.    The Court Should Strike Bush's Class Claims for the Same Reasons that the Court Should Dismiss Those Claims.

8       In its Order dismissing the FAC, the Court explained: "In the event that Bush continues to pursue

9  claims on behalf of a similarly disparate class without any factual support, the Court will consider

10  striking her class allegations to the extent they remain so overly broad as to invite discovery abuse."

11  (ECF 44 at 25.)   As explained above, Bush indeed "continues to pursue claims on behalf of a similarly

12  disparate class without any factual support."  Accordingly, should the Court choose not to dismiss

13  Bush's class claims under Rule 12(b)(6), the Court should strike Bush's class claims under Rule 12(f)

14  for the same reasons and to the same extent.  (*See supra* Part III.)

### B.    The Court Should Strike All References in the SAC to Tolling.

16       Bush defines the "Relevant Time Period" for her claims, including her class claims, as "the time

17  period beginning four years prior to the filing of the Action until judgment is entered."  (SAC ¶ 16.)  But

18  she defines "Action" not as *this* action, filed on August 24, 2017, but rather as "the suit filed on May 19,

19  2015 with the Stana [sic] Clara County Superior Court, Case No. 2015-1-CV-280846, on behalf of

20  Plaintiff Daniel Trujillo, all others similarly situated against Defendants."  (*Id.* ¶ 15.)  She also alleges

21  that the statute of limitations for her FLSA claim (eighth cause of action) is "three (3) years preceding

22  the filing of this Complaint, plus periods of equitable tolling."  (*Id.* ¶ 146 at 30.)

23       Bush does not explain how *Trujillo* tolls her claims, but Google anticipates that Bush will invoke

24  *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).  "*American Pipe* tolls the statute of

25  limitations during the pendency of a putative class action, allowing unnamed class members to join the

26  action individually or file individual claims if the class fails."  *China Agritech, Inc. v. Resh*, 138 S. Ct.

27  1800, 1804 (2018).  But *American Pipe* does not apply to successive class actions, as the Supreme Court

28  just recently held in *China Agritech*: "*American Pipe* does not permit the maintenance of a follow-on

1   class action past expiration of the statute of limitations." *Id.*   Accordingly, *American Pipe* does not toll

2   the statute of limitations for Bush's FLSA claim.   Nor does it toll the statute of limitations for Bush's

3   state-law claims, because California law is in accord.[3]   In any event, even if *American Pipe* tolling *were*

4   available here (and it is not), Bush's "putative class" is not coterminous with the *Trujillo* class (which

5   was limited to Vaco employees), and could not possibly toll the limitations period for a broader class of

6   individuals employed by other entities.

7        Accordingly, should the Court not dismiss or strike *all* class claims, the Court should strike

8   Bush's definition of "Action," strike "plus periods of equitable tolling" from paragraph 146 (at 30) of

9   the SAC, and rule that *Trujillo* does not extend the statute of limitations in this case.

10  **V.     CONCLUSION**

11       The Second Amended Complaint, like each of Bush's previous complaints, "beg[s] discovery

12  abuse." (ECF 44 at 5.)   Accordingly, Google respectfully requests that the Court dismiss or strike all

13  class claims without leave to amend.

14

15  DATED:  June 27, 2018                         PAUL HASTINGS LLP

16

17                                               By:  /s/  Zachary P. Hutton
                                                        ZACHARY P. HUTTON

18                                               Attorneys for Defendant
                                                 GOOGLE INC.
19

20

21

---

22  [3]     While *American Pipe* applies only to federal question claims, *Clemens v. DaimlerChrysler
    Corp.*, 534 F.3d 1017, 1025 (2008), the California Supreme Court has "repeatedly directed that in the

23  absence of controlling state authority, California courts should utilize the procedures of rule 23 of the
    Federal Rules of Civil Procedure (28 U.S.C.) to ensure fairness in the resolution of class action suits,"

24  *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1119 (1988) (adopting, but declining to apply, *American Pipe*).
    In *Falk v. Children's Hospital Los Angeles*, 237 Cal. App. 4th 1454 (2015), the California Court of

25  Appeal applied *American Pipe* to successive class actions under *Jolly*, but only because it believed that
    the "policy considerations underlying *American Pipe* [were] met" and because "the Ninth Circuit has

26  allowed 'piggybacking' of class actions under certain circumstances." *Id.* at 1466, 1470.  Neither of
    these rationales survives the U.S. Supreme Court's decision in *China Agritech*.  In *China Agritech*, the

27  Court held that "the 'efficiency and economy of litigation' that support tolling of individual claims do
    *not* support maintenance of untimely successive class actions." 138 S. Ct. at 1806 (emphasis added)

28  (citation omitted) (quoting *American Pipe*, 414 U.S. at 553).

NOM AND MOT. TO DISMISS OR STRIKE CLASS
CLAIMS FROM SAC; MEM. ISO MOT.
U.S.D.C., N.D. Cal., No. 5:17-cv-05605-BLF

LEGAL_US_W # 94708361.6