**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTIANA BUSH,<br><br>            Plaintiff,<br><br>     v.<br><br>VACO TECHNOLOGY SERVICES, LLC, et al.,<br><br>            Defendants. | Case No. 17-cv-05605-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re: ECF 50, 51] |

Before the Court are Defendants' Google, LLC ("Google") and Vaco LaJolla, LLC, Vaco Los Angeles, LLC, Vaco Orange County, LLC, Vaco San Francisco, LLC, and Vaco Technology Services, LLC (collectively, "Vaco Defendants" or "Vaco") motions to dismiss the Second Amended Complaint, or in the alternative strike class allegations. ECF 50 ("Google Mot."), 51 ("Vaco Mot."). Both motions primarily challenge Bush's class allegations and claims; however, Vaco Defendants also argue that each of them except Vaco Technology Services, LLC should be dismissed. The Court held a hearing on the motions on November 29, 2018. For the reasons that follow, the motions are GRANTED WITH LEAVE TO AMEND.

## I. BACKGROUND

Much of the relevant background is included in this Court's Order dismissing Bush's First Amended Complaint ("FAC Order"). *See* ECF 44 ("FAC Order"). By way of brief background,[1] Bush was hired by Defendant Vaco Technology Services, LCC ("VTS") as a non-exempt employee and placed at Google beginning in May 2014 and served in several jobs there. Second Amended Complaint ("SAC") ¶¶ 26–29, ECF 47. In September 2015, she was transferred by Google to Google's Expedition Team as an Expedition Team Lead, at which point VTS allegedly

---

[1] The allegations describing Bush's job duties remain largely unchanged between the First and Second Amended Complaints. For clarity, the Court cites the Second Amended Complaint here.

misclassified her as an outside salesperson at the direction of Google, which made her an exempt employee. *Id.* ¶ 30. Her role as Expedition Team Lead required her to spend many hours driving to various schools in Northern California to deliver phones, train teachers on how to use them, and provide students with virtual reality experiences. *See id.* ¶¶ 31–34, 41–46. Because she was classified as an exempt employee, she allegedly did not receive meal or rest periods, was not paid overtime or double-time wages, and was not reimbursed for expenses such as driving her personal vehicle to various job sites and charging approximately seventy-five cellphones at home for use by staff. *Id.* So, Bush alleges that she and others similarly situated were harmed as a result of Defendants' "policy or practice" of violating various Labor Code provisions and the FLSA, including misclassification. *Id.* ¶ 21.

In her First Amended Complaint ("FAC"), Plaintiff brought nine causes of action against Defendants for various wage-and-hour violations and unfair business practices. *See* FAC ¶¶ 47–155, ECF 20. She also sought to represent two proposed classes: a "Google Staffing Class" and a "Google Expedition Class," as well as several sub-classes. *See* FAC ¶ 17. The Google Staffing Class consisted of "[a]ll persons employed by Google through any staffing agencies and/or any other third parties who worked in hourly or non-exempt positions in California during the Relevant Time Period." *Id.* The Google Expedition Class included "[a]ll persons employed directly by Google and/or through any staffing agencies and/or any other third parties who worked in Google Expedition Team positions in the United States during the Relevant Time Period." [2] *Id.*

On May 2, 2018, this Court issued an order granting Google's motion to dismiss the First Amended Complaint. At the hearing on that motion and in the FAC Order, the Court directed Plaintiff to "narrow[] the class allegations substantially" because such broad allegations "beg discovery abuse." *Id.* at 5.

For example, as to Bush's claims for failure to pay meal and rest periods, the Court found "the FAC [was] completely devoid of any allegations tying Bush's experience to the thousands of

---

[2] Bush also proposed a UCL Class that consisted of "[a]ll Google Staffing Class and Google Expedition Class members employed by Defendants in California during the Relevant Time Period." FAC ¶ 17.

individuals who performed work for Google that are encompassed in the Google Staffing Class and Google Expedition Class." *Id.* at 11.  Bush's allegations were in no way limited to individuals in her position as a Google Expedition Team Lead, nor to the Expedition Team more generally.  Likewise, the FAC sought "to include every individual performing services for Google in California through any staffing agency or undefined 'third party,' which could encompass anyone from a temporary worker making minimum wage to consultants and legal counsel earning thousands of dollars per hour." *Id.*  Ultimately, the Court held that the FAC did "not plausibly allege claims on behalf of this overbroad class, or that Bush could somehow represent all of them," so it granted Google's motion and noted it would "consider striking allegations prior to discovery to the extent they remain overbroad." *Id.*

And the Court made similar holdings as to the rest of Bush's claims, in addition to finding the allegations implausible or factually deficient.  For example, on Bush's claim for failure to indemnify, the Court held that Bush "fail[ed] to plead any facts regarding Google's 'reimbursement policies and practices' with respect to reimbursing class members who incurred expenses due to gas and mileage or charging cell phones at home." *Id.* at 17.  The Court ultimately held that "Bush had not alleged sufficient facts to state any claims against Google on an individual or class basis." *Id.* at 25.  The Court concluded by admonishing Plaintiff:  "[T]he Court anticipates that Bush will significantly narrow her class allegations in the Second Amended Complaint.  In the event that Bush continues to pursue claims on behalf of a similarly disparate class without any factual support, the Court will consider striking her class allegations to the extent they remain so overly broad as to invite discovery abuse." *Id.*

In her Second Amended Complaint ("SAC"), Bush brings all of the same causes of action (except for her Private Attorneys General Act claim) and again raises claims on behalf of several proposed classes and sub-classes.  The only change she made to her original two proposed classes was to remove individuals hired through "any other third parties," though her Google Staffing Class still includes "[a]ll persons employed by Google through any staffing agencies who worked in hourly or non-exempt positions in California" and her Google Expedition Class still includes "[a]ll persons employed directly by Google and/or through any staffing agencies who worked in

3

Google Expedition Team positions . . . ." SAC ¶ 17. Remarkably, she has also elected to add a new class, the Vaco Class, which encompasses "[a]ll persons directly employed by Vaco Entities [*i.e.*, Vaco Defendants] who worked in hourly or non-exempt positions in California during the Relevant Time Period," and several sub-classes. *Id.*

Google and the Vaco Defendants each moved to dismiss these class allegations and claims for failing to cure the deficiencies identified in the FAC Order.

## II. DISCUSSION

To say that Bush failed to comply with this Court's clear instructions is an understatement. The Court instructed Bush that her class allegations were far too broad—encompassing individuals who perform myriad disparate jobs at Google either via direct hire or through a staffing agency or some other third party. Bush also failed to allege how her experiences related in any way to *any* of these other individuals' experiences. The SAC fails for these same reasons and more.

Describing the breadth of these class allegations is rather simple. Bush alleges she was staffed by a specific staffing agency (VTS) for a specific company (Google) in a specific job (Expedition Team Leader) that required specific job duties. And these job duties were not run-of-the-mill: Bush was required to travel to various locations, transport phones, train on and demonstrate the functionalities of the phones, and ensure the phones were ready for the next set of demonstrations (including charging the phones at home). *See* SAC ¶¶ 30–35. Bush's class allegations are overbroad at each and every step in this narrowing chain.

Bush's allegations are limited to one staffing agency—VTS. *See* Vaco Mot. at 11–12; Google Mot. at 8. Bush alleges that she was hired by VTS and that VTS was her employer of record and paid her wages. *See* SAC ¶¶ 26, 28. Her class allegations, by contrast, cover everyone employed by Google through "*any* staffing agencies," not just VTS. *See id.* ¶ 17. And her Vaco Class covers certain individuals employed by *any* Vaco Defendant, not just VTS. Her conclusory allegations that Vaco Defendants and Google have the same policies regarding calculating wages or interviewing candidates, *see id.* ¶¶ 25, 50, 51; Vaco Opp. at 12–13, are insufficient to warrant allowing Bush to represent individuals not staffed by VTS, or even to allow Bush to bring claims

4

against Vaco Defendants. As such, Bush's claims against all Vaco Defendants except VTS are DISMISSED WITH LEAVE TO AMEND to add additional allegations warranting inclusion of these entities as Defendants.

Bush's allegations are also limited to her work at a specific company—Google. The Vaco Class is overbroad because it covers employees of Vaco Defendants staffed at *any* company. *See* Vaco Mot. at 10–11; Google Mot. at 7–8. The current allegations do not sufficiently allow for such a broad class definition. Bush's allegations and claims are tailored to her job duties, as discussed below. Conclusory allegations that Vaco Defendants (or VTS) have general policies that they applied to Bush in a particular way does not support an inference that those policies are equally applicable to or were similarly applied to members of the Vaco Class who worked for different companies in different positions. This is especially true when the Court considers that Bush has adequately alleged that Google was Plaintiff's joint employer,[3] *see* SAC ¶¶ 25–28, requiring the Court to infer that Google had some control over the policies used for Plaintiff, but not other members of the Vaco Class, *see, e.g.*, *id.* ¶ 30 ("Vaco Technology Services reclassified Plaintiff as an outside salesperson *at the direction of Google . . . .*" (emphasis added)). To be clear, the Court is not holding that Bush cannot allege a sufficient class of individuals staffed by VTS (or even the Vaco Defendants); instead, the Court simply holds that the SAC does not contain such sufficient allegations.

Bush was also hired at Google in a specific job—Expedition Team Lead. But the Google Staffing Class encompasses all persons employed by Google in *any* hourly or non-exempt positions. *See id.* ¶ 17; Vaco Mot. at 9–10; Google Mot. at 8–9. As the Court noted in its FAC Order, this definition "could encompass anyone from a temporary worker making minimum wage to consultants and legal counsel earning thousands of dollars per hour." FAC Order at 11. The heart of Plaintiff's SAC is that she was misclassified as an exempt employee based on her role as an Expedition Team Lead. Yet she includes no allegations from which this Court could infer that

---

[3] Google argues that Bush's allegations are insufficient to establish a joint employer relationship. *See* Google Mot. at 6–7. Despite recognizing that for her individual claims Bush must sufficiently plead Google was her employer, Google does not move to dismiss her individual claims.

5

her role was comparable in any way to the roles of every other person at Google in non-exempt positions staffed by a staffing agency. At the hearing, Bush argued that the SAC alleges that she performed two other non-exempt jobs at Google. Although that is true, the SAC is devoid of any facts showing missed rest breaks, meal periods, or any other alleged Labor Code or Fair Labor Standards Act violations.

More specifically, her role as Expedition Team Lead required her to perform discrete, unique job duties, which she does not allege that other employees at Google or who were staffed by Vaco Defendants experienced. Indeed, she does not even allege that other employees *on the Expedition Team* had these duties. At most, she conclusorily encapsulates all of the classes in her description of her duties. For example, she alleges that "[p]rior to each class, Plaintiff and the putative class were required to set up equipment that would be utilized by students who participate in virtual reality tours." SAC ¶ 44; *see also, e.g.*, *id.* ¶ 32 ("Plaintiff and the putative class would then drive home . . . ."); *id.* ¶ 35 ("Consequently, as a Google Expedition Team Lead, Plaintiff and the putative class were misclassified . . . ."). It is not plausible to infer that someone staffed as a janitor would have had this task. What's more, she fails to allege even that others *on the Expedition Team* would have had these roles. *See* Google Mot. at 9. Her conclusory allegations that the putative class had similar duties to her are simply implausible. Indeed, she does not allege that *she* faced any of these wage and hour violations when she was in either of her other positions at Google, prior to becoming an Expedition Team Lead. *See* Vaco Mot. at 9–10.

Bush's only other allegations connecting any of these individuals speak to alleged policies that "Defendants" followed with respect to their employees. *See, e.g.*, *id.* ¶ 73 ("Defendants maintained a policy or practice of not providing Plaintiff and [certain classes and sub-classes] with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period . . . ."); *id.* ¶ 88 ("Defendants written policies do not provide that employees may take a rest break for each four hours worked, or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable."). Without more, these cannot possibly sustain such broad class definitions, especially given that she does not even allege what each Defendant was responsible for.

Once the proposed classes are properly narrowed, who's left? At most, on these allegations, Bush might be able to proceed with a putative class of Expedition Team Leads, either staffed by VTS or perhaps staffed directly by Google, though even the latter would be a close call, given that VTS and Google are alleged to have acted in tandem as to Plaintiff. *See* Vaco Mot. at 2 (not challenging the Google Expedition Team to the extent it is limited to "team leads"). But Plaintiff does not allege such a class. Thus, all of her class allegations are DISMISSED WITH LEAVE TO AMEND.[4]

The Court means what it says this time: Failure to cure these deficiencies will lead the Court to strike permanently Bush's class allegations from her pleading. The Court fully recognizes that dismissing or striking class allegations at the pleading stage is rare. *See, e.g.*, *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007). But given the breadth of discovery these class allegations invite, the Court believes these class allegations, which lack any plausible basis, are the rare case warranting dismissal. *See Ovieda v. Sodexo Operations, LLC*, No. 12-1750-GHK, 2012 WL 1627237, *10–*11 (C.D. Cal. May 7, 2012) ("Plaintiff alleges no facts to demonstrate or even suggest that any member of the putative class had similar work experiences."); *cf. Jue v. Costco Wholesale Corp.*, No. 10-CV-00033-WHA, 2010 WL 889284, at *6 (N.D. Cal. Mar. 11, 2010) ("[C]lass certification discovery is not a substitute to the pleading requirements of Rule 8 and *Twombly*. Class allegations must [be] supported by sufficient factual allegations demonstrating that the class device is appropriate and discovery on class certification is warranted.").

## III.  ORDER

For the foregoing reasons, the SAC is DISMISSED WITH LEAVE TO AMEND to narrow the class allegations and allege sufficiently that the non-VTS Vaco Defendants are proper Defendants in this case.

---

[4] Google also argues that references to equitable tolling should be stricken from the SAC. Because the Court dismisses all class claims, this request is DENIED WITHOUT PREJUDICE.

7

**IT IS SO ORDERED.**

Dated: December 3, 2018

_____
BETH LABSON FREEMAN
United States District Judge