**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTIANA BUSH,<br><br>Plaintiff,<br><br>v.<br><br>VACO TECHNOLOGY SERVICES, LLC, et al.,<br><br>Defendants. | Case No. 17-cv-05605-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE CLASS CLAIMS FROM THE FOURTH AMENDED COMPLAINT**<br><br>[Re: ECF 97] |

Plaintiff Christina Bush brings this putative class action against Vaco Technology Services, LLC ("VTS") and Google, LLC ("Google"), alleging various wage and hour violations by both Defendants. The complaint in this case has now undergone three rounds of motions to dismiss and amendment. Now before the Court is Defendants' Motion to Dismiss or, in the Alternative, to Strike Class Claims from the Fourth Amended Complaint. ECF 97. The matter is fully briefed and suitable for decision without oral argument. For the reasons that follow, the Court DENIES Defendants' motion.

**I.  BACKGROUND**

As in prior motions to dismiss, the issue in the instant motion is the scope of Plaintiff's putative classes. The Court has thrice dismissed Plaintiff's class claims on the ground that Plaintiff's factual allegations were insufficient to support claims brought on behalf of broadly-defined classes. *See Bush v. Vaco Tech. Servs., LLC*, No. 17-CV-05605-BLF, 2018 WL 2047807, at *6 (N.D. Cal. May 2, 2018) (order regarding First Amended Complaint); *Bush v. Vaco Tech. Servs., LLC*, No. 17-CV-05605-BLF, 2018 WL 6308193, at *3 (N.D. Cal. Dec. 3, 2018) (order regarding Second Amended Complaint); *Bush v. Vaco Tech. Servs., LLC*, No. 17-CV-05605-BLF, 2019 WL 3290654, at *5 (N.D. Cal. July 22, 2019) (order regarding Third Amended Complaint).

For instance, in the Third Amended Complaint ("TAC"), Plaintiff sought to represent a class of "All persons directly employed by Vaco who worked in hourly or non-exempt positions in California" (the "Vaco Class"). ECF 65 ("TAC") ¶ 13. As the Court repeatedly explained, Plaintiff's allegations of misconduct by Defendants were specific to her experiences and job duties at Google. *See* 2018 WL 6308193 at *3; 2019 WL 3290654 at *5; 2019 WL 3290654 at *5. Plaintiff's allegations that Defendants had the same policies and practices as to class members working at other companies and performing other job duties were conclusory and therefore not plausible. *See, e.g.*, *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (A court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (internal quotation marks and citations omitted).

The Court gave Plaintiff multiple opportunities to allege additional facts supporting her proposed classes. Finally, in its order regarding the Third AC, the Court found that Plaintiff's proposed classes remained too broad, and that further leave to amend the factual allegations would be futile. 2019 WL 3290654 at *5. The Court held that Plaintiff's claims could proceed only on behalf of a narrowed class:

> Plaintiff has sufficiently alleged a putative class (or three distinct classes) of individuals who were employed at Google in each of Plaintiff's three prior roles: Expedition Team Leader, Order Audit Operation Specialist, and Content Bug Technician. As such, Defendants' motions are GRANTED WITH LEAVE TO AMEND for Plaintiff to narrow her class allegations to those encompassing only employees staffed in these three positions.

2019 WL 3290654 at *6.

Plaintiff has now filed the Fourth Amended Complaint ("4AC"). ECF 87 ("4AC"). The 4AC alleges three nationwide classes: (1) the "Google Expedition Class," (2) the "Order Audit Operation Specialist Class," and (3) the "Content Bug Technician Class." *Id.* ¶ 13. The 4AC also alleges four California Sub-Classes: one corresponding to each of the nationwide classes—the "Google Expedition California Sub-Class," the "Order Audit Operation Specialist California Sub-Class, and the "Content Bug Technician California Sub-Class"—and a UCL class combining the other three. *Id.* In her briefing on the instant motion, Plaintiff "withdraws the national classes plead [sic] in the 4th AC as to the Order Audit Operations [sic] Specialist and Content Bug

2

Technician claims." ECF 98 ("Opp.") at 1. Accordingly, the only nationwide class remaining in the 4AC is the Google Expedition Class, which Defendants do not challenge.

## II. DISCUSSION

Defendants' motion concerns only the Order Audit Operation Specialist and Content Bug Technician California Sub-Classes.[1] ECF 97 ("Mot.") at 2. The 4AC defines these classes as follows:

> **Order Audit Operation Specialist California Sub-Class**: All persons employed directly by Google and/or through any staffing agencies (including Vaco) who input data into Google system concerning which movies and television shows to go live in California during the Relevant Time Period.
>
> **Content Bug Technician California Sub-Class**: All persons employed directly by Google and/or through any staffing agencies (including Vaco) who conducted quality assurance for YouTube Live in California during the Relevant Time Period.

4AC ¶ 13. Defendants argue these sub-classes are overbroad for two reasons. First, Defendants object to the inclusion of persons "employed . . . through any staffing agencies." Mot. at 3. According to Defendants, this Court has already ruled that Plaintiff cannot represent individuals hired through staffing agencies other than VTS. *Id.* Second, Defendants contend that Plaintiff's class definitions are "amorphous" and based on "imprecise job duties," and are therefore in contravention of this Court's prior order requiring Plaintiff to narrow these classes to encompass only individuals employed as Order Audit Operation Specialists and Content Bug Technicians, respectively.

As the first argument, Defendants believe this Court has already rejected Plaintiff's attempts to represent individuals hired through staffing agencies other than VTS. Mot. at 3 (citing 2018 WL 6308193 at \*3). It is true that this Court previously dismissed Plaintiff's claims against "all Vaco Defendants except VTS" because Plaintiff's allegations were "limited to one staffing agency—VTS." 2018 WL 6308193 at \*3. In other words, Plaintiff's factual allegations regarding VTS's actions were insufficient to support an inference that staffing agencies other than VTS

---

[1] Defendants' arguments regarding the nationwide Order Audit Operation Specialist and Content Bug Technician Classes are moot, as Plaintiff has withdrawn those classes. *See* Opp. at 1.

3

committed similar violations.

Google, however, may be liable for violations committed against individuals hired through other staffing agencies. As the 4AC makes clear, Plaintiff is pursuing a theory of joint employer liability against Google. 4AC ¶¶ 21-26; *see Johnson v. Serenity Transportation, Inc.*, 141 F. Supp. 3d 974, 994 (N.D. Cal. 2015) (joint employer doctrine available under both the Fair Labor Standards Act and California's labor laws). The joint employer doctrine recognizes that "a worker may be employed by more than one entity at the same time." *Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373, 400 (N.D. Cal. 2012). If that is the case, each of the employers is subject to obligations under the Fair Labor Standards Act and California's labor laws. *See id.*; *Benton v. Telecom Network Specialists, Inc.*, 220 Cal. App. 4th 701, 728 (2013) (explaining that California law "imposes an affirmative obligation on every employer"—i.e., all joint employers— "to authorize and provide legally required meal and rest breaks"). Hence, Google's liability is not necessarily limited to individuals were hired through VTS; it may extend to individuals hired through another staffing agency or directly by Google. The Court therefore DENIES the motion to dismiss or strike the sub-classes to the extent they represent persons "employed . . . through any staffing agencies."

The Court likewise rejects Defendants' second objection. The Court is satisfied that Plaintiff has complied with the Court's instruction to narrow the classes to the three roles Plaintiff held at Google. Although Plaintiff has used job duties rather than job titles to define the sub-classes, the Court believes the sub-classes are sufficiently definite to advance past the pleading stage. Courts have repeatedly allowed classes to be defined by job duties. *See, e.g.*, *Frausto v. Bank of Am., Nat'l Ass'n*, No. 18-CV-01202-LB, 2019 WL 6493983, at \*13 (N.D. Cal. Dec. 3, 2019); *Lewis v. Wells Fargo & Co.*, No. C 08-02670 CW, 2009 WL 1033823, at \*3 (N.D. Cal. Apr. 16, 2009). The proposed class definitions are not "so vague or ambiguous that Defendant[s] cannot reasonably prepare a response" to the 4AC or participate in pre-certification discovery. *Lewis*, 2009 WL 1033823, at \*3*; see also In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007) (denying as premature defendants' motion to dismiss or strike the class allegations on the ground that "a fact-intensive inquiry" is necessary "in order to

determine the scope of each putative subclass"). Through discovery, Plaintiff should further refine the precise job duties and titles of putative class members. Any further objections regarding class definition may then be brought at the class certification stage.

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, to Strike Class Claims from the Fourth Amended Complaint is hereby DENIED.

Dated: February 12, 2020

_____
BETH LABSON FREEMAN
United States District Judge