Shaun Setareh (SBN 204514)
Thomas Segal (SBN 222791)
SETAREH LAW GROUP
9665 Wilshire Boulevard, Suite 430
Beverly Hills, California 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109
shaun@setarehlaw.com
thomas@setarehlaw.com

Attorneys for Plaintiff
CHRISTIANA BUSH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIANA BUSH, on behalf of herself, all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VACO LLC, a Tennessee limited liability company; GOOGLE LLC, a Delaware limited liability company; and DOES 1 to 50, inclusive,<br><br>Defendants. | No. 5:17-cv-05605-BLF<br><br>[SECOND AMENDED PROPOSED] ORDER:<br><br>(1) PRELIMINARILY APPROVING PROPOSED SETTLEMENT;<br><br>(2) CONDITIONALLY CERTIFYING SETTLEMENT CLASSES;<br><br>(3) APPROVING CLASS NOTICE AND RELATED MATERIALS; AND<br><br>(4) SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT<br><br>Date: September 9, 2021<br>Time: 11:00 a.m.<br>Judge: Hon. Beth Labson Freeman<br>Dept.: Courtroom 3<br>280 South 1st St.<br>San Jose, CA 95113<br><br>Complaint filed: August 24, 2017<br>Trial date: None set |

- 1 -

[SECOND AMENDED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL

Plaintiff Christiana Bush's Motion for Preliminary Approval of Class and Collective Action Settlement (the "Motion") came on regularly for hearing before this court on September 9, 2021 at 11:00 a.m.  The Court, having considered the proposed Amended Settlement Agreement (the "Settlement"), attached as Exhibit 1 to the Declaration of Jose Maria D. Patino, Jr. in Support of Plaintiff's Motion for Preliminary Approval Addressing Issues Raised at July 15, 2021 Hearing (Dkt. 129); having considered the Motion, Memorandum of Points and Authorities in support thereof, and supporting declarations filed therewith, and any argument presented at the hearing on the Motion; and good cause appearing, HEREBY ORDERS THE FOLLOWING:

1.  The Court GRANTS preliminary approval of the class and collective action settlement as set forth in the Settlement and finds its terms to be within the range of reasonableness of a settlement that ultimately could be granted approval by the Court at a Final Approval Hearing.  For purposes of the Settlement only, the Court finds that the proposed settlement classes are ascertainable and that there is a sufficiently well-defined community of interest among the members of the settlement classes in questions of law and fact.  Therefore, for settlement purposes only, the Court grants conditional certification of the following settlement classes, which are defined as follows:

   I.  <u>California Class</u>:  All persons employed by Vaco in California, who were assigned to work at Google in any of the roles of Order Audit Operation Specialist, Content Bug Technician, Expedition Associate, and/or Expedition Team Lead, at any time from August 12, 2013 through the date of preliminary court approval of the Settlement.

   II. <u>Expedition FLSA Class</u>: All persons employed by Vaco in the United States, who were assigned to work at Google in the position of Expedition Associate and/or Expedition Team Lead, at any time from August 12, 2014 through the date of preliminary court approval of the Settlement.

2.  The Court conditionally certifies the California Class solely for purposes of Settlement pursuant to Rule 23, Federal Rules of Civil Procedure, and conditionally certifies the Expedition FLSA Class as a collective action solely for purposes of Settlement, pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

///

3.    For purposes of the Settlement, the Court designates Plaintiff Christiana Bush as Class Representative, and designates Shaun Setareh and Thomas Segal of Setareh Law Group as Class Counsel.

4.    The Court designates Phoenix Settlement Administrators as the third-party Settlement Administrator for mailing notices.

5.    The Court approves, as to form and content, the Class Notice Packet which includes: the Notice of Proposed Settlement (Exhibit A to the Settlement), Notice of Estimated Settlement Award (Exhibit B to the Settlement), and, for Expedition FLSA Class Members, the Consent to Join form (Exhibit C to the Settlement).  Exhibits A and B shall be sent to California Class Members and Exhibits A, B, and C shall be sent to Expedition FLSA Class Members.

6.    The Court finds that the forms of notice to the California Class Members and the Expedition FLSA Class Members regarding the pendency of the action and of the Settlement, and the methods of giving notice to Class Members, constitute the best notice practicable under the circumstances, and constitute valid, due, and sufficient notice to all Settlement Class Members.  The form and method of giving notice satisfies the requirements of law and due process.

7.    The Court further approves the procedures for California Class Members to opt out of the Settlement, Expedition FLSA Class Members to opt into the Settlement, and all Class Members to object to the Settlement, as set forth in the Class Notice Packets.

8.    The Court directs the Settlement Administrator to mail the Class Notice Packets to the Class Members in accordance with the terms of the Settlement.

9.    The Notices to Class Members shall provide at least 45 calendar days' notice from the date of initial mailing for California Class Members to opt out of the Settlement, Expedition FLSA Class Members to opt into the Settlement, and all Class Members to object to the Settlement, as set forth in the Class Notice Packets.

10.    Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), not later than ten days after the Parties' joint motion seeking preliminary approval of the Settlement was filed in court, Defendants served upon the Attorney General of the United States and the appropriate state official of each state in which a Class Member resides a notice of the Settlement consisting of: a

1  copy of the pleadings in this action; a notice of the scheduled judicial hearings in this action; copies of the Settlement and Class Notice Packets; and the names of Class Members who reside in each state and the estimated proportionate share of the Class Members in each state compared to the entire Settlement. The notice of Settlement also invited comment on the Settlement. Accordingly, the Court finds that Defendants have discharged their obligations under CAFA to provide notice to the appropriate federal and state officials.

11. The Final Approval Hearing on the question of whether the Settlement should be finally approved as fair, reasonable, and adequate is scheduled for <u>January 20, 2022 at 9:00 a.m.</u> Counsel for the parties shall file a motion for final approval of the Settlement no later than 30 days before the Final Approval Hearing.

12. At the Final Approval Hearing, the Court will consider: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate for the Classes; (b) whether a judgment granting final approval of the Settlement should be entered; and (c) whether Plaintiff's application for reasonable attorneys' fees, reimbursement of litigation expenses, representative payment to Plaintiff, and settlement administration costs should be granted.

13. The implementation schedule is as follows:

| Event | Date |
| --- | --- |
| Defendants to provide Class Data to Settlement Administrator no later than [30 days after preliminary approval] | October 9, 2021 |
| Settlement Administrator to mail Class Notice Packets to Class Members no later than [15 days after receiving Class Data] | October 22, 2021 |
| Deadline for Plaintiff to file Motion for Attorneys' Fees and Costs [14 days prior to objection submission deadline] | November 22, 2021 |
| Deadline for Class Members to opt out, opt in, or object to, the Settlement, or submit disputes to the Settlement Administrator [45 days after mailing of Class Notice Packets] | December 6, 2021 |
| Deadline for Parties to jointly file Motion for Final Approval of Class Action Settlement [30 days prior to Final Approval Hearing] | December 21, 2021 |
| Deadline to file any other papers related to Final Approval (e.g., responses to objections or to Final Approval Motion) [14 days prior to Final Approval Hearing] | January 6, 2022 |
| Final Approval Hearing | January 20, 2022 at 9:00 a.m. |

14. Pending the Final Approval Hearing, all proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement and this Order, are stayed.

15. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**IT IS SO ORDERED.**

Dated: September 9, 2021

       *[signature]*

The Honorable Beth Labson Freeman
District Court Judge