# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CHRISTIANA BUSH,<br><br>    Plaintiff,<br><br>v.<br><br>VACO LLC, et al.,<br><br>    Defendants. | Case No. 17-cv-05605-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR ATTORNEYS' FEES**<br><br>[Re: ECF No. 136] |

This order addresses Class Counsel's request for attorneys' fees made in connection with the final approval of a class action settlement in this matter. Plaintiff has filed a motion seeking attorneys' fees, costs, an enhancement award, and settlement administrator expenses. ECF No. 136 ("Mot."). A separate order will address final approval of the class action settlement and requests for costs, an enhancement award, and settlement administration expenses. *See* Mot. at 18–19. This order addresses solely the request for attorneys' fees. For the reasons stated below, the request for attorneys' fees is GRANTED IN PART and DENIED IN PART.

In its motion for attorneys' fees, Class Counsel requests $500,000 in fees, representing 33% of the Total Settlement Amount. Mot. at 8–18. The lodestar cross check shows fees for 418.25 hours of attorney time equaling $292,221.25 and a multiplier of 1.71 to equate to the requested 33%. *Id.* at 17. The Court is satisfied that the number of hours expended on the case was reasonable and Class Counsel's hourly rates are in line with fee awards in this District for attorneys of equal experience and quality. But that is not the end of the inquiry.

The Ninth Circuit benchmark for fees is 25%. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Higher awards are often approved for exceptional results. *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995). Although the Classes clearly benefit from

significant payments here, there were no novel issues in the case or exceptional circumstances. The Court further notes that the vast majority of the hours expended were devoted to four motions to dismiss the class allegations. *See* ECF Nos. 44, 60, 85, 103. In each of the first three orders, the Court determined that the alleged class definitions were overly broad and without any factual support. The Court repeatedly admonished Plaintiff that the class definition had to align with the factual allegations regarding Plaintiff's own job duties and assignments. Indeed, the Court determined that the class definitions were "wholly implausible." ECF No. 85 at 1. Finally, after the fourth go-around, the Court allowed the case to proceed on alleged class definitions aligned with Plaintiff's job roles. *See* ECF No. 103. The case settled a few months later. *See* ECF No. 109.

On this procedural record, the Court does not find that an award of 33% is warranted. Although Class Counsel is certainly entitled to enhanced fees in recognition of a good result for the Classes and the risk and contingent nature of the fee arrangement taken by Class Counsel, the Court determines that an award of 28%, or $420,000, is reasonable. A lodestar cross check shows a multiplier equal to 1.44 and a full award for the hours expended at Class Counsel's requested rates.

Accordingly, the request for attorneys' fees is GRANTED IN PART AND DENIED IN PART. Class Counsel are AWARDED $420,000 in attorneys' fees.

Dated: April 26, 2022

_____
BETH LABSON FREEMAN
United States District Judge

2