1   Shaun Setareh (SBN 204514)
    Thomas Segal (SBN 222791)
2   SETAREH LAW GROUP
    9665 Wilshire Boulevard, Suite 430
3   Beverly Hills, California 90212
    Telephone:  (310) 888-7771
4   Facsimile:  (310) 888-0109
    shaun@setarehlaw.com
5   thomas@setarehlaw.com

6   Attorneys for Plaintiff
    CHRISTIANA BUSH
7
    *(additional counsel listed on next page)*
8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  CHRISTIANA BUSH, on behalf of herself, all      No. 5:17-cv-05605-BLF
    others similarly situated,
13                                                  **[PROPOSED] ORDER GRANTING**
                        Plaintiff,                  **JOINT MOTION FOR FINAL**
14                                                  **APPROVAL OF CLASS AND**
                vs.                                 **COLLECTIVE ACTION SETTLEMENT**
15
    VACO TECHNOLOGY SERVICES, LLC, a
16  Tennessee limited liability company; VACO
    SAN FRANCISCO, LLC, a Tennessee limited
17  liability company; VACO LAJOLLA, LLC, a         Date:   April 21, 2022
    Tennessee limited liability company; VACO       Time:   9:00 a.m.
18  ORANGE COUNTY, LLC, a California                 Judge:  Hon. Beth Labson Freeman
    limited liability company; VACO LOS              Dept.:  Courtroom 3
19  ANGELES, LLC, a Tennessee limited liability              280 South First Street, 4th Floor
    company; GOOGLE, INC., a Delaware                        San Jose, CA 95113
20  corporation; and DOES 1 to 50, inclusive,
21                      Defendants.                  Action Filed:      August 24, 2017
                                                     Date of Removal:   September 27, 2017
22                                                   5th Am. Complaint: February 22, 2021
23

24

25

26

27

28

1   Daniel B. Chammas (SBN 204825)
    Min K. Kim (SBN 305884)
2   FORD & HARRISON LLP
    350 South Grand Avenue, Suite 2300
3   Los Angeles, California 90071
    Telephone: (213) 237-2400
4   Facsimile: (213) 237-2401
    dchammas@fordharrison.com
5   mkim@fordharrison.com

6   Attorneys for Defendant
    VACO LLC
7

8   Zachary P. Hutton (SBN 234737)
    Paul A. Holton (SBN 313047)
9   PAUL HASTINGS LLP
    101 California Street, 48th Floor
10  San Francisco, California 94111
    Telephone: (415) 856-7000
11  Facsimile: (415) 856-7100
    zachhutton@paulhastings.com
12  paulholton@paulhastings.com

13  Attorneys for Defendant
    GOOGLE LLC
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

On April 21, 2022, a hearing was held on the joint motion of plaintiff Christiana Bush ("Plaintiff") and defendants Vaco LLC ("Vaco") and Google LLC ("Google") (Vaco and Google are, collectively, "Defendants") for final approval of their class and collective action settlement (the "Settlement").

The parties have submitted their Settlement, which this Court preliminarily approved by its September 9, 2021 order (Dkt. 133) ("Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it, to exclude themselves from its provisions, or to opt into the Settlement.

Having received and considered the Settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court at the hearing before it entered the Preliminary Approval Order and the final approval hearing on April 21, 2022, the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1.      The following persons are hereby certified as class members for the purpose of entering a settlement in this matter:

      I.      The California Class:  All persons employed by Vaco in California who were assigned to work at Google in any of the roles of Order Audit Operation Specialist, Content Bug Technician, Expedition Associate, and/or Expedition Team Lead, at any time from August 12, 2013 through September 9, 2021.

      II.     The Expedition FLSA Class: All persons employed by Vaco in the United States, but outside of California, who were assigned to work at Google in the position of Expedition Associate and/or Expedition Team Lead at any time from August 12, 2014 through September 9, 2021.

2.      The Court certifies the California Class solely for purposes of Settlement pursuant to Rule 23, Federal Rules of Civil Procedure, and certifies the Expedition FLSA Class as a collective action solely for purposes of Settlement, pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

3.     The Court designates Plaintiff Christiana Bush as Class Representative, and designates Shaun Setareh and Thomas Segal of Setareh Law Group as Class Counsel.

4.     Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), not later than ten days after the Parties' joint motion seeking preliminary approval of the Settlement was filed in court, Defendants served upon the Attorney General of the United States and the appropriate state official of each state in which a Class Member resides a notice of the Settlement consisting of: a copy of the pleadings in this action; a notice of the scheduled judicial hearings in this action; copies of the Settlement and Class Notice Packets; and the names of Class Members who reside in each state and the estimated proportionate share of the Class Members in each state compared to the entire Settlement.  The notice of Settlement also invited comment on the Settlement.  Accordingly, the Court finds that Defendants have discharged their obligations under CAFA to provide notice to the appropriate federal and state officials.

5.     Pursuant to the Preliminary Approval Order, a Notice of Proposed Settlement and Final Approval Hearing, and Notice of Estimated Settlement Award were sent to each Class Member by first-class mail.  These papers informed Class Members of the terms of the Settlement, their respective right to receive a Settlement Share, their right to comment on or object to the Settlement, to opt into the Settlement, or to opt out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement.  Adequate periods of time were provided by each of these procedures.  No Class Members objected to the Settlement as part of this notice process or stated an intent to appear at the final approval hearing.

6.     The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members.  The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

7.     For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the proposed classes meet all of the legal requirements for class and collective

action certification, and it is hereby ordered that the California Class is certified solely for purposes of the Settlement pursuant to Rule 23, Federal Rules of Civil Procedure, and the Expedition FLSA Class is certified as a collective action solely for purposes of the Settlement, pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

8.     No objections were raised by any Class Members.

9.     The Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Classes and to each Class Member, that the California Class Members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

10.    The Court finds and determines that the Settlement Shares to be paid to the Participating Class Members (California Class Members who did not timely submit an Exclusion Letter, and Expedition FLSA Class Members who timely submitted a valid Consent to Join Settlement form), as provided for by the Settlement, are fair and reasonable.  The Court hereby gives final approval to and orders the payment of those amounts to be made to the Participating Class Members out of the Net Settlement Amount in accordance with the Settlement.

11.    The Court finds and determines that the fees and expenses of Phoenix Settlement Administrators in administrating the settlement, in the amount of $7,250, are fair and reasonable. The Court hereby gives final approval to and orders that the payment of approximately that amount be paid out of the Total Settlement Amount in accordance with the Settlement.

12.    In addition to any recovery that Plaintiff may receive from the Net Settlement Amount, and in recognition of the Plaintiff's efforts on behalf of the Settlement Class, the Court hereby approves the payment of an incentive award to Plaintiff in the amount of $7,500.  This shall be paid from the Total Settlement Amount.

13.    Pursuant to the authorities and argument presented to the Court, the Court approves the payment of attorneys' fees to Class Counsel in the sum of $420,000, plus costs and expenses in the amount of $15,941.94.  This shall be paid from the Total Settlement Amount.

14.     Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this order and the Settlement.

15.     Upon completion of administration of the settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

16.     The Court finds that in consideration of Plaintiff's awarded Class Representative Payment, Plaintiff's Settlement Share, and the other terms and conditions of the Settlement, as of the date the Settlement becomes Final, except as provided below, Plaintiff releases any and all known and unknown claims against Vaco and Google and any of their present and former parents, subsidiaries and affiliated companies or entities, and their respective officers, directors, employees, partners, members, shareholders and agents, and any other successors, assigns and legal representatives and their related persons and entities (collectively, "Released Parties"), and waives the protection of California Civil Code section 1542.

17.     The Court finds that in consideration for their awarded Settlement Shares, as of the date the Settlement becomes Final, all California Class Members (other than those Class Members who timely and validly elected not to participate in the Settlement) release any and all known and unknown claims against Vaco, Google and the Released Parties based on the facts alleged in the operative complaint, including that from August 12, 2013 through the date on which the Court grants preliminary approval of the Settlement, Defendants failed to provide meal periods; provide rest periods; pay hourly wages; pay overtime compensation; indemnify employees for business expenses; provide accurate itemized wage statements; and pay all wages due to discharged and quitting employees.  The released claims include but are not limited to claims brought under California Labor Code sections 201, 202, 203, 204, 223, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1197.1, 1198, 2802, California Business and Professions Code sections 17200-17208, and the Industrial Welfare Commission Wage Orders.  Such claims include claims for wages, statutory penalties, civil penalties, or other relief under the California Labor Code and any other related state or municipal law, relief from unfair competition under California Business and Professions Code section 17200 et seq.; attorneys' fees and costs; and interest, and waives the protection of

- 6 -

California Civil Code section 1542 with respect to such claims (the "California Class Members' Released Claims").

18.     The Court finds that in consideration for their awarded Settlement Shares, as of the date the Settlement becomes Final, employees who are Expedition FLSA Class Members who timely submitted consent forms to join the Settlement release any and all known and unknown claims against Vaco, Google and the Released Parties that arise out of the allegations that, from August 12, 2014 through the date on which the Court grants preliminary approval of the Settlement, defendants failed to pay for all hours worked; failed to pay overtime wages; and failed to keep accurate records of all hours worked.  The released claims include but are not limited to claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq., and any similar federal, state, municipal or local laws.  Such claims include claims for wages, statutory or civil penalties, liquidated damages, interest, other relief, and claims for attorneys' fees and costs (the "Expedition FLSA Class Members' Released Claims").

19.     The parties are hereby ordered to comply with the terms of the Settlement.

20.     The parties shall bear his, her, its or their own respective attorneys' fees and costs except as otherwise provided in the Settlement and in this Order.

**IT IS SO ORDERED.**

Dated: ____April 26____, 2022

The Honorable Beth Labson Freeman
District Court Judge

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT